# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

_____/

**IMPULSARIA, LLC**
**A Nevada Limited Liability Company**

       **Plaintiff**

v.

**United Distribution Group, LLC, dba United**
**Wholesale Grocery; and Mine Boutique LLC,**
**Both Michigan Limited Liability Companies;**
**Cin-Lan, Inc.;Fashion Designs, Inc.; Executive**
**Art Studio, Inc.; G.K. Convenience Stores, Inc.;**
**Ajit Corporation, And Gur-Zal, Inc., Michigan**
**Corporations**

       **Defendants.**_____/

Case No.: _____

Hon. _____

Barry C. Kane (P45851)
Eric A. Hultman (P72159)
KANE & CO., PLC
Attorney for Plaintiff
29 Pearl St. N.W.
410 Federal Square Building
Grand Rapids, Michigan 49503
(616) 726-5905 (v)
(616) 726-5906 (f)
bkane@kaneplc.com
ehultman@kaneplc.com

_____/

## VERIFIED COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, FALSE DESCRIPTION, UNFAIR COMPETITION, TRADE DRESS INFRINGEMENT; COPYRIGHT INFRINGEMENT AND ANCILLARY STATE CAUSES OF ACTION

      Plaintiff, Impulsaria, LLC, through its attorneys, submits the following as its Complaint

against United Distribution Group, LLC (dba United Wholesale Grocery), Cin-Lan, Inc (dba

Déjà vu Love Boutique), Mine Boutique, LLC, Fashion Designs, Inc., Executive Art Studio, Inc.,

G.K. Convenience Stores, Inc, Ajit Corporation, and Gur-Zal, inc (dba Sunny Mar) (collectively

"Defendants") for violations *inter alia,* of the United States Trademark Act and the United States Copyright Act, as well as ancillary state causes of action:

## THE PARTIES

1.      Plaintiff Impulsaria, LLC (hereinafter "Impulsaria") is a limited liability company organized and existing the under the laws of the State of Nevada with its principal place of business in Grand Rapids, Michigan.

ANSWER:

2.      Defendant United Distribution Group, LLC (hereinafter "United") is a limited liability company organized and existing under the laws of the State of Michigan doing business as United Wholesale Grocery located in Grand Rapids, Michigan.

ANSWER:

3.      Defendant Cin-Lan, Inc. (hereinafter "Cin-Lan") is a for-profit corporation organized and existing under the laws of the State of Michigan, doing business as Déjà Vu Love Boutique at 1000 West Jolly Road, City of Lansing, State of Michigan.

ANSWER:

4.      Defendant Mine Boutique LLC (hereafter "Mine") is a limited liability company organized and existing under the laws of the State of Michigan, doing business as Déjà Vu Love Boutique located at 1336 Ravine Road, City of Kalamazoo, and State of Michigan.

ANSWER:

5.      Defendant Fashion Designs, Inc. (hereafter "Fashion Designs") is a for-profit corporation organized and existing under the laws of the State of Michigan, doing business as Velvet Touch, located at 1819 W Main St, City of Kalamazoo, State of Michigan, within this judicial district.

**ANSWER:**

6.     Defendant Executive Art Studio, Inc. (hereafter "Executive Art") is a for-profit corporation organized and existing under the laws of the State of Michigan, doing business as Velvet Touch located at 1819 W. Main St., City of Kalamazoo, State of Michigan, within this judicial district.

**ANSWER:**

7.     Defendant G. K. Convenience Stores, Inc. (hereafter "G.K.") is a for-profit corporation organized and existing under the laws of the State of Michigan, doing business as the Smoke Hut, located at 3040 Portage Street, City of Kalamazoo, State of Michigan, within this judicial district.

**ANSWER:**

8.     Defendant Ajit Corporation (hereafter "Ajit") is a for-profit corporation, organized and existing under the laws of the State of Michigan, doing business as Laketon Marathon, located at 1121 E. Laketon Street, City of Muskegon, State of Michigan, within this judicial district.

**ANSWER:**

9.     Defendant Gur-Zal, Inc. (hereafter "Gur-Zal") is a for-profit corporation organized and existing under the laws of the State of Michigan, doing business as Sunny Mart, and located at 2906 S. Getty Street, City of Muskegon, State of Michigan, also within this judicial district.

**ANSWER:**

10.     Collectively, United, Cin-Lan, Mine, Fashion, Executive, G.K, Ajit, and Gur-Zal are referred to herein as the Defendants.

**ANSWER:**

## <u>JURISDICTION AND VENUE</u>

11.    The court has jurisdiction over this matters because the complaint concerns matters that arise under the United States Trademark Laws, including but not limited to, trademark infringement, false designation of origin, false description, unfair competition and trade dress infringement arising under Title 15 U.S.C. §§1114, 1116, 1125. The court also has jurisdiction under the United States Copyright Code, namely infringement under Title 17 U.S.C. §§ 101 *et seq.* The court has ancillary jurisdiction to address the state and common law claims asserted herein, including deceptive trade practices in violation of the Michigan Consumer Protection Act, MCL § 445.901 *et seq.*; and Common law trademark, trade dress, and unfair competition.

**ANSWER:**

12.    The district court has original jurisdiction over this civil action pursuant to Title 28 U.S.C. §1338(a).

**ANSWER:**

13.    This Court has related claim jurisdiction over the claims arising under Michigan common law pursuant to 28 U.S.C. §1338(b) and 28 U.S.C. §1367.

**ANSWER:**

14.    This Court has personal jurisdiction over the Defendants because they are formed under the laws of the State of Michigan, and maintain a principal place of business within this judicial district.

**ANSWER:**

15.    Venue is proper in this district under 28 U.S.C. §1391(b) and (c) because a

substantial part of the events giving rise to the claims occurred in this district and the defendants maintain places of business in this district.

**ANSWER:**

## COMMON ALLEGATIONS

### IMPULSARIA'S STIFF NIGHTS® SUPPLEMENT

16.     Since November of 2007, Impulsaria has been the sole source of a dietary supplement sold under the STIFF NIGHTS® brand name. See Exhibit 1.

**ANSWER:**

17.     Since November of 2007, Impulsaria has also been the sole source of the distinctive trade dress of the packaging associated with the STIFF NIGHTS® brand shown in Exhibit 1.

**ANSWER:**

18.     The STIFF NIGHTS trademark and trade dress has been in use in commerce which Congress may regulate continuously since 2007, or has been subject to a non-use exception during that time period, pursuant to Title 35 U.S.C. § 1058 (Section 8 of the Lanham Act).

**ANSWER:**

19.     Impulsaria has been the exclusive user of the STIFF NIGHTS trademark and trade dress described above and best shown in Exhibit 1 of the Verified Complaint since its introduction.

**ANSWER:**

20.     In 2009, Impulsaria was one of the fastest growing dietary supplement providers in the United States.

**ANSWER:**

21.    Impulsaria achieved such growth and recognition through its hard work, investment in research and development and otherwise perfecting its brand name, its distinctive packaging and uniquely expressed artwork.

**ANSWER:**

22.    As a result of its endeavors, Impulsaria created and owns valuable intellectual property, including trademarks, trade dress, and copyright.

**ANSWER:**

23.    In November of 2007, Impulsaria first used the STIFF NIGHTS® brand name in interstate commerce through the sale of the product to convenient stores, health food stores, liquor stores, supermarkets, and other retail outlets.

**ANSWER:**

24.    Impulsaria applied for registration of the STIFF NIGHTS® mark with the United States Patent and Trademark Office ("USPTO") in March of 2008.

**ANSWER:**

25.    The USPTO granted federal registration for the STIFF NIGHTS® mark on May 9, 2009 as Registration No. 3621660. See Exhibit 2.

**ANSWER:**

26.    Since 2007, Impulsaria has used the STIFF NIGHTS® mark prominently on product packaging and in marketing materials including Internet websites.

**ANSWER:**

27.    Impulsaria is also the owner and author of the copyrighted material appearing on the STIFF NIGHTS brand of herbal supplement shown in Exhibit 1 of the Verified Complaint,

having designed the artwork and selected and arranged the text in combination with the artwork to create the distinctive package.

**ANSWER:**

28.　Impulsaria has filed an application with the United States Copyright Office for protection of the copyrightable aspects of the STIFF NIGHTS product, and was assigned application serial no. 1-686567201. Exhibit 10.

**ANSWER:**

29.　From its introduction in 2007 up through June 2010, Impulsaria expended in excess of $650,000.00 U.S. Dollars promoting the brand in trade journals and at trade shows around the country in the product category of herbal male sexual stimulants.

**ANSWER:**

30.　Between its introduction in 2007 and June of 2010, Impulsaria sold in excess of 2,127,315 packages of the STIFF NIGHTS brand herbal supplement accounting for an estimated 80% of the market share for male herbal sexual stimulants.

**ANSWER:**

31.　As a result of substantial advertising and marketing, the STIFF NIGHTS® brand has become an asset of substantial value and is a distinctive indication of the origin and quality of Impulsaria's goods.

**ANSWER:**

32.　Impulsaria has developed significant and valuable goodwill in its mark since first commencing to utilize the mark in interstate commerce on 2007.

**ANSWER:**

33. In October of 2009, Impulsaria was contacted by the United States Food and Drug Administration over concerns about the ingredients in the STIFF NIGHTS product.

**ANSWER:**

34. In June of 2010, Impulsaria informed the Food and Drug Administration that the STIFF NIGHTS product that was alleged to contain a controlled substance was counterfeit product produced by third parties.

**ANSWER:**

35. In August of 2010, in light of the concerns raised by the USFDA, manufacture voluntarily recalled lot numbers of the STIFF NIGHTS herbal supplement produced before June of 2010.

**ANSWER:**

36. Toward that end, and since June of 2010, Impulsaria has not distributed or authorized the manufacture, distribution, or sale of STIFF NIGHTS dietary supplements so as to identify sources of counterfeit STIFF NIGHTS product.

**ANSWER:**

37. Since August of 2010, Impulsaria has conducted its own analysis of the composition of the STIFF NIGHTS product and has recently undertaken efforts to reintroduce the STIFF NIGHTS product back into the marketplace.

**ANSWER:**

38. In the process of reintroducing the STIFF NIGHTS product back into commerce, Impulsaria learned that its former distributors and retail outlets were selling counterfeit versions of the STIFF NIGHTS product obtained from a third party which were identical in brand and

trade dress to the STIFF NIGHTS product previously offered by Impulsaria (hereafter "Counterfeit Stiff Nights" or "CSN").

ANSWER:

## DEFENDANTS CONDUCT

39.     Upon information and belief, Defendants are cash and carry stores selling, offering for sale, and/or distributing products within the state of Michigan.

**ANSWER:**

40.     Upon information and belief, Defendants are obtaining unauthorized and counterfeit STIFF NIGHTS dietary supplements from third parties having a package and external image and language identical to that offered by Impulsaria.  See Exhibits 3 through 9.

**ANSWER:**

41.     Because of the similarity of the marks used by the parties and the related nature of their respective parties' goods, consumers and prospective consumers are likely to be and actually have been deceived, mistaken, and confused as to the source of the STIFF NIGHTS product.

**ANSWER:**

## COUNT I
## INFRINGEMENT OF A FEDERALLY REGISTERED TRADEMARK

42.     Impulsaria re-alleges paragraphs 1 through 41 and incorporates them by reference.

43.     Defendants' sale and distribution of dietary supplements in commerce and bearing the STIFF NIGHTS® trademark is an infringement of Impulsaria's registered trademark in violation of 15 U.S.C. §1114.

**ANSWER:**

44.     Defendant will, if not enjoined by this Court, continue its acts of trademark infringement set forth above, which have caused and will continue to cause Impulsaria immediate and irreparable harm.

**ANSWER:**

45.     Defendants' acts have damaged Impulsaria's business reputation and have impaired and diluted Impulsaria' goodwill in its trademark.

**ANSWER:**

46.     Pursuant to 15 U.S.C. §1116, Impulsaria is entitled to a preliminary and permanent injunction enjoining Defendant, its officers, agents, members, and employees from using the STIFF NIGHTS designation, alone or in combination with other words or in any other imitations of the mark STIFF NIGHTS® in advertising, marketing or sale of any of Defendants' herbal supplements or other related goods.

**ANSWER:**

47.     As a result of Defendants' trademark infringement, Impulsaria has suffered monetary damages.

**ANSWER:**

48.     Pursuant to 15 U.S.C. §1117, Impulsaria is entitled to a judgment for damages not to exceed three times the amount of its actual damages, plus interest and recovery of an amount equal to Defendants' profits derived from Defendants' unlawful and wrongful use of Impulsaria's mark.

**ANSWER:**

<u>**COUNT II**</u>
<u>**FALSE DESIGNATION OF ORIGIN/UNFAIR COMPETITION**</u>

49.     Impulsaria re-alleges paragraphs 1 through 48 and incorporates them by

reference.

50.     Defendants' use of the STIFF NIGHTS® designation in advertising, marketing, distribution and sale of its dietary supplements for its own benefit, in such a fashion as to imitate Impulsaria' trademark, constitutes a violation of 15 U.S.C. §1125(a) on the grounds that it creates a likelihood of confusion among the consuming public, and further on the grounds that such usage induces, or is likely to induce, the consuming public to believe, contrary to facts, that Defendants' product originates from, is produced by, approved by, or otherwise connected in some way with Impulsaria.

**ANSWER:**

51.     Defendants' use of the designation STIFF NIGHTS® constitutes a false designation of origin of its goods or a false description or representation of Defendants' goods in violation of 15 U.S.C. §1125(a).

**ANSWER:**

52.     Defendants' use of the distinctive trade dress of the STIFF NIGHTS® product in advertising, marketing, distribution and sale of dietary supplements for its own benefit, in such a fashion as to imitate Impulsaria' trade dress, constitutes a violation of 15 U.S.C. §1125(a) on the grounds that it creates a likelihood of confusion among the consuming public, and further on the grounds that such usage induces, or is likely to induce, the consuming public to believe, contrary to facts, that Defendants' product originates from, is produced by, approved by, or otherwise connected in some way with Impulsaria.

**ANSWER:**

53.     Defendant will, if not enjoined by this Court, continue its acts of unfair competition by the use of the false designation and false representation set forth above, which

has caused, and will continue to cause, Impulsaria immediate and irreparable harm.

**ANSWER:**

54.      Pursuant to 15 U.S.C. §1116, Impulsaria is entitled to a preliminary and permanent injunction enjoining Defendants, their officers, agents, members, and employees from using the STIFF NIGHTS® designation or trade dress, alone or in combination with other words or in any other imitations of the mark STIFF NIGHTS® brand or trade dress in the advertising, marketing or sale of any of Defendants' dietary supplements or other related goods.

**ANSWER:**

55.      As a result of Defendants' acts of unfair competition, Impulsaria has suffered monetary damages.

**ANSWER:**

56.      Pursuant to 15 U.S.C. §1117, Impulsaria is entitled to a judgment for damages not to exceed three times the amount of its actual damages, plus interest and recovery of an amount equal to Defendants' profits derived from its unfair competition.

**ANSWER:**

## COUNT III
## DEFENDANTS' USE OF CONFUSINGLY SIMILALR TRADE DRESS

57.      Impulsaria re-alleges paragraphs 1 through 56 and incorporates them by reference.

58.      Each of the Defendants is in the business of marketing, distributing, and/or selling dietary supplements, among other things, as part of their business.

**ANSWER:**

59.      Since Impulsaria has withdrawn its STIFF NIGHTS® dietary supplement from the market, Defendants sought out or were approached by third parties to sell and distribute

STIFF NIGHT® counterfeit product without the authority of Impulsaria.

**ANSWER:**

60.     Impulsaria's STIFF NIGHT® trade dress includes:

A.      a sleek, thin bi-fold package having a black background bearing an image of a lightening bolt proximate the left margin, the lightening bolt having a very distinctive pattern extending from the upper edge to the lower edge of the package;

**ANSWER:**

B.      the phrase "REGAIN THE THUNDER" appearing toward the top of the package below the die-cut for hanging the product on hooks, and centered in the field of the package;

**ANSWER:**

C.      the dominant appearance of the trademark STIFF NIGHTS® in a stylized red font centered in the front of the package;

**ANSWER:**

D.      a least one die cut opening below the trademark for accommodating a blister package sandwiched between the front and back sheets of the package;

**ANSWER:**

E.      a red capsule containing the dietary supplement contained within a blister package disposed within the die cut opening;

**ANSWER:**

F.      a red background back panel containing fields of text separated by horizontal white lines to delineate the different fields of text, including a background section appearing at the top followed by information about the supplement, followed by a list of

ingredients, and closed by a section entitled "precautions."

**ANSWER:**

61.     The counterfeit STIFF NIGHTS® dietary supplements are displayed and sold in the same manner as the authorized product including vertical stacking in containers and hung from retail display hooks.

**ANSWER:**

62.     Upon information and belief, the Defendants intentionally and willfully knew they were ordering and selling counterfeit dietary products bearing the STIFF NIGHTS® brand name, as many were customers of Impulsaria or had been approached by Impulsaria prior to the recall of product in March of 2010.

**ANSWER:**

63.     Upon information and belief, the Defendants' use of the infringing trade dress has caused actual confusion among consumers.

**ANSWER:**

64.     Impulsaria has not authorized nor consented to the Defendants use of the infringing trade dress.

**ANSWER:**

65.     Upon information and belief, the Defendants' aforesaid acts are for the purpose of trading upon Impulsaria's goodwill in the STIFF NIGHTS® trade dress and Impulsaria's business reputation, with the intention of creating consumer confusion over the source and origin of Defendants' products and to give them a salability they otherwise would not have.

**ANSWER:**

<u>COUNT IV</u>
<u>COMMON LAW TRADEMARK INFRINGEMENT</u>

66.    Impulsaria re-alleges paragraphs 1 through 65 and incorporates them by reference.

67.    Impulsaria used the STIFF NIGHTS® mark more than three years before Defendants first used it.

**ANSWER:**

68.    Defendants' use of the STIFF NIGHTS® mark infringes upon Impulsaria's ownership and has and will continue to have the effect of causing confusion, mistake, or deception as to the source and origin of Defendants' products and to deceive the public by passing off Defendants' products as being produced, sponsored, or otherwise approved by or connected with Impulsaria.

**ANSWER:**

69.    Defendants' acts have damaged Impulsaria's business reputation and have impaired and diluted Impulsaria's goodwill in its trademark.

**ANSWER:**

70.    Unless enjoined by this Court, Defendant will continue its acts of trademark infringement, thereby deceiving the public and causing Impulsaria immediate and irreparable harm and damage.

**ANSWER:**

71.    Impulsaria is entitled to a preliminary and permanent injunction enjoining Defendant, its officers, agents, members, and employees from using the designation STIFF NIGHTS® alone or in combination with other words or in any other imitations of the mark STIFF NIGHTS® in the advertising, marketing, distribution or sale of any of Defendants'

dietary supplements.

**ANSWER:**

72.     As a result of Defendants' trademark infringement, Impulsaria has suffered monetary damages.

**ANSWER:**

73.     Impulsaria is entitled to a judgment for its actual damages, plus interest and recovery of an amount equal to Defendants' profits derived from unlawful and wrongful use of Impulsaria' mark.

**ANSWER:**

**COUNT V**
**COMMON LAW UNFAIR COMPETITION**

74.     Impulsaria re-alleges paragraphs 1-66 and incorporates them by reference.

75.     The tendency and effect of Defendants' continued use of the STIFF NIGHTS® designation and trade dress, alone or in combination with other words in the advertising, marketing, and sale of its dietary supplements is to cause confusion, mistake, and deception as to the source or origin of Defendants' goods.

**ANSWER:**

76.     Defendants acts have damaged Impulsaria's business reputation and have impaired and diluted Impulsaria' goodwill in its trademark, and constitute common law unfair competition.

**ANSWER:**

77.     Defendants will, if not enjoined by this Court, continue its acts of unfair competition, thereby deceiving and confusing the public and causing Impulsaria immediate and irreparable harm.

16

**ANSWER:**

78.     Impulsaria is entitled to a preliminary and permanent injunction enjoining Defendant, its officers, agents, members, and employees from using the designation STIFF NIGHTS® alone or in combination with other words or in any other imitations of the mark STIFF NIGHTS® in the advertising, marketing, distribution or sale of any of Defendants' dietary supplements.

**ANSWER:**

79.     As a result of Defendants' unfair competition, Impulsaria has suffered monetary damages.

**ANSWER:**

80.     Impulsaria is entitled a judgment for its actual damages, plus interest.

**ANSWER:**

**COUNT VI**
**FEDERAL TRADEMARK DILUTION**

81.     Impulsaria re-alleges paragraphs 1 through 73 and incorporates them by reference.

82.     Impulsaria is recognized as a provider of dietary supplements in the United States and, as such, Impulsaria's STIFF NIGHTS® brand and trade dress has become famous and distinctive through Impulsaria's continuous use of the name and trade dress in connection with the advertising, marketing, distribution and sale of its goods.

**ANSWER:**

83.     Through widespread and favorable public acceptance, Impulsaria's mark and trade dress have gained a reputation as a distinctive indication of the origin and quality of Impulsaria's goods.

**ANSWER:**

84.     Defendants have used and continue to use a confusingly similar brand and trade dress in connection with the advertising, marketing and sale of its dietary supplements.

**ANSWER:**

85.     Impulsaria and Defendants' businesses and goods offered for sale are related.

**ANSWER:**

86.     Defendants' use of the STIFF NIGHTS® mark and trade dress in connection with the advertising, marketing and sale of its dietary supplements has caused and will continue to cause injury to and dilution of the distinctive quality of the STIFF NIGHTS® mark and trade dress in violation of 15 U.S.C. §1125(c).

**ANSWER:**

87.     Impulsaria have demanded that Defendant cease and desist from using the mark but Defendant has failed to comply.

**ANSWER:**

88.     In so doing, Defendant has engaged in the above-described actions willfully, recklessly, wantonly and unlawfully and with the intent to dilute Impulsaria's mark, and with the intent to trade on and benefit from Impulsaria' goodwill and reputation.

**ANSWER:**

89.     As a direct and proximate result of Defendants' conduct, Impulsaria has suffered and continues to suffer irreparable harm, and Impulsaria has no adequate remedy at law if Defendants' actions in this regard are allowed to continue.

**ANSWER:**

90.     Pursuant to 15 U.S.C. §1125(c)(1), Impulsaria is entitled to a preliminary and

permanent injunction enjoining Defendant, their officers, agents, members and employees from using the STIFF NIGHTS® mark or trade dress, or any other colorable imitations of Impulsaria's mark or trade dress in the advertising, marketing or sale of Defendants' dietary supplement.

**ANSWER:**

91.     As a result of Defendants' acts as set forth above, and in addition to the irreparable harm already suffered, Impulsaria has suffered monetary damages.

**ANSWER:**

92.     Pursuant to 15 U.S.C. §§1117 and 1118, Impulsaria is entitled to a judgment for damages not less than three times the amount of its actual damages, plus interest and an amount equal to Defendants' profits derived from its unlawful and wrongful conduct, and an order requiring Defendant to destroy all infringing materials.

**ANSWER:**

**COUNT VII**
**COPYRIGHT INFRINGEMENT**

93.     Impulsaria re-alleges and incorporates paragraphs 1 through 85 herein by reference.

94.     Impulsaria is the owner and author of the text appearing on the front and back of the STIFF NIGHT® dietary supplement packaging.

**ANSWER:**

95.     Impulsaria has filed an application for registration of the expressions and text appearing on the STIFF NIGHTS® dietary supplement with the United States Copyright Office, and claims to have a proprietary right to that expression. See Exhibit 10.

**ANSWER:**

19

96. The selection, arrangement, and content of the text appearing in the alleged infringing packages of the STIFF NIGHTS® product were copied from Impulsaria and are being reproduced and sold by the Defendants.

**ANSWER:**

97. Defendants have violated the exclusive rights of Impulsaria granted and instilled in Impulsaria by sections 106 through 122 of the Copyright Act.

**ANSWER:**

98. Impulsaria alleges the Defendants are infringing upon Impulsaria's exclusive rights under the Copyright Act.

**ANSWER:**

99. Impulsaria has not authorized or otherwise licensed or granted permission for the Defendants to reproduce, copy, display, or sell the infringing text and artwork expressed on the original STIFF NIGHTS® dietary supplement.

**ANSWER:**

100. Defendants infringed the copyrights in Impulsaria's creative works by reproducing, distributing, and/or publicly displaying the works without the proper approval or authorization of Impulsaria.

**ANSWER:**

101. Upon information and belief, the Defendants knew the infringed works belonged to Impulsaria and that they did not have permission to exploit Impulsaria's works.

**ANSWER:**

102. Defendants knew their acts constituted copyright infringement.

**ANSWER:**

103.   Defendants' conduct was willful within the meaning of the Copyright Act.

**ANSWER:**

104.   As a result of their wrongful conduct, Defendants are liable to Impulsaria for copyright infringement pursuant to 17 U.S.C. § 501.

**ANSWER:**

105.   Plaintiff has suffered, and will continue to suffer, substantial losses, including but not limited to damage to its business reputation and goodwill.

**ANSWER:**

106.   Plaintiff is entitled to recover damages, which include its losses and any and all profits Defendants have made as a result of its wrongful conduct.   17 U.S.C. § 504. Alternatively, Plaintiff is entitled to statutory damages under 17 U.S.C. § 504(c).

**ANSWER:**

107.   In addition, because Defendants' infringement was willful, the award of statutory damages should be enhanced in accordance with 17 U.S.C. § 504(c)(2).

**ANSWER:**

108.   Plaintiff is entitled to recover its attorneys' fees and costs of suit pursuant to 17 U.S.C. § 505.

**ANSWER:**

**COUNT VIII**
**MICHIGAN CONSUMER PROTECTION ACT**

109.   Impulsaria re-alleges and incorporates herein by reference the allegations set out in paragraphs 1-108.

110.   The acts outlined above by the defendants have caused a probability of confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services.

**ANSWER:**

111. The defendants acts outlined above constitute deceptive representations or deceptive designations of geographic origin in connection with goods or services.

**ANSWER:**

112. Defendants' actions constitute a representation that the herbal supplement sold under the STIFF NIGHTS brand and trade dress have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities of the original STIFF NIGHTS brand product sold by Impulsaria that they do not have, or that they have sponsorship, approval, status, affiliation, or connection with Impulsaria.

**ANSWER:**

113. Defendants' action constitute a representation that the goods are of a particular standard, quality, or grade, or that goods are of a particular style or model, consistent with the original STIFF NIGHTS product distributed by Impulsaria.

**ANSWER:**

114. All of the above constitute a violation of MCL § 445.901 et seq. as an unfair, unconscionable or deceptive method, act, or practice in the conduct of trade or commerce.

**ANSWER:**

115. Impulsaria is entitled to an injunction in accordance with the principles of equity to prohibit defendants from engaging or is about to engage in a method, act, or practice and is entitled to recover actual damages together with reasonable attorney fees.

**ANSWER:**

**COUNT IX**
**- ATTORNEY'S FEES**

116. Impulsaria re-alleges and incorporates the allegations of paragraphs 1 through 115

by reference.

117.    Defendants' acts and conduct as described above were willful, fraudulent, reckless, or made in bad faith.

**ANSWER:**

118.    As such and pursuant to statute, both federal and under state law, Impulsaria is entitled to receive increases damages up to three times the amount awarded, including attorney's fees in pursuing this action.

**ANSWER:**

## PRAYER FOR RELIEF

1.      WHEREFORE, Impulsaria respectfully requests that the Court enter judgment in its favor and against Defendant a preliminary and permanent injunction enjoining Defendant from

          a.          Using in any manner the designation STIFF NIGHTS or any words of combination of words in the advertising, marketing or sale of Defendants' dietary supplements and related goods;

          b.          Using in any manner any trademark, words, abbreviations, designs, arrangement, or other combinations thereof that would imitate, resemble, or suggest the STIFF NIGHTS® mark;

          c.          Otherwise infringing on Impulsaria' trademark; and

          d.          Unfairly competing with Impulsaria by diluting the distinctiveness of its mark.

2.      Award Impulsaria monetary damages in an amount equal to:

          a.          Three times Impulsaria's actual monetary damages;

b.      Impulsaria's costs and reasonable attorney's fees incurred in bringing this action; and

c.      Defendants' profits attributable to Defendants unlawful and wrongful conduct.

3.      Require the Defendants to provide Impulsaria with an accounting and pay to Impulsaria all profits that Defendants' derived from its acts of infringement and unfair competition in accordance with 15 U.S.C. § 1117(a) and Michigan common law;

4.      Require the Defendants to pay over to Impulsaria all damages incurred by Impulsaria by reason of the Defendants' acts of trade dress infringement and unfair competition in accordance with 15 U.S.C. § 1117(a), and Impulsaria asks that this damages award be trebled in accordance with 15 U.S.C. § 1117(a);

5.      Require the Defendants to pay to Impulsaria the costs of this action, together with reasonable attorneys' fees and disbursements, in accordance with 15 U.S.C. § 1117(a);

6.      Require the Defendants to pay to Impulsaria damages and attorneys' fees in accordance with MCL § 445.911(2);

7.      Require the Defendants to pay to Impulsaria restitution in accordance with the common law of the State of Michigan, for all loss, damage and injury that Impulsaria has sustained as a result of Defendants' activities;

8.      Require Defendants to deliver up for destruction all labels, signs, prints, packages, wrappers, receptacles, advertisements, and infringing product in Defendants' possession, custody or control bearing any trademarks and traded dress, owned by Impulsaria, or other confusingly similar trademarks or trade dress in accordance with 15 U.S.C. § 1118;

9.      Issue a preliminary and permanent injunction enjoining Defendants from:

      A.  Using in any manner the designation STIFF NIGHTS or any words of similar import, or combination of words in advertising, marketing, or sale of Defendants dietary supplements;

      B.  Using in any manner any trademark, words, abbreviations, designs, arrangement or other combinations thereof that would imitate, resemble, or suggest Impulsaria's STIFF NIGHTS brand dietary supplement or packaging;

      C.  Otherwise infringing upon Impulsaria's STIFF NIGHTS brand or packaging; and

      D.  Unfairly competing with Impulsaria by diluting the distinctiveness of its STIFF NIGHTS trademark and trade dress associated with its dietary supplements.

10.    Issue a preliminary and permanent injunction enjoining Defendants from selling, offering for sale, distributing, making, and importing any dietary supplements bearing Impulsaria's trademarks and trade dress, or any mark or trade dress that is confusingly similar;

11.    Require Defendants to give notice to all its suppliers and customers of such injunction; and

12.    Such additional relief as the Court may deem fair and appropriate under the circumstances.

                 Respectfully submitted,

                 KANE & CO., PLC

                 By: /s/ Barry C. Kane
                 Barry C. Kane (P45851)
                 KANE & CO., PLC
                 29 Pearl St. N.W.
                 410 Federal Square Building
                 Grand Rapids, MI 49503
                 Attorney for Plaintiff

## VERIFICATION

I, the undersigned, citizen of the United States and resident of the State of Michigan, have read the foregoing Verified Complaint and declare under penalty of perjury, under the laws of the State of Michigan, that the foregoing is true and correct, or based upon information and belief.

Date: November 16, 2011.

Erb Avore