### UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

_____/

**IMPULSARIA, LLC**
**A Nevada Limited Liability Company**

    **Plaintiff**         **Case No.: 1:11-CV-1220**

**v.**
               **HON. ROBERT HOLMES BELL**

**United Distribution Group, LLC, dba United**
**Wholesale Grocery; Mine Boutique LLC; and**
**Purple Haze II, LLC;**
**all Michigan Limited Liability Companies;**
  and
**Cin-Lan, Inc.; Fashion Designs, Inc.;**
**Executive Art Studio, Inc.; G. K. Convenience**
**Stores, Inc.; Ajit Corporation; Gur-Zal, Inc.;**
**Capital Sales Company; and Yatin**
**Entertainment, Inc.; all Michigan Corporations;**
  and
**Premiere Sales Group; a California corporation;**
  and
**eCRATER; a California company;**
  and
**www.2daydietmaxsupply.com; a Florida company; and**
**Pure Vitamins & Natural Supplements, LLC;**
**a Florida limited liability company;**
  and
**Chicago Import, Inc., and R N International, Inc.;**
**both Illinois Corporations;**
  and
**Karma Global Enterprises, Inc.;**
**Import Warehouse, Inc., and Starco Impex, Inc.;**
**www.thriftywholesaler.com, all Texas companies;**
  and
**Bonanza.com, Inc.; a Washington corporation;**
  and
**Ejuice USA Import Export and Distribution LLC;**
**a Virginia limited liability company;**
  and
**Star Importers and Wholesalers;**
**a Georgia company;**
  and
**S & N Enterprises, Inc. of Virginia; a Virginia corporation;**
  and

**Sunshine Films, Inc., a California corporation**
    and
**E & A Video & Magazine, a New Jersey company**
    and
**Max Distributors, Inc., a New Jersey corporation**
    and
**hM Distributors, a Georgia company**
    and
**CB Distributors, Inc., an Illinois company,**
    and
**GIMIX, Inc., a Florida corporation,**
    and
**Triangle Wholesale, Inc., an Illinois corporation,**
    and
**Capitol News Agency Co., an Illinois corporation,**
    and
**ANRPG LLC, a New Jersey limited liability company, dba Adult**
**Content Factory, New Pandemonium, Forbidden Media,**
**New Release Distributors and aka Adult New Release Preview**
**Guide, LLC, a New Jersey limited liability company,**
    and
**Price Rite Shopping Group, LLC, a New Jersey limited liability company,**
    and
**SLK Distributors, LLC, a Georgia limited liability company,**
    and
**Unique Medium, LLC / One Big Willy, a New York limited liability company,**
    and
**Mistoo Party World, LLC, a Michigan limited liability company**
    and
**Empire Distributors, Inc., an Illinois corporation,**
    and
**Wholesale Products and Entertainment, LLC, a New Jersey limited**
**Liability company,**
    and
**William Sellers, an Alabama resident,**
    and
**Emiliano Vega, Emiliana Vega, Milo Vega,**
**Emilio Vega, Dr. Ken K. Issa, and Rick Hendrick,**
**all Florida Residents,**
    and
**Willy Alejo, a New Jersey resident,**
    and
**Blake King, a New York resident,**
    and
**Rakesh Kumar, a Michigan resident,**
    and
**Anees Dadwani and Ravi Bhatia,**

**both Texas residents,**
     and
**Solomon Holloway, a South Carolina resident,**
     and
**Ulyssee Benson, a Virginia resident,**
     and
**Dimitar Slavov, a California resident,**
     and
**John Does**
        **Defendants.**

_____/

| | |
|---|---|
| Barry C. Kane (P45851)<br>Eric A. Hultman (P72159)<br>**KANE & CO., PLC**<br>Attorney for Plaintiff<br>29 Pearl St. N.W.<br>410 Federal Square Building<br>Grand Rapids, Michigan 49503<br>(616) 726-5905 (v)<br>(616) 726-5906 (f)<br>bkane@kaneplc.com<br>ehultman@kaneplc.com<br><br>Attorney for Plaintiff | Kevin B. Even (P38599)<br>**EVEN & FRANKS, PLLC**<br>900 Third St Ste 204<br>PO Box 629<br>Muskegon, MI  49443<br>(231) 724-4320 (v)<br>(231) 724-4330 (f)<br>kevineven@muskegonlaw.com<br><br>Attorney for Ajit Corporation<br><br>Bradley B. Shafer (P36604)<br>**SHAFER & ASSOCIATES PC**<br>3800 Capitol City Blvd Ste 2<br>Lansing, MI  48906<br>(517) 886-6560 (v)<br>(517) 886-6565 (f)<br>brad@bradshaferlaw.com<br><br>Attorney for Fashion Designs, Inc. and<br>Executive Art Studio, Inc.<br><br>G. Thomas Williams (P53734)<br>**MCGARRY BAIR PC**<br>32 Market Ave SW Ste 500<br>Grand Rapids, MI  49503<br>(616) 742-3500 (v)<br>(616) 742-1010 (f)<br>gtw@mcgarrybair.com<br><br>Attorney for Capital Sales Company |

_____/

3

**THIRD AMENDED
COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF
ORIGIN, FALSE DESCRIPTION, UNFAIR COMPETITION, TRADE DRESS
INFRINGEMENT; COPYRIGHT INFRINGEMENT AND ANCILLARY STATE
CAUSES OF ACTION**

Plaintiff, Impulsaria, LLC, through its attorneys, submits the following as its Third Amended Complaint adding to the list of defendants additional parties not previously identified in the initial, first and second amended complaints.  The parties in the prior complaints are still parties to the action.  This, the third amended complaint, names additional parties (collectively "Defendants") for violations of the United States Trademark Act and the United States Copyright Act, *inter alia,* as well as ancillary state causes of action:

**THE PARTIES**

**THE PLAINTIFF:**

1.      Plaintiff Impulsaria, LLC (hereinafter "Impulsaria") is a limited liability company organized and existing the under the laws of the State of Nevada with its principal place of business in Grand Rapids, Michigan.

**ANSWER:**

**THE DEFENDANTS:**

2.      Defendant United Distribution Group, LLC (hereinafter "United") is a limited liability company organized and existing under the laws of the State of Michigan doing business as United Wholesale Grocery located in Grand Rapids, Michigan.

**ANSWER:**

3.      Defendant Cin-Lan, Inc. (hereinafter "Cin-Lan") is a for-profit corporation organized and existing under the laws of the State of Michigan, doing business as Déjà Vu Love Boutique at 1000 West Jolly Road, City of Lansing, State of Michigan.

4

**ANSWER:**

4.    Defendant Mine Boutique LLC (hereafter "Mine") is a limited liability company organized and existing under the laws of the State of Michigan, doing business as Déjà Vu Love Boutique located at 1336 Ravine Road, City of Kalamazoo, and State of Michigan.

**ANSWER:**

5.    Defendant Fashion Designs, Inc. (hereafter "Fashion Designs") is a for-profit corporation organized and existing under the laws of the State of Michigan, doing business as Velvet Touch, located at 1819 W Main St, City of Kalamazoo, State of Michigan, within this judicial district.

**ANSWER:**

6.    Defendant Executive Art Studio, Inc. (hereafter "Executive Art") is a for-profit corporation organized and existing under the laws of the State of Michigan, doing business as Velvet Touch located at 1819 W. Main St., City of Kalamazoo, State of Michigan, within this judicial district.

**ANSWER:**

7.    Defendant G. K. Convenience Stores, Inc. (hereafter "G.K.") is a for-profit corporation organized and existing under the laws of the State of Michigan, doing business as the Smoke Hut, located at 3040 Portage Street, City of Kalamazoo, State of Michigan, within this judicial district.

**ANSWER:**

8.    Defendant Ajit Corporation (hereafter "Ajit") is a for-profit corporation, organized and existing under the laws of the State of Michigan, doing business as Laketon Marathon, located at 1121 E. Laketon Street, City of Muskegon, State of Michigan, within this judicial district.

**ANSWER:**

9.    Defendant Gur-Zal, Inc. (hereafter "Gur-Zal") is a for-profit corporation organized and existing under the laws of the State of Michigan, doing business as Sunny Mart, and located at 2906 S. Getty Street, City of Muskegon, State of Michigan, also within this judicial district.

**ANSWER:**

10.    Defendant Capital Sales Company (hereafter "Capital") is a for-profit corporation organized and existing under the laws of the State of Michigan having a principal place of business located at 1471 E. Nine Mile Rd., Hazel Park, Michigan 48030.

**ANSWER:**

11.    Capital Sales Company is doing business in this judicial district.

**ANSWER:**

12.    Defendant Chicago Import, Inc. (hereafter "Chicago") is a for-profit corporation organized and existing under the laws of the State of Illinois having a principal place of business located at 3801-11 Lawrence Road, Chicago, Illinois 60625.

**ANSWER:**

13.    Chicago does business in this judicial district.

**ANSWER:**

14.    Defendant R N International, Inc. (hereafter "RN" is a for-profit corporation organized and existing under the laws of the State of Illinois having a principal place of business located at 3909 West Lawrence Avenue, Chicago, Illinois  60625-6211.

**ANSWER:**

15.    RN is doing business within this judicial district.

**ANSWER:**

16.    Defendant Purple Haze (hereafter "Purple Haze"), upon information and belief, is a sole proprietorship doing business at 4236 Kalamazoo Ave., S.E., Grand Rapids, Michigan 49508 and is doing business in this judicial district.

**ANSWER:**

17.    Defendant Yatin Entertainment, Inc. (hereafter "Yatin"), is a corporation organized and existing under the laws of the state of Michigan, having a principal place of business at 2604 Briarwood Ct., Kentwood, MI 49512, and is doing business in this judicial district.

**ANSWER:**

18.    Defendant Karma Global Enterprises, Inc. (hereafter "Karma"), dba EZ Wholesale, is a corporation organized and existing under the laws of the state of Texas, having a principal place of business at 8000 Harwin Drive, Suite 270, Houston, Texas 77036.

**ANSWER:**

19.    Upon information and belief, defendant Karma is the owner and proprietor of an online internet company doing business in this judicial district under the name www.littlegeniedistributors.com, and located at 8000 Harwin Drive, Suite 270, Houston, Texas 77036.

**ANSWER:**

20.    Defendant top5supps.com (hereafter "Top5") upon information and belief is a New York sole proprietorship doing business online in this judicial district under the domain name www.top5supps.com and maintains a principal place of business located at 319 Lafayette St., Unit 179, New York, N.Y.

**ANSWER:**

21.    Defendant  2daydietmaxsupply.com  (hereafter  "2Day")  upon  information  and

belief is a sole proprietorship located at 4325 Johnson Dairy Road, Unit 172, Palm Beach Gardens, Florida 33410, and doing business online in this judicial district.

**ANSWER:**

22.    Defendant Import Warehouse, Inc., (hereafter "IWI") is a corporation organized and existing under the laws of the state of Texas, having a principal place of business located at 11311 Harry Hines Blvd, Suite 201, Dallas, Texas 75229 and is doing business in this judicial district under one or more of the names of Import Warehouse, Inc., Old World Grocery #1, and Old World Grocery #2.

**ANSWER:**

23.    Defendant Premiere Sales Group (hereafter "Premiere") is a corporation organized and existing under the laws of the state of California having a principal place of business located at 21446 Golden Triangle Road, Santa Clarita, California 91350, and doing business in this judicial district.

**ANSWER:**

24.    Defendant Pure Vitamins & Natural Supplements, LLC, dba Natural Vigor-25 (hereafter "Pure Vitamins"), is a limited liability company formed and existing under the laws of the state of Florida, and has a principal place of business located at 1708 E. North Bay, Tampa, Fl 33610.

**ANSWER:**

25.    Upon information and belief, Defendant Pure Vitamins is doing business in this judicial district by introducing product into the stream of commerce that is distributed and sold in this state.

**ANSWER:**

26.    Defendant eCRATER (hereafter "eCRATER") upon information and belief is a

www.ecrater.com and maintains a principal place of business located at 1373 Spectrum, Irvine, California 92618.

**ANSWER:**

27.    Defendant thriftywholesaler.com (hereafter "Thrifty") upon information and belief is a Texas sole proprietorship doing business online in this judicial district under the domain name www.thriftywholesaler.com and maintains a principal place of business located at 8905 Majors Dr., Greenville, Texas 75402.

**ANSWER:**

28.    Defendant Bonanza.com, Inc. (hereafter "Bonanza") upon information and belief is a Washington corporation doing business online in this judicial district under the domain name www.bonanza.com and maintains a principal place of business located at 1780 Barnes Blvd. S.W., Tumwater, Washington 98512.

**ANSWER:**

29.    Defendant Star Importers and Wholesalers (hereafter "Star") is a company existing under the laws of the state of Georgia having a principal place of business located at 2043 Mountain Industrial Blvd., Tucker, Georgia 30084, and doing business in this judicial district.

**ANSWER:**

30.    Defendant Starco. Impex, Inc. upon information and belief is a Texas corporation having a principal place of business located at 2710 S. 11th Street, Beaumont, Texas 77701, and doing business in this judicial district.

**ANSWER:**

31.    Defendant S & N Enterprises, Inc. of Virginia upon information and belief is a

Virginia corporation having a principal place of business located at 4115 Old Hopkins Road, Richmond, Virginia, 23234, and doing business in this judicial district.

**ANSWER:**

32.    Defendant Blake King (hereafter "King"), is an individual residing in New York, and upon information and belief, resides at 319 Lafayette Street, Apartment 179, New York, NY 10012.

**ANSWER:**

33.    Upon information and belief, King is the owner and proprietor of an online Internet company doing business in this judicial district under the name www.top5supps.com (hereafter "Top5"), located at 319 Lafayette St., Unit 179, New York, N.Y.

**ANSWER:**

34.    Defendant Emiliano Vega (hereafter "Vega"), is an individual and upon information and belief, is residing at 8163 Sandpiper Way, West Palm Beach, Florida 33412.

**ANSWER:**

35.    Upon information and belief, Vega is the owner and proprietor of an online Internet company doing business in this judicial district under the name www.2daydietmaxsupply.com and located at 4325 Johnson Dairy Road # 172, Palm Beach Gardens, Florida 33410.

**ANSWER**

36.    Defendant Vega does business in this judicial district under the name Valuemart, offering for sale, selling and shipping products into the state through one or more websites, including but not limited to www.atomicmall.com.

**ANSWER**

37.    Defendant Emiliana Vega (hereafter "Emiliana Vega"), upon information and

belief, is a fictitious name one of Emiliano Vega, a Florida resident identified above, and is the person solely responsible for the business operated under the domain name www.2daydietmaxsupply.com, both of whom do business in this judicial district.

**ANSWER:**

38.    Defendant Milo Vega (hereafter "Milo Vega"), upon information and belief, is a fictitious name one of Emiliano Vega, a Florida resident identified above, and is the person solely responsible for the business operated under the domain name www.2daydietmaxsupply.com, both of whom do business in this judicial district.

**ANSWER:**

39.    Defendant Emilio Vega (hereafter "Emilio Vega"), upon information and belief, is a fictitious name one of Emiliano Vega, a Florida resident identified above, and is the person solely responsible for the business operated under the domain name www.2daydietmaxsupply.com, both of whom do business in this judicial district.

**ANSWER:**

40.    Defendant Ken K. Issa (hereafter "Issa"), upon information and belief, is a resident of the state of Florida, living at 1708 E. North Bay St., Tampa, Florida 33610, and is the person primarily responsible for and acting outside the authority of co-defendant Pure Vitamins, named above.

**ANSWER:**

41.    Defendant Rakesh Kumar (hereafter "Kumar"), upon information and belief, is a resident of the state of Michigan, living at 2604 Briarwood Ct., S.E., Kentwood, MI 49512, and is the person primarily responsible for and acting outside the authority of co-defendant Yatin Entertainment, Inc. named above.

**ANSWER:**

42.    Upon information and belief, Defendant Willy Alejo (hereafter "Alejo") is the owner and proprietor of an online Internet company doing business in this judicial district under the domain name www.levellenatural.com and located at 416 Undercliff Avenue, Apartment 2, Edgewater, New Jersey 07020.

**ANSWER:**

43.    Defendant William Sellers (hereafter "Sellers") is a resident of Alabama, and is the owner and proprietor of Capitol City Trading, a sole proprietorship located at 8 Commerce Street, Suite 1150, Montgomery, Alabama.

**ANSWER:**

44.    Upon information and belief, Sellers is doing business in this judicial district under the domain name www.littlegeniedistributors.com located at 8 Commerce St., Suite 1150, Montgomery, Alabama.

**ANSWER:**

45.    Upon information and belief, Sellers is a resident of Alabama located at P.O. Box 230991, Montgomery, Alabama 36123.

**ANSWER:**

46.    Defendant Anees Dadwani, (hereafter "Dadwani") is a resident of Texas living at 15027 Moss Bridge Lane, Sugar Land, Texas 77498.

**ANSWER**

47.    Upon information and belief, Dadwani is the chief executive officer of Karma Global Enterprises, Inc. and who personally directed business to this judicial district and is subject to both general and specific jurisdiction of this court.

**ANSWER:**

48.    Defendant Ejuice USA Import Export and Distribution LLC (hereafter "EJuice")

is a Virginia limited liability company having a principal place of business located at 3601 Montross Ave., Richmond, VA 23222.

**ANSWER:**

49.    Ejuice is an importer, exporter, and distributor of product doing business in this judicial district online through the Internet on one or more websites, including but not limited to www.atomicmall.com.

**ANSWER:**

50.    Ulyssee Benson (hereafter "Benson"), is a Virginia resident, living at 3601 Montross Ave., Richmond, VA 23222.

**ANSWER:**

51.    Upon information and belief Benson is the president and sole shareholder of co-defendant EJuice who personally directed business into this judicial district and is responsible for the action of EJuice.

**ANSWER:**

52.    Defendant Sunshine Films, Inc. (hereafter "Sunshine"), upon information and belief, is a corporation organized and existing under the laws of California, having a principal place of business located at 7800 Airport Business Parkway, Van Nuys, CA 91406.

**ANSWER:**

53.    Defendant Sunshine is in the wholesale and distributing business selling, among other things, herbal supplements, and introducing those products into the stream of commerce that have been sold and offered for sale within this judicial district, and which is causing harm in this judicial district.

**ANSWER:**

54.    Defendant E & A Video & Magazine, (hereafter "A&E"), upon information and

belief, is a company having a principal place of business located at 11 Robert Street, Nutley, New Jersey.

**ANSWER:**

55.    Defendant E&A is doing business within this judicial district by selling products into this judicial district which are the subject of this action, and which is causing harm in this judicial district.

**ANSWER:**

56.    Defendant Max Distributors, Inc. (hereafter "Max"), upon information and belief, is a New Jersey company having a principal place of business located at 25 Styertowne Road, Clifton, New Jersey, 07012.

**ANSWER:**

57.    Defendant Max is doing business within this judicial district by offering for sale, and selling in this judicial district product which is the subject of this action, and which is causing harm in this judicial district.

**ANSWER:**

58.    Defendant GIMIX, Inc. (hereafter "GIMIX"), is a corporation organized and existing under the laws of the State of Florida, and having a principal place of business located at 4800 Lyons Tech Pkwy #1, Coconut Creek, FL 33073.

**ANSWER:**

59.    Defendant GIMIX is doing business within this judicial district by introducing into the stream of commerce that congress may regulate advertisements in the form of catalogues, and upon information and belief, shipping product into this judicial district which is the subject of this action, and which is causing harm in this judicial district.

**ANSWER:**

60.    Defendant HM Distributors (hereafter "HM"), upon information and belief is a company subject to the laws of the state of Georgia, having a principal place of business located at 7108 Paces Park Drive, Decatur, Georgia 30033.

   **ANSWER:**

61.    Defendant HM is doing business within this judicial district by introducing product which is the subject of this action into the stream of commerce which Congress can regulate, and which is causing harm in this judicial district.

   **ANSWER:**

62.    Defendant CB Distributors, Inc. (hereafter "CB"), upon information and belief is an corporation organized and existing under the laws of the State of Illinois, having a principle place of business located at 2500 Kennedy Drive, Beloit, Wisconsin 53511.

   **ANSWER:**

63.    Defendant CB is doing business in this judicial district by introducing product into the normal stream of commerce which Congress may regulate and is sold and offered for sale in this judicial district, and is causing irreparable injury.

   **ANSWER:**

64.    Defendant Triangle Wholesale (hereafter "Triangle"), upon information aned belief, is a corporation organized and existing under the laws of the State of Illinois, having a principal place of business located at 303 Eisenhower Lane South, Lombard, Illinois  60148.

   **ANSWER:**

65.    Defendant Triangle is doing business in this judicial district by introducing product which is the subject of this action into the normal stream of commerce which is sold and offered for sale in this judicial district, causing irreparable harm.

   **ANSWER:**

66.    Defendant Capitol News Agency Co. (hereafter "Capitol News") is, upon information and belief, a corporation organized and existing under the laws of the State of Illinois, having a principal place of business located at 4508 W. Montrose Ave, Chicago, Illinois 60641, and whose registered agent is Marc Z. Samotny located at 150 South Wacker Drive, Suite 1500, Chicago, Illinois, 60606.

**ANSWER:**

67.    Defendant Capitol News is doing business in this judicial district by introducing product that is the subject of this action into the normal stream of commerce which is sold and offered for sale in this judicial district, causing irreparable harm.

**ANSWER:**

68.    Defendant ANRPG, LLC (hereafter "ANRPG") is, upon information and belief a corporation organized and existing under the laws of the State of New Jersey and having a principal place of business located at 382 Main Street, Hackensack, New Jersey 075601, and whose register agent is Charles M. Radler, Jr., located at 340 North Avenue, Cranford, NJ 07016.

**ANSWER:**

69.    Defendant ANRPG is doing business in this judicial district by introducing product which is the subject of this action into the normal stream of commerce which is sold and offered for sale in this judicial district, causing irreparable harm.

**ANSWER:**

70.    Defendant Price Rite Shopping Group, LLC (hereafter "Price Rite") is, upon information and belief, a limited liability corporation organized and existing under the laws of the state of New Jersey, maintaining a principal place of business located at 3405 Dell Court, Freehold, New Jersey 07728, and having a registered agent for service of process listed as Thomas Ottombrino, located at 3405 Dell Court, Freehold, New Jersey 07728.

**ANSWER:**

71.    Defendant Price Right is doing business in this judicial district by introducing product which is the subject of this action into the normal stream of commerce which is sold and offered for sale in this judicial district, causing irreparable harm.

**ANSWER:**

72.    Defendant Thomas Ottombrino (hereafter "Ottombrino") is upon information and belief the president and sole shareholder of co-Defendant Price Rite, and is the person primarily responsible for the decisions and actions of the company.

**ANSWER:**

73.    Upon information and belief, Defendant Ottombrino knew or should have known that the product that is the subject of this action was counterfeit and that he willfully and intentionally distributed the product into the stream of commerce knowing that it was to be sold and offered for sale in this judicial district.

**ANSWER:**

74.    Defendant SLK Distributors, LLC (hereafter "SLK") is, upon information and belief, a limited liability company organized and existing under the laws of the State of Georgia, maintaining a principal place of business at 113 East Riverbend Drive in Eatonton, Georgia 31024, and having a registered agent for service of process listed at Steven Kent, residing at 113 East Riverbend Drive, Eatonton, Georgia 31024.

**ANSWER:**

75.     Defendant SLK is doing business in this judicial district by introducing product that is the subject of this action into the normal stream of commerce which is sold and offered for sale in this judicial district, causing irreparable harm to the Plaintiff.

**ANSWER:**

76.    Defendant Steven Kent (hereafter "Kent") is upon information and belief, the president and sole shareholder of co-Defendant SLK and is the sole person responsible for the actions of SLK.

**ANSWER:**

77.    Upon information and belief SLK and Kent knew or should have known that the product that is the subject of this action is and was counterfeit.

**ANSWER:**

78.    Defendant Unique Medium LLC (hereafter "Unique") is, upon information and belief, a limited liability company existing and organized under the laws of the State of New York, having a principal place of business located at 2476 Brookshire Drive, Schenectady, New York 12309, whose registered agent for service of process is identified as Jonathan D. Milks located at 661 Salvia Lane, Schenectady, New York 12303.

**ANSWER:**

79.    Defendant Unique is doing business in this judicial district by introducing product that is the subject of this action into the normal stream of commerce which is sold and offered for sale in this judicial district, causing irreparable harm to the Plaintiff.

**ANSWER:**

80.    Defendant Empire Distributors (hereafter "Empire") is, upon information and belief, is a corporation organized and existing under the laws of the State of Illinois, having a principal place of business located at 41020 W. Belmont Ave, Chicago, Illinois 60641, and naming Kanu C Parikh as the agent for service of process, located at 1111 Plaza Drive, # 421, Schaumburg, Illinois 60173.

**ANSWER:**

81.    Defendant Empire is doing business in this judicial district by offering for sale,

**ANSWER:**

82.    Defendant Mistoo Party World, LLC (hereafter "Mistoo") is, upon information and belief, a limited liability company organized and existing under the laws of the State of Michigan, having a principal place of business located at 6476 Independence Drive, Portage, Michigan 49024.

**ANSWER:**

83.    Defendant Mistoo, located in this judicial district, has offered for sale, and is currently offering for sale, the product that is the subject of this action, causing irreparable harm to the Plaintiff.

**ANSWER:**

84.    Defendant Wholesale Products and Entertainment, LLC (hereafter "WPE") is, upon information and belief, a limited liability company organized and existing under the laws of the State of New Jersey, having a principal place of business located at 470 Broadway, Number 322, Bayonne, New Jersey, 07002, naming as agent for service of process, Michael Frisina at the same address.

**ANSWER:**

85.    Defendant WSE is doing business in this judicial district by having placed and placing in the stream of commerce product that is the subject of this action, knowing that it would be offered for sale, and sold is this judicial district.

**ANSWER:**

86.    Defendant Rick Hendrick (hereafter "Hendrick") upon information and belief is a

**ANSWER:**

87.    Hendrick does business in this judicial district under the name Mambruk through one or more websites, including but not limited to www.atomicmall.com.

**ANSWER:**

88.    Defendant Solomon Holloway (hereafter "Holloway"), upon information and belief is a resident of South Carolina, living at 14 Thrift St., Apartment No. 2, Greenville SC 29609.

**ANSWER:**

89.    Defendant Holloway does business in this judicial district under the trademark IKETRADE through one or more online sites, including, but not limited to www.atomicmall.com.

**ANSWER:**

90.    Defendant Ravi Bhatia (hereafter "Bhatia") upon information and belief is a resident and citizen of the state of Texas residing at 402 Knollwood Court, Euless, TX 76039 USA.

**ANSWER:**

91.    Upon information and belief, and the records of the Texas Secretary of State Office, Bhatia is the Registered Agent and holds all relevant offices for the co-defendant IWI, including Director, President, Secretary, and Treasurer, and as a consequence the person solely responsible for the actions of IWI.

**ANSWER:**

92.    Defendant Dimitar Slavov (hereafter "Slavov") upon information and belief is a resident and citizen of California residing at 1373 Spectrum, Irvine, California 92618.

**ANSWER:**

93.    Upon information and belief, Slavov is the owner and sole proprietor of eCRATER.

**ANSWER:**

94.    John Does (hereafter "Does") are those yet unidentified individuals and businesses that are manufacturing, importing, in possession and distributing, selling, or offering for sale product which is the subject of this litigation.

**ANSWER:**

95.    Collectively, the parties identified in paragraphs 2-39 above are referred to herein as the **Defendants.**

**ANSWER:**

## JURISDICTION AND VENUE

96.    The court has jurisdiction over this matters because the complaint concerns matters that arise under the United States Trademark Laws, including but not limited to, trademark infringement, false designation of origin, false description, unfair competition and trade dress infringement arising under Title 15 U.S.C. §§1114, 1116, 1125.  The court also has jurisdiction under the United States Copyright Code, namely infringement under Title 17 U.S.C. §§ 101 *et seq.*  The court has ancillary jurisdiction to address the state and common law claims asserted herein, including deceptive trade practices in violation of the Michigan Consumer Protection Act, MCL § 445.901 *et seq.*; and Common law trademark, trade dress, and unfair competition.

**ANSWER:**

97.    The district court has original jurisdiction over this civil action pursuant to Title 28 U.S.C. §1338(a).

**ANSWER:**

98.    This Court has related claim jurisdiction over the claims arising under Michigan common law pursuant to 28 U.S.C. §1338(b) and 28 U.S.C. §1367.

**ANSWER:**

99.    This Court has personal jurisdiction over the Defendants because they are formed under the laws of the State of Michigan, maintain a principal place of business within this judicial district, or conduct business within this judicial district.

**ANSWER:**

100.    Venue is proper in this district under 28 U.S.C. §1391(b) and (c) because a substantial part of the events giving rise to the claims occurred in this district and the defendants maintain places of business in this district.

**ANSWER:**

## COMMON ALLEGATIONS
## IMPULSARIA'S STIFF NIGHTS® SUPPLEMENT

101.    Impulsaria re-alleges and incorporates by reference the allegations set forth in paragraphs 1- 100 as if restated herein.

102.    Since November of 2007, Impulsaria has been the sole source of a dietary supplement sold under the STIFF NIGHTS® brand name.  See Exhibit 1, Dkt. #3 Filed November 17, 2011.

**ANSWER:**

103.    Since November of 2007, Impulsaria has also been the sole source of the distinctive trade dress of the packaging associated with the STIFF NIGHTS® brand shown in Exhibit 1, Dkt. #3.

**ANSWER:**

104.    The STIFF NIGHTS trademark and trade dress has been in use in commerce which Congress may regulate continuously since 2007, or has been subject to a non-use exception during that time period, pursuant to Title 35 U.S.C. § 1058 (Section 8 of the Lanham Act).

**ANSWER:**

105.    Impulsaria has been the exclusive user of the STIFF NIGHTS trademark and trade dress described above and best shown in Exhibit 1, Dkt. #3 of the Verified Complaint since its introduction.

**ANSWER:**

106.    In 2009, Impulsaria was one of the fastest growing dietary supplement providers in the United States.

**ANSWER:**

107.    Impulsaria achieved such growth and recognition through its hard work, investment in research and development and otherwise perfecting its brand name, its distinctive packaging and uniquely expressed artwork.

**ANSWER:**

108.    As a result of its endeavors, Impulsaria created and owns valuable intellectual property, including trademarks, trade dress, and copyright.

**ANSWER:**

109.    In November of 2007, Impulsaria first used the STIFF NIGHTS® brand name in interstate commerce through the sale of the product to convenient stores, health food stores, liquor stores, supermarkets, and other retail outlets.

**ANSWER:**

110.    Impulsaria applied for registration of the STIFF NIGHTS® mark with the United

23

**ANSWER:**

111.    The USPTO granted federal registration for the STIFF NIGHTS® mark on May 9, 2009 as Registration No. 3621660.  See Exhibit 2, Dkt. #3.

**ANSWER:**

112.    Since 2007, Impulsaria has used the STIFF NIGHTS® mark prominently on product packaging and in marketing materials including Internet websites.

**ANSWER:**

113.    Impulsaria is also the owner and author of the copyrighted material appearing on the STIFF NIGHTS brand of herbal supplement shown in Exhibit 1, Dkt. #3 of the Verified Complaint, having designed the artwork and selected and arranged the text in combination with the artwork to create the distinctive package.

**ANSWER:**

114.    Impulsaria has filed an application with the United States Copyright Office for protection of the copyrightable aspects of the STIFF NIGHTS product, and was assigned application serial no.  1-686567201. Exhibit 3, Dkt. #3.

**ANSWER:**

115.    From its introduction in 2007 up through June 2010, Impulsaria expended in excess of $650,000.00 U.S. Dollars promoting the brand in trade journals and at trade shows around the country in the product category of herbal male sexual stimulants.

**ANSWER:**

116.    Between its introduction in 2007 and June of 2010, Impulsaria sold in excess of 2,127,315 packages of the STIFF NIGHTS brand herbal supplement accounting for an estimated 80% of the market share for male herbal sexual stimulants.

**ANSWER:**

117.    As a result of substantial advertising and marketing, the STIFF NIGHTS® brand has become an asset of substantial value and is a distinctive indication of the origin and quality of Impulsaria's goods.

**ANSWER:**

118.    Impulsaria has developed significant and valuable goodwill in its mark since first commencing to utilize the mark in interstate commerce on 2007.

**ANSWER:**

119.    In October of 2009, Impulsaria was contacted by the United States Food and Drug Administration over concerns about the ingredients in the STIFF NIGHTS product.

**ANSWER:**

120.    In June of 2010, Impulsaria informed the Food and Drug Administration that the STIFF NIGHTS product that was alleged to contain a controlled substance was counterfeit product produced by third parties.

**ANSWER:**

121.    In August of 2010, in light of the concerns raised by the USFDA, Impulsaria in cooperation with the manufacturer, voluntarily recalled lot numbers of the STIFF NIGHTS herbal supplement produced before June of 2010.

**ANSWER:**

122.    Toward that end, and since June of 2010, Impulsaria has not distributed or authorized the manufacture, distribution, or sale of STIFF NIGHTS dietary supplements so as to identify sources of counterfeit STIFF NIGHTS product.

**ANSWER:**

123.    Since August of 2010, Impulsaria has conducted its own analysis of the composition of the STIFF NIGHTS product and has recently undertaken efforts to reintroduce the STIFF NIGHTS product back into the marketplace.

**ANSWER:**

124.    In the process of reintroducing the STIFF NIGHTS product back into commerce, Impulsaria learned that its former distributors and retail outlets were selling counterfeit versions of the STIFF NIGHTS product obtained from a third party which were identical in brand and trade dress to the STIFF NIGHTS product previously offered by Impulsaria (hereafter "Counterfeit Stiff Nights" or "CSN").

**ANSWER:**

### DEFENDANTS CONDUCT

125.    Upon information and belief, the Defendants are manufacturers, importers, wholesalers, distributors of general merchandise and/or cash and carry stores selling, offering for sale, and active internet sites selling and/or distributing products within the state of Michigan.

**ANSWER:**

126.    The Defendants have been, and are currently obtaining, marketing, offering for sale, selling and distributing unauthorized and counterfeit STIFF NIGHTS dietary supplements from third parties (John Does and John Doe Corporate Defendants) having a package and external image and language identical to that offered by Impulsaria.  See Exhibit 32 for images of counterfeit product.

**ANSWER:**

127.    Because of the similarity of the marks used by the parties and the related nature of their respective parties' goods, consumers and prospective consumers are likely to be and actually have been deceived, mistaken, and confused as to the source of the STIFF NIGHTS

**ANSWER:**

<u>COUNT I</u>
<u>INFRINGEMENT OF A FEDERALLY REGISTERED TRADEMARK</u>

128.    Impulsaria re-alleges the allegations set forth in paragraphs 1 – 127 and incorporates them by reference.

129.    Defendants' sale and distribution of dietary supplements in commerce and bearing the STIFF NIGHTS®  trademark is an infringement of Impulsaria's registered trademark in violation of 15 U.S.C. §1114.

**ANSWER:**

130.    Defendants will, if not enjoined by this Court, continue their acts of trademark infringement set forth above, which have caused and will continue to cause Impulsaria immediate and irreparable harm.

**ANSWER:**

131.    Defendants' acts have damaged Impulsaria's business reputation and have impaired and diluted Impulsaria' goodwill in its trademark.

**ANSWER:**

132.    Pursuant to 15 U.S.C. §1116, Impulsaria is entitled to a preliminary and permanent injunction enjoining Defendant, its officers, agents, members, and employees from using the STIFF NIGHTS designation, alone or in combination with other words or in any other imitations of the mark STIFF NIGHTS® in advertising, marketing or sale of any of Defendants' herbal supplements or other related goods.

**ANSWER:**

133.    As a result of Defendants' trademark infringement, Impulsaria has suffered

**ANSWER:**

134.    Pursuant to 15 U.S.C. §1117, Impulsaria is entitled to a judgment for damages not to exceed three times the amount of its actual damages, plus interest and recovery of an amount equal to Defendants' profits derived from Defendants' unlawful and wrongful use of Impulsaria's mark.

**ANSWER:**

**COUNT II**
**FALSE DESIGNATION OF ORIGIN/UNFAIR COMPETITION**

135.    Impulsaria re-alleges the allegations set forth in paragraphs 1 – 134 and incorporates them by reference.

136.    Defendants' distribution and use of the STIFF NIGHTS® designation in advertising, marketing, and sales literature as well as on packaging for dietary supplements for its own benefit, in such a fashion as to imitate Impulsaria' trademark creates a likelihood of confusion among the consuming public, and induces, or is likely to induce, the consuming public to believe, contrary to facts, that Defendants' product originates from, is produced by, approved by, or otherwise connected in some way with Impulsaria in violation of 15 U.S.C. §1125(a).

**ANSWER:**

137.    Defendants' use of the designation STIFF NIGHTS® constitutes a false designation of origin of its goods or a false description or representation of Defendants' goods in violation of 15 U.S.C. §1125(a).

**ANSWER:**

138.    Defendants' use of the distinctive trade dress of the STIFF NIGHTS® product in advertising, marketing, distribution and sale of dietary supplements for its own benefit, in such a

**ANSWER:**

139.    Defendant will, if not enjoined by this Court, continue its acts of unfair competition by the use of the false designation and false representation set forth above, which has caused, and will continue to cause, Impulsaria immediate and irreparable harm.

**ANSWER:**

140.    Pursuant to 15 U.S.C. §1116, Impulsaria is entitled to a preliminary and permanent injunction enjoining Defendants, their officers, agents, members, and employees from using the STIFF NIGHTS® designation or trade dress, alone or in combination with other words or in any other imitations of the mark STIFF NIGHTS® brand or trade dress in the advertising, marketing or sale of any of Defendants' dietary supplements or other related goods.

**ANSWER:**

141.    As a result of Defendants' acts of unfair competition, Impulsaria has suffered monetary damages.

**ANSWER:**

142.    Pursuant to 15 U.S.C. §1117, Impulsaria is entitled to a judgment for damages not to exceed three times the amount of its actual damages, plus interest and recovery of an amount equal to Defendants' profits derived from its unfair competition.

**ANSWER:**

## <u>COUNT III</u>
## <u>DEFENDANTS' USE OF CONFUSINGLY SIMILAR TRADE DRESS</u>

143.    Impulsaria re-alleges the allegations set forth in paragraphs 1 – 143 and incorporates them by reference.

144.    Each of the Defendants is in the business of marketing, distributing, and/or selling dietary supplements, among other things, as part of their business.

**ANSWER:**

145.    Since Impulsaria has withdrawn its STIFF NIGHTS® dietary supplement from the market, Defendants sought out or were approached by third parties to sell and distribute STIFF NIGHT® counterfeit product without the authority of Impulsaria.

**ANSWER:**

146.    Impulsaria's STIFF NIGHT® trade dress includes:

A.    a sleek, thin package having a black background bearing an image of a lightening bolt proximate the left margin, the lightening bolt having a very distinctive pattern extending from the upper edge to the lower edge of the package;

**ANSWER:**

B.    the phrase "REGAIN THE THUNDER" appearing toward the top of the package below the die-cut for hanging the product on hooks, and centered in the field of the package;

**ANSWER:**

C.    the dominant appearance of the trademark STIFF NIGHTS® in a stylized red font centered in the front of the package;

**ANSWER:**

D.    a least one die cut opening below the trademark for accommodating a

blister package sandwiched between the front and back sheets of the package;

**ANSWER:**

      E.     a red capsule containing the dietary supplement contained within a blister package disposed within the die cut opening;

**ANSWER:**

      F.     a red background back panel containing fields of text separated by horizontal white lines to delineate the different fields of text, including a background section appearing at the top followed by information about the supplement, followed by a list of ingredients, and closed by a section entitled "precautions."

**ANSWER:**

147.    The counterfeit STIFF NIGHTS® dietary supplements are displayed and sold in the same manner as the authorized product including vertical stacking in containers and hung from retail display hooks.

**ANSWER:**

148.    Upon information and belief, the Defendants intentionally and willfully knew they were ordering and selling counterfeit dietary products bearing the STIFF NIGHTS® brand name, as many were customers of Impulsaria or had been approached by Impulsaria prior to the recall of product in March of 2010.

**ANSWER:**

149.    Upon information and belief, the Defendants' use of the infringing trade dress has caused actual confusion among consumers.

**ANSWER:**

150.    Impulsaria has not authorized nor consented to the Defendants use of the infringing trade dress.

**ANSWER:**

151.    Upon information and belief, the Defendants' aforesaid acts are for the purpose of trading upon Impulsaria's goodwill in the STIFF NIGHTS® trade dress and Impulsaria's business reputation, with the intention of creating consumer confusion over the source and origin of Defendants' products and to give them a salability they otherwise would not have.

**ANSWER:**

**COUNT IV**
**COMMON LAW TRADEMARK INFRINGEMENT**

152.    Impulsaria re-alleges the allegations set forth in paragraphs 1 – 151 and incorporates them by reference.

153.    Impulsaria used the STIFF NIGHTS® mark more than three years before Defendants first used it.

**ANSWER:**

154.    Defendants' use of the STIFF NIGHTS® mark infringes upon Impulsaria's ownership and has and will continue to have the effect of causing confusion, mistake, or deception as to the source and origin of Defendants' products and to deceive the public by passing off Defendants' products as being produced, sponsored, or otherwise approved by or connected with Impulsaria.

**ANSWER:**

155.    Defendants' acts have damaged Impulsaria's business reputation and have impaired and diluted Impulsaria's goodwill in its trademark.

**ANSWER:**

156.    Unless enjoined by this Court, Defendant will continue its acts of trademark infringement, thereby deceiving the public and causing Impulsaria immediate and irreparable

**ANSWER:**

157.    Impulsaria is entitled to a preliminary and permanent injunction enjoining Defendant, its officers, agents, members, and employees from using the designation STIFF NIGHTS® alone or in combination with other words or in any other imitations of the mark STIFF NIGHTS® in the advertising, marketing, distribution or sale of any of Defendants' dietary supplements.

**ANSWER:**

158.    As a result of Defendants' trademark infringement, Impulsaria has suffered monetary damages.

**ANSWER:**

159.    Impulsaria is entitled to a judgment for its actual damages, plus interest and recovery of an amount equal to Defendants' profits derived from unlawful and wrongful use of Impulsaria' mark.

**ANSWER:**

<u>**COUNT V**</u>
<u>**COMMON LAW UNFAIR COMPETITION**</u>

160.    Impulsaria re-alleges the allegations set forth in paragraphs 1 – 159 and incorporates them by reference.

161.    The tendency and effect of Defendants' continued use of the STIFF NIGHTS® designation and trade dress, alone or in combination with other words in the advertising, marketing, and sale of its dietary supplements is to cause confusion, mistake, and deception as to the source or origin of Defendants' goods.

**ANSWER:**

162.    Defendants acts have damaged Impulsaria's business reputation and have impaired and diluted Impulsaria' goodwill in its trademark, and constitute common law unfair competition.

**ANSWER:**

163.    Defendants will, if not enjoined by this Court, continue its acts of unfair competition, thereby deceiving and confusing the public and causing Impulsaria immediate and irreparable harm.

**ANSWER:**

164.    Impulsaria is entitled to a preliminary and permanent injunction enjoining Defendant, its officers, agents, members, and employees from using the designation STIFF NIGHTS® alone or in combination with other words or in any other imitations of the mark STIFF NIGHTS® in the advertising, marketing, distribution or sale of any of Defendants' dietary supplements.

**ANSWER:**

165.    As a result of Defendants' unfair competition, Impulsaria has suffered monetary damages.

**ANSWER:**

166.    Impulsaria is entitled a judgment for its actual damages, plus interest.

**ANSWER:**

**COUNT VI**
**FEDERAL TRADEMARK DILUTION**

167.    Impulsaria re-alleges the allegations set forth in paragraphs 1 – 166 and incorporates them by reference.

168.    Impulsaria is recognized as a provider of dietary supplements in the United States

**ANSWER:**

169.    Through widespread and favorable public acceptance, Impulsaria's mark and trade dress have gained a reputation as a distinctive indication of the origin and quality of Impulsaria's goods.

**ANSWER:**

170.    Defendants have used and continue to use a confusingly similar brand and trade dress in connection with the advertising, marketing and sale of its dietary supplements.

**ANSWER:**

171.    Impulsaria and Defendants' businesses and goods offered for sale are related.

**ANSWER:**

172.    Defendants' use of the STIFF NIGHTS® mark and trade dress in connection with the advertising, marketing and sale of its dietary supplements has caused and will continue to cause injury to and dilution of the distinctive quality of the STIFF NIGHTS® mark and trade dress in violation of 15 U.S.C. §1125(c).

**ANSWER:**

173.    Impulsaria have demanded that Defendant cease and desist from using the mark but Defendant has failed to comply.

**ANSWER:**

174.    In so doing, Defendant has engaged in the above-described actions willfully, recklessly, wantonly and unlawfully and with the intent to dilute Impulsaria's mark, and with the intent to trade on and benefit from Impulsaria' goodwill and reputation.

**ANSWER:**

175.    As a direct and proximate result of Defendants' conduct, Impulsaria has suffered and continues to suffer irreparable harm, and Impulsaria has no adequate remedy at law if Defendants' actions in this regard are allowed to continue.

**ANSWER:**

176.    Pursuant to 15 U.S.C. §1125(c)(1), Impulsaria is entitled to a preliminary and permanent injunction enjoining Defendant, their officers, agents, members and employees from using the STIFF NIGHTS® mark or trade dress, or any other colorable imitations of Impulsaria's mark or trade dress in the advertising, marketing or sale of Defendants' dietary supplement.

**ANSWER:**

177.    As a result of Defendants' acts as set forth above, and in addition to the irreparable harm already suffered, Impulsaria has suffered monetary damages.

**ANSWER:**

178.    Pursuant to 15 U.S.C. §§1117 and 1118, Impulsaria is entitled to a judgment for damages not less than three times the amount of its actual damages, plus interest and an amount equal to Defendants' profits derived from its unlawful and wrongful conduct, and an order requiring Defendant to destroy all infringing materials.

**ANSWER:**

## COUNT VII
## COPYRIGHT INFRINGEMENT

179.    Impulsaria re-alleges the allegations set forth in paragraphs 1 – 178 and incorporates them by reference.

180.    Impulsaria is the owner and author of the text appearing on the front and back of

**ANSWER:**

181.    Impulsaria has filed an application for registration of the expressions and text appearing on the STIFF NIGHTS® dietary supplement with the United States Copyright Office, and claims to have a proprietary right to that expression.  See Exhibit 3, Dkt. #3.

**ANSWER:**

182.    The selection, arrangement, and content of the text appearing in the alleged infringing packages of the STIFF NIGHTS® product were copied from Impulsaria and are being reproduced and sold by the Defendants.

**ANSWER:**

183.    Defendants have violated the exclusive rights of Impulsaria granted and instilled in Impulsaria by sections 106 through 122 of the Copyright Act.

**ANSWER:**

184.    Impulsaria alleges the Defendants are infringing upon Impulsaria's exclusive rights under the Copyright Act.

**ANSWER:**

185.    Impulsaria has not authorized or otherwise licensed or granted permission for the Defendants to reproduce, copy, display, or sell the infringing text and artwork expressed on the original STIFF NIGHTS® dietary supplement.

**ANSWER:**

186.    Defendants infringed the copyrights in Impulsaria's creative works by reproducing, distributing, and/or publicly displaying the works without the proper approval or authorization of Impulsaria.

**ANSWER:**

187.    Upon information and belief, the Defendants knew the infringed works belonged to Impulsaria and that they did not have permission to exploit Impulsaria's works.

**ANSWER:**

188.    Defendants knew their acts constituted copyright infringement.

**ANSWER:**

189.    Defendants' conduct was willful within the meaning of the Copyright Act.

**ANSWER:**

190.    As a result of their wrongful conduct, Defendants are liable to Impulsaria for copyright infringement pursuant to 17 U.S.C. § 501.

**ANSWER:**

191.    Plaintiff has suffered, and will continue to suffer, substantial losses, including but not limited to damage to its business reputation and goodwill.

**ANSWER:**

192.    Plaintiff is entitled to recover damages, which include its losses and any and all profits Defendants have made as a result of its wrongful conduct.   17 U.S.C. § 504. Alternatively, Plaintiff is entitled to statutory damages under 17 U.S.C. § 504(c).

**ANSWER:**

193.    In addition, because Defendants' infringement was willful, the award of statutory damages should be enhanced in accordance with 17 U.S.C. § 504(c)(2).

**ANSWER:**

194.    Plaintiff is entitled to recover its attorneys' fees and costs of suit pursuant to 17 U.S.C. § 505.

**ANSWER:**

## COUNT VIII
## MICHIGAN CONSUMER PROTECTION ACT

195.    Impulsaria re-alleges the allegations set forth in paragraphs 1 – 194 and incorporates them by reference.

196.    The acts outlined above by the defendants have caused a probability of confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services.

**ANSWER:**

197.    The defendants acts outlined above constitute deceptive representations or deceptive designations of geographic origin in connection with goods or services.

**ANSWER:**

198.    Defendants' actions constitute a representation that the herbal supplement sold under the STIFF NIGHTS brand and trade dress have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities of the original STIFF NIGHTS brand product sold by Impulsaria that they do not have, or that they have sponsorship, approval, status, affiliation, or connection with Impulsaria.

**ANSWER:**

199.    Defendants' action constitute a representation that the goods are of a particular standard, quality, or grade, or that goods are of a particular style or model, consistent with the original STIFF NIGHTS product distributed by Impulsaria.

**ANSWER:**

200.    All of the above constitute a violation of MCL § 445.901 et seq. as an unfair, unconscionable or deceptive method, act, or practice in the conduct of trade or commerce.

**ANSWER:**

201.    Impulsaria is entitled to an injunction in accordance with the principles of equity

**ANSWER:**

**COUNT IX**
**ATTORNEY'S FEES**

202.    Impulsaria re-alleges the allegations set forth in paragraphs 1 – 201 and incorporates them by reference.

203.    Defendants' acts and conduct as described above were willful, fraudulent, reckless, or made in bad faith.

**ANSWER:**

204.    As such and pursuant to statute, both federal and under state law, Impulsaria is entitled to receive increases damages up to three times the amount awarded, including attorney's fees in pursuing this action.

**ANSWER:**

**PRAYER FOR RELIEF**

1.    WHEREFORE, Impulsaria respectfully requests that the Court enter judgment in its favor and against Defendant a preliminary and permanent injunction enjoining Defendant from

a.    Using in any manner the designation STIFF NIGHTS or any words of combination of words in the advertising, marketing or sale of Defendants' dietary supplements and related goods;

b.    Using in any manner any trademark, words, abbreviations, designs, arrangement, or other combinations thereof that would imitate, resemble, or suggest the STIFF NIGHTS® mark;

      c.      Otherwise infringing on Impulsaria' trademark; and

      d.      Unfairly competing with Impulsaria by diluting the distinctiveness of its mark.

2.      Award Impulsaria monetary damages in an amount equal to:

      a.      Three times Impulsaria's actual monetary damages;

      b.      Impulsaria's costs and reasonable attorney's fees incurred in bringing this action; and

      c.      Defendants' profits attributable to Defendants unlawful and wrongful conduct.

3.      Require the Defendants to provide Impulsaria with an accounting and pay to Impulsaria all profits that Defendants' derived from its acts of infringement and unfair competition in accordance with 15 U.S.C. § 1117(a) and Michigan common law;

4.      Require the Defendants to pay over to Impulsaria all damages incurred by Impulsaria by reason of the Defendants' acts of trade dress infringement and unfair competition in accordance with 15 U.S.C. § 1117(a), and Impulsaria asks that this damages award be trebled in accordance with 15 U.S.C. § 1117(a);

5.      Require the Defendants to pay to Impulsaria the costs of this action, together with reasonable attorneys' fees and disbursements, in accordance with 15 U.S.C. § 1117(a);

6.      Require the Defendants to pay to Impulsaria damages and attorneys' fees in accordance with MCL § 445.911(2);

7.      Require the Defendants to pay to Impulsaria restitution in accordance with the common law of the State of Michigan, for all loss, damage and injury that Impulsaria has sustained as a result of Defendants' activities;

8.      Require Defendants to deliver up for destruction all labels, signs, prints, packages,

9.      Issue a preliminary and permanent injunction enjoining Defendants from:

A.  Using in any manner the designation STIFF NIGHTS or any words of similar import, or combination of words in advertising, marketing, or sale of Defendants dietary supplements;

B.  Using in any manner any trademark, words, abbreviations, designs, arrangement or other combinations thereof that would imitate, resemble, or suggest Impulsaria's STIFF NIGHTS brand dietary supplement or packaging;

C.  Otherwise infringing upon Impulsaria's STIFF NIGHTS brand or packaging; and

D.  Unfairly competing with Impulsaria by diluting the distinctiveness of its STIFF NIGHTS trademark and trade dress associated with its dietary supplements.

10.     Issue a preliminary and permanent injunction enjoining Defendants from selling, offering for sale, distributing, making, and importing any dietary supplements bearing Impulsaria's trademarks and trade dress, or any mark or trade dress that is confusingly similar;

11.     Require Defendants to give notice to all its suppliers and customers of such injunction; and

12.     Such additional relief as the Court may deem fair and appropriate under the circumstances.

January 19, 2012                     Respectfully submitted,
                                     **KANE & CO., PLC**

                                     By: /s/ Barry C. Kane
                                     Barry C. Kane (P45851)
                                     29 Pearl St. N.W.
                                     410 Federal Square Building
                                     Grand Rapids, MI 49503

                                     Attorney for Plaintiff

**VERIFICATION**

I, the undersigned, citizen of the United States and resident of the State of Michigan, have read the foregoing Verified Complaint and declare under penalty of perjury, under the laws of the State of Michigan, that the foregoing is true and correct, or based upon information and belief.

Date:  November 16, 2011.

_____

Erb Avore