# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

_____/

**IMPULSARIA, LLC**
**A Nevada Limited Liability Company**

        **Plaintiff**                            **Case No.: 1:11-CV-1220**

**v.**

                                                           **HON. ROBERT HOLMES BELL**

**United Distribution Group, LLC, dba United**
**Wholesale Grocery; Mine Boutique LLC; and**
**Purple Haze II, LLC;**
**all Michigan Limited Liability Companies;**
        **and**
**Cin-Lan, Inc.; Fashion Designs, Inc.;**
**Executive Art Studio, Inc.; G. K. Convenience**
**Stores, Inc.; Ajit Corporation, Gur-Zal, Inc.;**
**Capital Sales Company; and Yatin Entertainment, Inc.;**
**all Michigan Corporations;**
        **and**
**Premiere Sales Group; a California corporation;**
        **and**
**eCRATER; a California company;**
        **and**
**www.2daydietmaxsupply.com; a Florida company; and**
**Pure Vitamins & Natural Supplements, LLC;**
**a Florida limited liability company;**
        **and**
**Chicago Import, Inc., and R N International, Inc.;**
**both Illinois Corporations;**
        **and**
**Karma Global Enterprises, Inc.;**
**Import Warehouse, Inc., Texas Corporations;**
**www.thriftywholesaler.com;**
**all Texas companies;**
        **and**
**Bonanza.com, Inc.; a Washington corporation;**
        **and**
**Ejuice USA Import Export and Distribution LLC;**
**a Virginia limited liability company;**
        **and**
**Star Importers and Wholesalers;**
**a Georgia company;**
        **and**
**William Sellers, an Alabama resident,**

and
**Emiliano Vega, Emiliana Vega, Milo Vega,**
**Emilio Vega, Dr. Ken K. Issa, and Rick Hendrick,**
**all Florida Residents,**
and
**Willy Alejo, a New Jersey resident,**
and
**Blake King, a New York resident,**
and
**Rakesh Kumar, a Michigan resident,**
and
**Anees Dadwani and Ravi Bhatia,**
**both Texas residents,**
and
**Solomon Holloway, a South Carolina resident,**
and
**Ulyssee Benson, a Virginia resident,**
and
**Dimitar Slavov, a California resident,**
and
**John Does**
**Defendants.**

_____/

Barry C. Kane (P45851)                     Nicholas D. Bowman (P74964)
Eric A. Hultman (P72159)                    John A. Waters (P22851)
KANE & CO., PLC                             Kevin L. Pontius (P73977)
Attorney for Plaintiff                      Waters & Associates, PLC
29 Pearl St. N.W.                           Attorneys for Defendant
410 Federal Square Building                 305B Waters Building
Grand Rapids, Michigan 49503                161 Ottawa Ave. N.W.
(616) 726-5905 (v)                          Grand Rapids, MI 49503
(616) 726-5906 (f)                          (616) 242-9550
bkane@kaneplc.com
ehultman@kaneplc.com

_____/

## DEFENDANT STAR IMPORTERS AND WHOLESALERS, INC.'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT AND JURY DEMAND

Defendant Star Importers and Wholesalers, Inc. ("Star Importers") answers Plaintiff's

Second Amended Complaint (Dkt. 57) as follows:

## THE PARTIES

**THE PLAINTIFF:**

1.      Plaintiff Impulsaria, LLC (hereinafter "Impulsaria") is a limited liability company organized and existing the under the laws of the State of Nevada with its principal place of business in Grand Rapids, Michigan.

**ANSWER:** Star Importers is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 1.


**THE DEFENDANTS:**

2.      Defendant United Distribution Group, LLC (hereinafter "United") is a limited liability company organized and existing under the laws of the State of Michigan doing business as United Wholesale Grocery located in Grand Rapids, Michigan.

**ANSWER:** Star Importers is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 2.

3.      Defendant Cin-Lan, Inc. (hereinafter "Cin-Lan") is a for-profit corporation organized and existing under the laws of the State of Michigan, doing business as Déjà Vu Love Boutique at 1000 West Jolly Road, City of Lansing, State of Michigan.

**ANSWER:** Star Importers is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 3.

4.       Defendant Mine Boutique LLC (hereafter "Mine") is a limited liability company organized and existing under the laws of the State of Michigan, doing business as Déjà Vu Love Boutique located at 1336 Ravine Road, City of Kalamazoo, and State of Michigan.

**ANSWER:** Star Importers is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 4.

5.      Defendant Fashion Designs, Inc. (hereafter "Fashion Designs") is a for-profit

3

corporation organized and existing under the laws of the State of Michigan, doing business as Velvet Touch, located at 1819 W Main St, City of Kalamazoo, State of Michigan, within this judicial district.

**ANSWER:** Star Importers is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 5.

6.     Defendant Executive Art Studio, Inc. (hereafter "Executive Art") is a for-profit corporation organized and existing under the laws of the State of Michigan, doing business as Velvet Touch located at 1819 W. Main St., City of Kalamazoo, State of Michigan, within this judicial district.

**ANSWER:** Star Importers is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 6.

7.     Defendant G. K. Convenience Stores, Inc. (hereafter "G.K.") is a for-profit corporation organized and existing under the laws of the State of Michigan, doing business as the Smoke Hut, located at 3040 Portage Street, City of Kalamazoo, State of Michigan, within this judicial district.

**ANSWER:** Star Importers is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 7.

8.     Defendant Ajit Corporation (hereafter "Ajit") is a for-profit corporation, organized and existing under the laws of the State of Michigan, doing business as Laketon Marathon, located at 1121 E. Laketon Street, City of Muskegon, State of Michigan, within this judicial district.

**ANSWER:** Star Importers is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 8.

9.     Defendant Gur-Zal, Inc. (hereafter "Gur-Zal") is a for-profit corporation

4

organized and existing under the laws of the State of Michigan, doing business as Sunny Mart, and located at 2906 S. Getty Street, City of Muskegon, State of Michigan, also within this judicial district.

**ANSWER:** Star Importers is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 9.

10. Defendant Capital Sales Company (hereafter "Capital") is a for-profit corporation organized and existing under the laws of the State of Michigan having a principal place of business located at 1471 E. Nine Mile Rd., Hazel Park, Michigan 48030.

**ANSWER:** Star Importers is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 10.

11. Capital Sales Company is doing business in this judicial district.

**ANSWER:** Star Importers is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 11.

12. Defendant Chicago Import, Inc. (hereafter "Chicago") is a for-profit corporation organized and existing under the laws of the State of Illinois having a principal place of business located at 3801-11 Lawrence Road, Chicago, Illinois 60625.

**ANSWER:** Star Importers is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 12.

13. Chicago does business in this judicial district.

**ANSWER:** Star Importers is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 13.

14. Defendant R N International, Inc. (hereafter "RN" is a for-profit corporation organized and existing under the laws of the State of Illinois having a principal place of business located at 3909 West Lawrence Avenue, Chicago, Illinois 60625-6211.

**ANSWER:** Star Importers is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 14.

15.     RN is doing business within this judicial district.

**ANSWER:** Star Importers is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 15.

16.     Defendant Purple Haze (hereafter "Purple Haze"), upon information and belief, is a sole proprietorship doing business at 4236 Kalamazoo Ave., S.E., Grand Rapids, Michigan 49508 and is doing business in this judicial district.

**ANSWER:** Star Importers is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 16.

17.     Defendant Yatin Entertainment, Inc. (hereafter "Yatin"), is a corporation organized and existing under the laws of the state of Michigan, having a principal place of business at 2604 Briarwood Ct., Kentwood, MI 49512, and is doing business in this judicial district.

**ANSWER:** Star Importers is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 17.

18.     Defendant Karma Global Enterprises, Inc. (hereafter "Karma"), dba EZ Wholesale, is a corporation organized and existing under the laws of the state of Texas, having a principal place of business at 8000 Harwin Drive, Suite 270, Houston, Texas 77036.

**ANSWER:** Star Importers is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 18.

19.     Upon information and belief, defendant Karma is the owner and proprietor of an online internet company doing business in this judicial district under the name www.littlegeniedistributors.com, and located at 8000 Harwin Drive, Suite 270, Houston, Texas

6

77036.

     **ANSWER:** Star Importers is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 19.

     20.    Defendant top5supps.com (hereafter "Top5") upon information and belief is a New York sole proprietorship doing business online in this judicial district under the domain name www.top5supps.com and maintains a principal place of business located at 319 Lafayette St., Unit 179, New York, N.Y.

     **ANSWER:** Star Importers is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 20.

     21.    Defendant 2daydietmaxsupply.com (hereafter "2Day") upon information and belief is a sole proprietorship located at 4325 Johnson Dairy Road, Unit 172, Palm Beach Gardens, Florida 33410, and doing business online in this judicial district.

**ANSWER:** Star Importers is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 21.

     22.    Defendant Import Warehouse, Inc., (hereafter "IWI") is a corporation organized and existing under the laws of the state of Texas, having a principal place of business located at 11311 Harry Hines Blvd, Suite 201, Dallas, Texas 75229 and is doing business in this judicial district under one or more of the names of Import Warehouse, Inc., Old World Grocery #1, and Old World Grocery #2.

     **ANSWER:** Star Importers is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 22.

     23.    Defendant Premiere Sales Group (hereafter "Premiere") is a corporation organized and existing under the laws of the state of California having a principal place of

business located at 21446 Golden Triangle Road, Santa Clarita, California 91350, and doing business in this judicial district.

**ANSWER:** Star Importers is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 23.

24.    Defendant Pure Vitamins & Natural Supplements, LLC, dba Natural Vigor-25 (hereafter "Pure Vitamins"), is a limited liability company formed and existing under the laws of the state of Florida, and has a principal place of business located at 1708 E. North Bay, Tampa, Fl 33610.

**ANSWER:** Star Importers is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 24.

25.    Upon information and belief, Defendant Pure Vitamins is doing business in this judicial district by introducing product into the stream of commerce that is distributed and sold in this state.

**ANSWER:** Star Importers is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 25.

26.    Defendant eCRATER (hereafter "eCRATER") upon information and belief is a California sole proprietorship doing business online in this judicial district under the domain name www.ecrater.com and maintains a principal place of business located at 1373 Spectrum, Irvine, California 92618.

**ANSWER:** Star Importers is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 26.

27.    Defendant thriftywholesaler.com (hereafter "Thrifty") upon information and belief is a Texas sole proprietorship doing business online in this judicial district under the

domain name www.thriftywholesaler.com and maintains a principal place of business located at 8905 Majors Dr., Greenville, Texas 75402.

**ANSWER:**    Star Importers is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 27.

28.    Defendant Bonanza.com, Inc. (hereafter "Bonanza") upon information and belief is a Washington corporation doing business online in this judicial district under the domain name www.bonanza.com and maintains a principal place of business located at 1780 Barnes Blvd. S.W., Tumwater, Washington 98512.

**ANSWER:** Star Importers is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 28.

29.    Defendant Star Importers and Wholesalers (hereafter "Star") is a company existing under the laws of the state of Georgia having a principal place of business located at 2043 Mountain Industrial Blvd., Tucker, Georgia 30084, and doing business in this judicial district.

**ANSWER:** Star Importers admits that it is a company existing under the laws of the state of Georgia having a principal place of business located at 2043 Mountain Industrial Blvd., Tucker, Georgia 30084.  Star Importers denies doing business in this judicial district.

30.    Defendant Blake King (hereafter "King"), is an individual residing in New York, and upon information and belief, resides at 319 Lafayette Street, Apartment 179, New York, NY 10012.

**ANSWER:** Star Importers is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 30.

31.     Upon information and belief, King is the owner and proprietor of an online Internet company doing business in this judicial district under the name www.top5supps.com (hereafter "Top5"), located at 319 Lafayette St., Unit 179, New York, N.Y.

**ANSWER:** Star Importers is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 31.

32.     Defendant Emiliano Vega (hereafter "Vega"), is an individual and upon information and belief, is residing at 8163 Sandpiper Way, West Palm Beach, Florida 33412.

**ANSWER:** Star Importers is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 32.

33.     Upon information and belief, Vega is the owner and proprietor of an online Internet company doing business in this judicial district under the name www.2daydietmaxsupply.com and located at 4325 Johnson Dairy Road # 172, Palm Beach Gardens, Florida 33410.

**ANSWER:** Star Importers is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 33.

34.     Defendant Vega does business in this judicial district under the name Valuemart, offering for sale, selling and shipping products into the state through one or more websites, including but not limited to www.atomicmall.com.

**ANSWER:** Star Importers is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 34.

35.     Defendant Emiliana Vega (hereafter "Emiliana Vega"), upon information and belief, is a fictitious name one of Emiliano Vega, a Florida resident identified above, and is the person solely responsible for the business operated under the domain name www.2daydietmaxsupply.com, both of whom do business in this judicial district.

**ANSWER:** Star Importers is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 35.

36.     Defendant Milo Vega (hereafter "Milo Vega"), upon information and belief, is a fictitious name one of Emiliano Vega, a Florida resident identified above, and is the person solely responsible for the business operated under the domain name www.2daydietmaxsupply.com, both of whom do business in this judicial district.

**ANSWER:** Star Importers is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 36.

37.     Defendant Emilio Vega (hereafter "Emilio Vega"), upon information and belief, is a fictitious name one of Emiliano Vega, a Florida resident identified above, and is the person solely responsible for the business operated under the domain name www.2daydietmaxsupply.com, both of whom do business in this judicial district.

**ANSWER:** Star Importers is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 37.

38.     Defendant Ken K. Issa (hereafter "Issa"), upon information and belief, is a resident of the state of Florida, living at 1708 E. North Bay St., Tampa, Florida 33610, and is the person primarily responsible for and acting outside the authority of co-defendant Pure Vitamins, named above.

**ANSWER:** Star Importers is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 38.

39.     Defendant Rakesh Kumar (hereafter "Kumar"), upon information and belief, is a resident of the state of Michigan, living at 2604 Briarwood Ct., S.E., Kentwood, MI 49512, and is the person primarily responsible for and acting outside the authority of co-defendant Yatin

Entertainment, Inc. named above.

**ANSWER:** Star Importers is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 39.

40.    Upon information and belief, Defendant Willy Alejo (hereafter "Alejo") is the owner and proprietor of an online Internet company doing business in this judicial district under the domain name www.levellenatural.com and located at 416 Undercliff Avenue, Apartment 2, Edgewater, New Jersey 07020.

**ANSWER:** Star Importers is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 40.

41.    Defendant William Sellers (hereafter "Sellers") is a resident of Alabama, and is the owner and proprietor of Capitol City Trading, a sole proprietorship located at 8 Commerce Street, Suite 1150, Montgomery, Alabama.

**ANSWER:** Star Importers is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 41.

42.    Upon information and belief, Sellers is doing business in this judicial district under the domain name www.littlegeniedistributors.com located at 8 Commerce St., Suite 1150, Montgomery, Alabama.

**ANSWER:** Star Importers is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 42.

43.    Upon information and belief, Sellers is a resident of Alabama located at P.O. Box 230991, Montgomery, Alabama 36123.

**ANSWER:** Star Importers is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 43.

44.     Defendant Anees Dadwani, (hereafter "Dadwani") is a resident of Texas living at 15027 Moss Bridge Lane, Sugar Land, Texas 77498.

**ANSWER:** Star Importers is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 44.

45.     Upon information and belief, Dadwani is the chief executive officer of Karma Global Enterprises, Inc. and who personally directed business to this judicial district and is subject to both general and specific jurisdiction of this court.

**ANSWER:** Star Importers is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 45.

46.     Defendant Ejuice USA Import Export and Distribution LLC (hereafter "EJuice") is a Virginia limited liability company having a principal place of business located at 3601 Montross Ave., Richmond, VA 23222.

**ANSWER:** Star Importers is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 46.

47.     Ejuice is an importer, exporter, and distributor of product doing business in this judicial district online through the Internet on one or more websites, including but not limited to www.atomicmall.com.

**ANSWER:** Star Importers is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 47.

48.     Defendant Ulyssee Benson (hereafter "Benson"), is a Virginia resident, living at 3601 Montross Ave., Richmond, VA 23222.

**ANSWER:** Star Importers is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 48.

49.     Upon information and belief Benson is the president and sole shareholder of co-defendant EJuice who personally directed business into this judicial district and is responsible for the action of EJuice.

**ANSWER:** Star Importers is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 49.

50.     Defendant Rick Hendrick (hereafter "Hendrick") upon information and belief is a Florida resident living at 17000 North Bay Road, Miami, Florida 33160.

**ANSWER:** Star Importers is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 50.

51.     Hendrick does business in this judicial district under the name Mambruk through one or more websites, including but not limited to www.atomicmall.com.

**ANSWER:** Star Importers is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 51.

52.     Defendant Solomon Holloway (hereafter "Holloway"), upon information and belief is a resident of South Carolina, living at 14 Thrift St., Apartment No. 2, Greenville SC 29609.

**ANSWER:** Star Importers is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 52.

53.     Defendant Holloway does business in this judicial district under the trademark IKETRADE through one or more online sites, including, but not limited to www.atomicmall.com.

**ANSWER:** Star Importers is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 53.

54.     Defendant Ravi Bhatia (hereafter "Bhatia") upon information and belief is a

resident and citizen of the state of Texas residing at 402 Knollwood Court, Euless, TX 76039 USA.

**ANSWER:** Star Importers is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 54.

55.     Upon information and belief, and the records of the Texas Secretary of State Office, Bhatia is the Registered Agent and holds all relevant offices for the co-defendant IWI, including Director, President, Secretary, and Treasurer, and as a consequence the person solely responsible for the actions of IWI.

**ANSWER:** Star Importers is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 55.

56.     Defendant Dimitar Slavov (hereafter "Slavov") upon information and belief is a resident and citizen of California residing at 1373 Spectrum, Irvine, California 92618.

**ANSWER:** Star Importers is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 56.

57.     Upon information and belief, Slavov is the owner and sole proprietor of eCRATER.

**ANSWER:** Star Importers is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 57.

58.     John Does (hereafter "Does") are those yet unidentified individuals and businesses that are manufacturing, importing, in possession and distributing, selling, or offering for sale product which is the subject of this litigation.

**ANSWER:** Star Importers is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 58.

59.     Collectively, the parties identified in paragraphs 2-39 above are referred to herein as the **Defendants.**

**ANSWER:** Star Importers admits the allegations of Paragraph 59.

## JURISDICTION AND VENUE

60.     The court has jurisdiction over this matters because the complaint concerns matters that arise under the United States Trademark Laws, including but not limited to, trademark infringement, false designation of origin, false description, unfair competition and trade dress infringement arising under Title 15 U.S.C. §§1114, 1116, 1125.  The court also has jurisdiction under the United States Copyright Code, namely infringement under Title 17 U.S.C. §§ 101 *et seq*.  The court has ancillary jurisdiction to address the state and common law claims asserted herein, including deceptive trade practices in violation of the Michigan Consumer Protection Act, MCL § 445.901 *et seq.*; and Common law trademark, trade dress, and unfair competition.

**ANSWER:** Star Importers admits the allegations of Paragraph 60.

61.     The district court has original jurisdiction over this civil action pursuant to Title 28 U.S.C. §1338(a).

**ANSWER:** Star Importers admits the allegations of Paragraph 61.

62.     This Court has related claim jurisdiction over the claims arising under Michigan common law pursuant to 28 U.S.C. §1338(b) and 28 U.S.C. §1367.

**ANSWER:** Star Importers admits the allegations of Paragraph 62.

63.     This Court has personal jurisdiction over the Defendants because they are formed under the laws of the State of Michigan, maintain a principal place of business within this judicial district, or conduct business within this judicial district.

**ANSWER:** Star Importers denies the allegations of Paragraph 63 to the extent they apply

to it, and is without knowledge sufficient to form a belief as to the truth of these allegations as they apply to the remaining Defendants.

64.     Venue is proper in this district under 28 U.S.C. §1391(b) and (c) because a substantial part of the events giving rise to the claims occurred in this district and the defendants maintain places of business in this district.

**ANSWER:** Star Importers denies the allegations of Paragraph 64 to the extent they apply to it, and is without knowledge sufficient to form a belief as to the truth of these allegations as they apply to the remaining Defendants.

<u>**COMMON ALLEGATIONS**</u>

**IMPULSARIA'S STIFF NIGHTS® SUPPLEMENT**

65.     Impulsaria re-alleges and incorporates by reference the allegations setforth in paragraphs 1- 63 as if restated herein.

**ANSWER:** Star Importers incorporates by reference its answers to the allegations set forth in paragraphs 1-64 as if restated herein.

66.     Since November of 2007, Impulsaria has been the sole source of a dietary supplement sold under the STIFF NIGHTS® brand name.  See Exhibit 1.

**ANSWER:** Star Importers is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 66.

67.     Since November of 2007, Impulsaria has also been the sole source of the distinctive trade dress of the packaging associated with the STIFF NIGHTS® brand shown in Exhibit 1.

**ANSWER:** Star Importers is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 67.

68.     The STIFF NIGHTS trademark and trade dress has been in use in commerce which Congress may regulate continuously since 2007, or has been subject to a non-use exception during that time period, pursuant to Title 35 U.S.C. § 1058 (Section 8 of the Lanham Act).

**ANSWER:** Star Importers is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 68.

69.     Impulsaria has been the exclusive user of the STIFF NIGHTS trademark and trade dress described above and best shown in Exhibit 1 of the Verified Complaint since its introduction.

**ANSWER:** Star Importers is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 69.

70.     In 2009, Impulsaria was one of the fastest growing dietary supplement providers in the United States.

**ANSWER:** Star Importers is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 70.

71.     Impulsaria achieved such growth and recognition through its hard work, investment in research and development and otherwise perfecting its brand name, its distinctive packaging and uniquely expressed artwork.

**ANSWER:** Star Importers is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 71.

72.     As a result of its endeavors, Impulsaria created and owns valuable intellectual property, including trademarks, trade dress, and copyright.

**ANSWER:** Star Importers is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 72.

73.     In November of 2007, Impulsaria first used the STIFF NIGHTS® brand name in interstate commerce through the sale of the product to convenient stores, health food stores, liquor stores, supermarkets, and other retail outlets.

**ANSWER:** Star Importers is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 73.

74.     Impulsaria applied for registration of the STIFF NIGHTS® mark with the United States Patent and Trademark Office ("USPTO") in March of 2008.

**ANSWER:** Star Importers is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 74.

75.     The USPTO granted federal registration for the STIFF NIGHTS® mark on May 9, 2009 as Registration No. 3621660.  See Exhibit 2.

**ANSWER:** Star Importers is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 75.

76.     Since 2007, Impulsaria has used the STIFF NIGHTS® mark prominently on product packaging and in marketing materials including Internet websites.

**ANSWER:** Star Importers is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 76.

77.     Impulsaria is also the owner and author of the copyrighted material appearing on the STIFF NIGHTS brand of herbal supplement shown in Exhibit 1 of the Verified Complaint, having designed the artwork and selected and arranged the text in combination with the artwork to create the distinctive package.

**ANSWER:** Star Importers is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 77.

78.    Impulsaria has filed an application with the United States Copyright Office for protection of the copyrightable aspects of the STIFF NIGHTS product, and was assigned application serial no.  1-686567201. Exhibit 10.

**ANSWER:**  Star Importers is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 78.

79.    From its introduction in 2007 up through June 2010, Impulsaria expended in excess of $650,000.00 U.S. Dollars promoting the brand in trade journals and at trade shows around the country in the product category of herbal male sexual stimulants.

**ANSWER:** Star Importers is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 79.

80.    Between its introduction in 2007 and June of 2010, Impulsaria sold in excess of 2,127,315 packages of the STIFF NIGHTS brand herbal supplement accounting for an estimated 80% of the market share for male herbal sexual stimulants.

**ANSWER:** Star Importers is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 80.

81.    As a result of substantial advertising and marketing, the STIFF NIGHTS® brand has become an asset of substantial value and is a distinctive indication of the origin and quality of Impulsaria's goods.

**ANSWER:** Star Importers is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 81.

82.    Impulsaria has developed significant and valuable goodwill in its mark since first commencing to utilize the mark in interstate commerce on 2007.

**ANSWER:** Star Importers is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 82.

83.     In October of 2009, Impulsaria was contacted by the United States Food and Drug Administration over concerns about the ingredients in the STIFF NIGHTS product.

**ANSWER:** Star Importers is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 83.

84.     In June of 2010, Impulsaria informed the Food and Drug Administration that the STIFF NIGHTS product that was alleged to contain a controlled substance was counterfeit product produced by third parties.

**ANSWER:** Star Importers is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 84.

85.     In August of 2010, in light of the concerns raised by the USFDA, Impulsaria in cooperation with the manufacturer, voluntarily recalled lot numbers of the STIFF NIGHTS herbal supplement produced before June of 2010.

**ANSWER:** Star Importers is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 85.

86.     Toward that end, and since June of 2010, Impulsaria has not distributed or authorized the manufacture, distribution, or sale of STIFF NIGHTS dietary supplements so as to identify sources of counterfeit STIFF NIGHTS product.

**ANSWER:** Star Importers is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 86.

87.     Since August of 2010, Impulsaria has conducted its own analysis of the composition of the STIFF NIGHTS product and has recently undertaken efforts to reintroduce the STIFF NIGHTS product back into the marketplace.

**ANSWER:** Star Importers is without knowledge sufficient to form a belief as to the truth

of the allegations of Paragraph 87.

88.     In the process of reintroducing the STIFF NIGHTS product back into commerce, Impulsaria learned that its former distributors and retail outlets were selling counterfeit versions of the STIFF NIGHTS product obtained from a third party which were identical in brand and trade dress to the STIFF NIGHTS product previously offered by Impulsaria (hereafter "Counterfeit Stiff Nights" or "CSN").

**ANSWER:** Star Importers is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 88.

## DEFENDANTS CONDUCT

89.     Upon information and belief, Defendants are manufacturers, importers, wholesalers, distributors of general merchandise or cash and carry stores selling, offering for sale, and active internet sites selling and/or distributing products within the state of Michigan.

**ANSWER:**  Star Importers admits that it is an importer and wholesaler of merchandise, but is without knowledge sufficient to form a belief as to the truth of the remaining allegations of Paragraph 89.

90.     Upon information and belief, Defendants are obtaining distributing and acquiring unauthorized and counterfeit STIFF NIGHTS dietary supplements from third parties (John Does and John Doe Corporate Defendants) having a package and external image and language identical to that offered by Impulsaria.  See Exhibits 3 - 9 and 11 - 27.

**ANSWER:** Star Importers is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 90.

91.     Because of the similarity of the marks used by the parties and the related nature of their respective parties' goods, consumers and prospective consumers are likely to be and actually have been deceived, mistaken, and confused as to the source of the STIFF NIGHTS

product.

**ANSWER:** Star Importers is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 91.

<u>**COUNT I**</u>
<u>**INFRINGEMENT OF A FEDERALLY REGISTERED TRADEMARK**</u>

92.     Impulsaria re-alleges the allegations set forth in paragraphs 1 – 90 and incorporates them by reference.

**ANSWER:** Star Importers incorporates by reference its answers to the allegations set forth in paragraphs 1-91 as if restated herein.

93.     Defendants' sale and distribution of dietary supplements in commerce and bearing the STIFF NIGHTS® trademark is an infringement of Impulsaria's registered trademark in violation of 15 U.S.C. §1114.

**ANSWER:** Star Importers is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 93.

94.     Defendants will, if not enjoined by this Court, continue its acts of trademark infringement set forth above, which have caused and will continue to cause Impulsaria immediate and irreparable harm.

**ANSWER:** Star Importers denies the allegations of Paragraph 94 to the extent they apply to it, and is without knowledge sufficient to form a belief as to the truth of these allegations as they apply to the remaining Defendants.

95.     Defendants' acts have damaged Impulsaria's business reputation and have impaired and diluted Impulsaria' goodwill in its trademark.

**ANSWER:** Star Importers is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 95.

96.     Pursuant to 15 U.S.C. §1116, Impulsaria is entitled to a preliminary and permanent injunction enjoining Defendant, its officers, agents, members, and employees from using the STIFF NIGHTS designation, alone or in combination with other words or in any other imitations of the mark STIFF NIGHTS® in advertising, marketing or sale of any of Defendants' herbal supplements or other related goods.

**ANSWER:** Star Importers denies the allegations of Paragraph 96 to the extent they apply to it, and is without knowledge sufficient to form a belief as to the truth of these allegations as they apply to the remaining Defendants.

97.     As a result of Defendants' trademark infringement, Impulsaria has suffered monetary damages.

**ANSWER:** Star Importers is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 97.

98.     Pursuant to 15 U.S.C. §1117, Impulsaria is entitled to a judgment for damages not to exceed three times the amount of its actual damages, plus interest and recovery of an amount equal to Defendants' profits derived from Defendants' unlawful and wrongful use of Impulsaria's mark.

**ANSWER:** Star Importers denies the allegations of Paragraph 98 to the extent they apply to it, and is without knowledge sufficient to form a belief as to the truth of these allegations as they apply to the remaining Defendants.

<u>**COUNT II**</u>
<u>**FALSE DESIGNATION OF ORIGIN/UNFAIR COMPETITION**</u>

99.     Impulsaria re-alleges the allegations set forth in paragraphs 1 – 97 and incorporates them by reference.

**ANSWER:** Star Importers incorporates by reference its answers to the allegations set

forth in paragraphs 1-98 as if restated herein.

100.   Defendants' distribution and use of the STIFF NIGHTS® designation in advertising, marketing, and sales literature as well as on packaging for dietary supplements for its own benefit, in such a fashion as to imitate Impulsaria' trademark creates a likelihood of confusion among the consuming public, and induces, or is likely to induce, the consuming public to believe, contrary to facts, that Defendants' product originates from, is produced by, approved by, or otherwise connected in some way with Impulsaria in violation of 15 U.S.C. §1125(a).

**ANSWER:** Star Importers denies the allegations of Paragraph 100 to the extent they apply to it, and is without knowledge sufficient to form a belief as to the truth of these allegations as they apply to the remaining Defendants.

101.   Defendants' use of the designation STIFF NIGHTS® constitutes a false designation of origin of its goods or a false description or representation of Defendants' goods in violation of 15 U.S.C. §1125(a).

**ANSWER:** Star Importers denies the allegations of Paragraph 101 to the extent they apply to it, and is without knowledge sufficient to form a belief as to the truth of these allegations as they apply to the remaining Defendants.

102.   Defendants' use of the distinctive trade dress of the STIFF NIGHTS® product in advertising, marketing, distribution and sale of dietary supplements for its own benefit, in such a fashion as to imitate Impulsaria' trade dress, constitutes a violation of 15 U.S.C. §1125(a) on the grounds that it creates a likelihood of confusion among the consuming public, and further on the grounds that such usage induces, or is likely to induce, the consuming public to believe, contrary

to facts, that Defendants' product originates from, is produced by, approved by, or otherwise connected in some way with Impulsaria.

**ANSWER:** Star Importers denies the allegations of Paragraph 102 to the extent they apply to it, and is without knowledge sufficient to form a belief as to the truth of these allegations as they apply to the remaining Defendants.

103.    Defendant will, if not enjoined by this Court, continue its acts of unfair competition by the use of the false designation and false representation set forth above, which has caused, and will continue to cause, Impulsaria immediate and irreparable harm.

**ANSWER:** Star Importers denies the allegations of Paragraph 103 to the extent they apply to it, and is without knowledge sufficient to form a belief as to the truth of these allegations as they apply to the remaining Defendants.

104.    Pursuant to 15 U.S.C. §1116, Impulsaria is entitled to a preliminary and permanent injunction enjoining Defendants, their officers, agents, members, and employees from using the STIFF NIGHTS® designation or trade dress, alone or in combination with other words or in any other imitations of the mark STIFF NIGHTS® brand or trade dress in the advertising, marketing or sale of any of Defendants' dietary supplements or other related goods.

**ANSWER:** Star Importers denies the allegations of Paragraph 104 to the extent they apply to it, and is without knowledge sufficient to form a belief as to the truth of these allegations as they apply to the remaining Defendants.

105.    As a result of Defendants' acts of unfair competition, Impulsaria has suffered monetary damages.

**ANSWER:** Star Importers is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 105.

106.     Pursuant to 15 U.S.C. §1117, Impulsaria is entitled to a judgment for damages not to exceed three times the amount of its actual damages, plus interest and recovery of an amount equal to Defendants' profits derived from its unfair competition.

**ANSWER:** Star Importers denies the allegations of Paragraph 106 to the extent they apply to it, and is without knowledge sufficient to form a belief as to the truth of these allegations as they apply to the remaining Defendants.

<u>**COUNT III**</u>
<u>**DEFENDANTS' USE OF CONFUSINGLY SIMILAR TRADE DRESS**</u>

107.     Impulsaria re-alleges the allegations set forth in paragraphs 1 – 105 and incorporates them by reference.

**ANSWER:** Star Importers incorporates by reference its answers to the allegations set forth in paragraphs 1-106 as if restated herein.

108.     Each of the Defendants is in the business of marketing, distributing, and/or selling dietary supplements, among other things, as part of their business.

**ANSWER:** Star Importers is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 108.

109.     Since Impulsaria has withdrawn its STIFF NIGHTS® dietary supplement from the market, Defendants sought out or were approached by third parties to sell and distribute STIFF NIGHT® counterfeit product without the authority of Impulsaria.

**ANSWER:** Star Importers is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 109.

110.     Impulsaria's STIFF NIGHT® trade dress includes:

A.     a sleek, thin package having a black background bearing an image of a lightening bolt proximate the left margin, the lightening bolt having a very distinctive pattern

27

extending from the upper edge to the lower edge of the package;

**ANSWER:** Star Importers is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 110(A).

B. the phrase "REGAIN THE THUNDER" appearing toward the top of the package below the die-cut for hanging the product on hooks, and centered in the field of the package;

**ANSWER:** Star Importers is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 110(B).

C. the dominant appearance of the trademark STIFF NIGHTS® in a stylized red font centered in the front of the package;

**ANSWER:** Star Importers is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 110(C).

D. a least one die cut opening below the trademark for accommodating a blister package sandwiched between the front and back sheets of the package;

**ANSWER:** Star Importers is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 110(D).

E. a red capsule containing the dietary supplement contained within a blister package disposed within the die cut opening;

**ANSWER:** Star Importers is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 110(E).

F. a red background back panel containing fields of text separated by horizontal white lines to delineate the different fields of text, including a background section appearing at the top followed by information about the supplement, followed by a list of ingredients, and closed by a section entitled "precautions."

**ANSWER:** Star Importers is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 110(F).

111.    The counterfeit STIFF NIGHTS® dietary supplements are displayed and sold in the same manner as the authorized product including vertical stacking in containers and hung from retail display hooks.

**ANSWER:** Star Importers is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 110(G).

112.    Upon information and belief, the Defendants intentionally and willfully knew they were ordering and selling counterfeit dietary products bearing the STIFF NIGHTS® brand name, as many were customers of Impulsaria or had been approached by Impulsaria prior to the recall of product in March of 2010.

**ANSWER:** Star Importers denies the allegations of Paragraph 112 to the extent they apply to it, and is without knowledge sufficient to form a belief as to the truth of these allegations as they apply to the remaining Defendants.

113.    Upon information and belief, the Defendants' use of the infringing trade dress has caused actual confusion among consumers.

**ANSWER:** Star Importers is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 113.

114.    Impulsaria has not authorized nor consented to the Defendants use of the infringing trade dress.

**ANSWER:** Star Importers is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 114.

115.    Upon information and belief, the Defendants' aforesaid acts are for the purpose of trading upon Impulsaria's goodwill in the STIFF NIGHTS® trade dress and Impulsaria's

business reputation, with the intention of creating consumer confusion over the source and origin of Defendants' products and to give them a salability they otherwise would not have.

**ANSWER:** Star Importers denies the allegations of Paragraph 115 to the extent they apply to it, and is without knowledge sufficient to form a belief as to the truth of these allegations as they apply to the remaining Defendants.

<u>**COUNT IV**</u>
<u>**COMMON LAW TRADEMARK INFRINGEMENT**</u>

116.    Impulsaria re-alleges the allegations set forth in paragraphs 1 – 114 and incorporates them by reference.

**ANSWER:** Star Importers incorporates by reference its answers to the allegations set forth in paragraphs 1-116 as if restated herein.

117.    Impulsaria used the STIFF NIGHTS® mark more than three years before Defendants first used it.

**ANSWER:** Star Importers is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 117.

118.    Defendants' use of the STIFF NIGHTS® mark infringes upon Impulsaria's ownership and has and will continue to have the effect of causing confusion, mistake, or deception as to the source and origin of Defendants' products and to deceive the public by passing off Defendants' products as being produced, sponsored, or otherwise approved by or connected with Impulsaria.

**ANSWER:** Star Importers is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph118.

119.    Defendants' acts have damaged Impulsaria's business reputation and have

impaired and diluted Impulsaria's goodwill in its trademark.

**ANSWER:** Star Importers is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 119.

120.   Unless enjoined by this Court, Defendant will continue its acts of trademark infringement, thereby deceiving the public and causing Impulsaria immediate and irreparable harm and damage.

**ANSWER:** Star Importers denies the allegations of Paragraph 120 to the extent they apply to it, and is without knowledge sufficient to form a belief as to the truth of these allegations as they apply to the remaining Defendants.

121.   Impulsaria is entitled to a preliminary and permanent injunction enjoining Defendant, its officers, agents, members, and employees from using the designation STIFF NIGHTS® alone or in combination with other words or in any other imitations of the mark STIFF NIGHTS® in the advertising, marketing, distribution or sale of any of Defendants' dietary supplements.

**ANSWER:** Star Importers denies the allegations of Paragraph 121 to the extent they apply to it, and is without knowledge sufficient to form a belief as to the truth of these allegations as they apply to the remaining Defendants.

122.   As a result of Defendants' trademark infringement, Impulsaria has suffered monetary damages.

**ANSWER:** Star Importers is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 122.

123.   Impulsaria is entitled to a judgment for its actual damages, plus interest and recovery of an amount equal to Defendants' profits derived from unlawful and wrongful use of

Impulsaria' mark.

**ANSWER:** Star Importers denies the allegations of Paragraph 123 to the extent they apply to it, and is without knowledge sufficient to form a belief as to the truth of these allegations as they apply to the remaining Defendants.

## COUNT V
## COMMON LAW UNFAIR COMPETITION

124. Impulsaria re-alleges the allegations set forth in paragraphs 1 – 122 and incorporates them by reference.

**ANSWER:** Star Importers incorporates by reference its answers to the allegations set forth in paragraphs 1-123 as if restated herein.

125. The tendency and effect of Defendants' continued use of the STIFF NIGHTS® designation and trade dress, alone or in combination with other words in the advertising, marketing, and sale of its dietary supplements is to cause confusion, mistake, and deception as to the source or origin of Defendants' goods.

**ANSWER:** Star Importers is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 125.

126. Defendants acts have damaged Impulsaria's business reputation and have impaired and diluted Impulsaria' goodwill in its trademark, and constitute common law unfair competition.

**ANSWER:** Star Importers is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 126.

127. Defendants will, if not enjoined by this Court, continue its acts of unfair competition, thereby deceiving and confusing the public and causing Impulsaria immediate and

irreparable harm.

**ANSWER:** Star Importers denies the allegations of Paragraph 127 to the extent they apply to it, and is without knowledge sufficient to form a belief as to the truth of these allegations as they apply to the remaining Defendants.

128.  Impulsaria is entitled to a preliminary and permanent injunction enjoining Defendant, its officers, agents, members, and employees from using the designation STIFF NIGHTS® alone or in combination with other words or in any other imitations of the mark STIFF NIGHTS® in the advertising, marketing, distribution or sale of any of Defendants' dietary supplements.

**ANSWER:** Star Importers denies the allegations of Paragraph 128 to the extent they apply to it, and is without knowledge sufficient to form a belief as to the truth of these allegations as they apply to the remaining Defendants.

129.  As a result of Defendants' unfair competition, Impulsaria has suffered monetary damages.

**ANSWER:** Star Importers denies the allegations of Paragraph 129 to the extent they apply to it, and is without knowledge sufficient to form a belief as to the truth of these allegations as they apply to the remaining Defendants.

130.  Impulsaria is entitled a judgment for its actual damages, plus interest.

**ANSWER:** Star Importers denies the allegations of Paragraph 130 to the extent they apply to it, and is without knowledge sufficient to form a belief as to the truth of these allegations as they apply to the remaining Defendants.

**COUNT VI**
**FEDERAL TRADEMARK DILUTION**

131.    Impulsaria re-alleges the allegations set forth in paragraphs 1 – 129 and incorporates them by reference.

**ANSWER:** Star Importers incorporates by reference its answers to the allegations set forth in paragraphs 1-130 as if restated herein.

132.    Impulsaria is recognized as a provider of dietary supplements in the United States and, as such, Impulsaria's STIFF NIGHTS® brand and trade dress has become famous and distinctive through Impulsaria's continuous use of the name and trade dress in connection with the advertising, marketing, distribution, and sale of its goods.

**ANSWER:** Star Importers is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 132.

133.    Through widespread and favorable public acceptance, Impulsaria's mark and trade dress have gained a reputation as a distinctive indication of the origin and quality of Impulsaria's goods.

**ANSWER:** Star Importers is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 133.

134.    Defendants have used and continue to use a confusingly similar brand and trade dress in connection with the advertising, marketing and sale of its dietary supplements.

**ANSWER:** Star Importers is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 134.

135.    Impulsaria and Defendants' businesses and goods offered for sale are related.

**ANSWER:** Star Importers is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 135.

136.    Defendants' use of the STIFF NIGHTS® mark and trade dress in connection with

the advertising, marketing and sale of its dietary supplements has caused and will continue to cause injury to and dilution of the distinctive quality of the STIFF NIGHTS® mark and trade dress in violation of 15 U.S.C. §1125(c).

**ANSWER:** Star Importers denies the allegations of Paragraph 136 to the extent they apply to it, and is without knowledge sufficient to form a belief as to the truth of these allegations as they apply to the remaining Defendants.

137.    Impulsaria have demanded that Defendant cease and desist from using the mark but Defendant has failed to comply.

**ANSWER:** Star Importers is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 137.

138.    In so doing, Defendant has engaged in the above-described actions willfully, recklessly, wantonly and unlawfully and with the intent to dilute Impulsaria's mark, and with the intent to trade on and benefit from Impulsaria' goodwill and reputation.

**ANSWER:** Star Importers denies the allegations of Paragraph 138 to the extent they apply to it, and is without knowledge sufficient to form a belief as to the truth of these allegations as they apply to the remaining Defendants.

139.    As a direct and proximate result of Defendants' conduct, Impulsaria has suffered and continues to suffer irreparable harm, and Impulsaria has no adequate remedy at law if Defendants' actions in this regard are allowed to continue.

**ANSWER:** Star Importers denies the allegations of Paragraph 139 to the extent they apply to it, and is without knowledge sufficient to form a belief as to the truth of these allegations as they apply to the remaining Defendants.

140.    Pursuant to 15 U.S.C. §1125(c)(1), Impulsaria is entitled to a preliminary and permanent injunction enjoining Defendant, their officers, agents, members and employees from

using the STIFF NIGHTS® mark or trade dress, or any other colorable imitations of Impulsaria's mark or trade dress in the advertising, marketing or sale of Defendants' dietary supplement.

**ANSWER:** Star Importers denies the allegations of Paragraph 140 to the extent they apply to it, and is without knowledge sufficient to form a belief as to the truth of these allegations as they apply to the remaining Defendants.

141. As a result of Defendants' acts as set forth above, and in addition to the irreparable harm already suffered, Impulsaria has suffered monetary damages.

**ANSWER:** Star Importers is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 141.

142. Pursuant to 15 U.S.C. §§1117 and 1118, Impulsaria is entitled to a judgment for damages not less than three times the amount of its actual damages, plus interest and an amount equal to Defendants' profits derived from its unlawful and wrongful conduct, and an order requiring Defendant to destroy all infringing materials.

**ANSWER:** Star Importers denies the allegations of Paragraph 142 to the extent they apply to it, and is without knowledge sufficient to form a belief as to the truth of these allegations as they apply to the remaining Defendants.

<u>**COUNT VII**</u>
<u>**COPYRIGHT INFRINGEMENT**</u>

143. Impulsaria re-alleges the allegations set forth in paragraphs 1 – 141 and incorporates them by reference.

**ANSWER:** Star Importers incorporates by reference its answers to the allegations set forth in paragraphs 1-142 as if restated herein.

144. Impulsaria is the owner and author of the text appearing on the front and back of

the STIFF NIGHT® dietary supplement packaging.

**ANSWER:** Star Importers is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 144.

145. Impulsaria has filed an application for registration of the expressions and text appearing on the STIFF NIGHTS® dietary supplement with the United States Copyright Office, and claims to have a proprietary right to that expression. See Exhibit 10.

**ANSWER:** Star Importers is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 145.

146. The selection, arrangement, and content of the text appearing in the alleged infringing packages of the STIFF NIGHTS® product were copied from Impulsaria and are being reproduced and sold by the Defendants.

**ANSWER:** Star Importers is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 146.

147. Defendants have violated the exclusive rights of Impulsaria granted and instilled in Impulsaria by sections 106 through 122 of the Copyright Act.

**ANSWER:** Star Importers denies the allegations of Paragraph 147 to the extent they apply to it, and is without knowledge sufficient to form a belief as to the truth of these allegations as they apply to the remaining Defendants.

148. Impulsaria alleges the Defendants are infringing upon Impulsaria's exclusive rights under the Copyright Act.

**ANSWER:** Star Importers denies the allegations of Paragraph 148 to the extent they apply to it, and is without knowledge sufficient to form a belief as to the truth of these allegations as they apply to the remaining Defendants.

149. Impulsaria has not authorized or otherwise licensed or granted permission for the

Defendants to reproduce, copy, display, or sell the infringing text and artwork expressed on the original STIFF NIGHTS® dietary supplement.

**ANSWER:** Star Importers is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 149.

150. Defendants infringed the copyrights in Impulsaria's creative works by reproducing, distributing, and/or publicly displaying the works without the proper approval or authorization of Impulsaria.

**ANSWER:** Star Importers is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 150.

151. Upon information and belief, the Defendants knew the infringed works belonged to Impulsaria and that they did not have permission to exploit Impulsaria's works.

**ANSWER:** Star Importers denies the allegations of Paragraph 151 to the extent they apply to it, and is without knowledge sufficient to form a belief as to the truth of these allegations as they apply to the remaining Defendants.

152. Defendants knew their acts constituted copyright infringement.

**ANSWER:** Star Importers denies the allegations of Paragraph 152 to the extent they apply to it, and is without knowledge sufficient to form a belief as to the truth of these allegations as they apply to the remaining Defendants.

153. Defendants' conduct was willful within the meaning of the Copyright Act.

**ANSWER:** Star Importers denies the allegations of Paragraph 153 to the extent they apply to it, and is without knowledge sufficient to form a belief as to the truth of these allegations as they apply to the remaining Defendants.

154. As a result of their wrongful conduct, Defendants are liable to Impulsaria for copyright infringement pursuant to 17 U.S.C. § 501.

**ANSWER:** Star Importers denies the allegations of Paragraph 154 to the extent they apply to it, and is without knowledge sufficient to form a belief as to the truth of these allegations as they apply to the remaining Defendants.

155.    Plaintiff has suffered, and will continue to suffer, substantial losses, including but not limited to damage to its business reputation and goodwill.

**ANSWER:** Star Importers is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 155.

156.    Plaintiff is entitled to recover damages, which include its losses and any and all profits Defendants have made as a result of its wrongful conduct.   17 U.S.C. § 504. Alternatively, Plaintiff is entitled to statutory damages under 17 U.S.C. § 504(c).

**ANSWER:** Star Importers denies the allegations of Paragraph 156 to the extent they apply to it, and is without knowledge sufficient to form a belief as to the truth of these allegations as they apply to the remaining Defendants.

157.    In addition, because Defendants' infringement was willful, the award of statutory damages should be enhanced in accordance with 17 U.S.C. § 504(c)(2).

**ANSWER:** Star Importers denies the allegations of Paragraph 157 to the extent they apply to it, and is without knowledge sufficient to form a belief as to the truth of these allegations as they apply to the remaining Defendants.

158.    Plaintiff is entitled to recover its attorneys' fees and costs of suit pursuant to 17 U.S.C. § 505.

**ANSWER:** Star Importers denies the allegations of Paragraph 158 to the extent they apply to it, and is without knowledge sufficient to form a belief as to the truth of these allegations as they apply to the remaining Defendants.

## COUNT VIII
## MICHIGAN CONSUMER PROTECTION ACT

159.    Impulsaria re-alleges the allegations set forth in paragraphs 1 – 157 and incorporates them by reference.

**ANSWER:** Star Importers incorporates by reference its answers to the allegations set forth in paragraphs 1-158 as if restated herein.

160.    The acts outlined above by the defendants have caused a probability of confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services.

**ANSWER:**  Star Importers is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 160.

161.    The defendants acts outlined above constitute deceptive representations or deceptive designations of geographic origin in connection with goods or services.

**ANSWER:** Star Importers is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 161.

162.    Defendants' actions constitute a representation that the herbal supplement sold under the STIFF NIGHTS brand and trade dress have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities of the original STIFF NIGHTS brand product sold by Impulsaria that they do not have, or that they have sponsorship, approval, status, affiliation, or connection with Impulsaria.

**ANSWER:** Star Importers is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 162.

163.    Defendants' action constitute a representation that the goods are of a particular standard, quality, or grade, or that goods are of a particular style or model, consistent with the original STIFF NIGHTS product distributed by Impulsaria.

**ANSWER:** Star Importers is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 163.

164. All of the above constitute a violation of MCL § 445.901 et seq. as an unfair, unconscionable or deceptive method, act, or practice in the conduct of trade or commerce.

**ANSWER:** Star Importers denies the allegations of Paragraph 164 to the extent they apply to it, and is without knowledge sufficient to form a belief as to the truth of these allegations as they apply to the remaining Defendants.

165. Impulsaria is entitled to an injunction in accordance with the principles of equity to prohibit defendants from engaging or is about to engage in a method, act, or practice and is entitled to recover actual damages together with reasonable attorney fees.

**ANSWER:** Star Importers denies the allegations of Paragraph 165 to the extent they apply to it, and is without knowledge sufficient to form a belief as to the truth of these allegations as they apply to the remaining Defendants.

## COUNT IX
## ATTORNEY'S FEES

166. Impulsaria re-alleges the allegations set forth in paragraphs 1 – 164 and incorporates them by reference.

**ANSWER:** Star Importers incorporates by reference its answers to the allegations set forth in paragraphs 1-165 as if restated herein.

167. Defendants' acts and conduct as described above were willful, fraudulent, reckless, or made in bad faith.

**ANSWER:** Star Importers denies the allegations of Paragraph 167 to the extent they apply to it, and is without knowledge sufficient to form a belief as to the truth of these

allegations as they apply to the remaining Defendants.

168.    As such and pursuant to statute, both federal and under state law, Impulsaria is entitled to receive increases damages up to three times the amount awarded, including attorney's fees in pursuing this action.

**ANSWER:** Star Importers denies the allegations of Paragraph 168 to the extent they apply to it, and is without knowledge sufficient to form a belief as to the truth of these allegations as they apply to the remaining Defendants.

## AFFIRMATIVE DEFENSES

Defendant Star Importers asserts the following affirmative defenses:

1.    Upon information and belief, Plaintiff's claim for copyright infringement as stated in Count VII should be dismissed because Plaintiff's alleged copyright was not registered before the present action was filed, as required by 17 U.S.C. §411(a).

2.    Upon information and belief, Plaintiff is barred from enforcing the rights and recovering the damages alleged in the complaint by the doctrine of unclean hands.

3.    Upon information and belief, the alleged trademark and tradedress registrations are unenforceable for unclean hands.

4.    Any relevant goods that Defendant may have sold were distributed in good faith and based upon the commercial warranties of others.

5.    Defendant reserves the right to add, amend, or withdraw its affirmative defenses as its further investigation or discovery so dictates.

## REQUEST FOR RELIEF

WHEREFORE, Star Importers prays that this Court dismiss this case with prejudice and award it whatever other relief the court deems reasonable.

A JURY TRIAL IS DEMANDED.

Date: January 23, 2011                   By:____/s/Nicholas D. Bowman_____
                                              Nicholas D. Bowman (P74964)
                                              John A. Waters (P22851)
                                              Kevin L. Pontius (P73977)
                                              Waters & Associates PLC
                                              Attorneys for Defendant
                                              305B Waters Building
                                              161 Ottawa Ave., N.W.
                                              Grand Rapids, MI 49503
                                              (616) 242-9550