UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IMPULSARIA, LLC

Plaintiff,

v.

UNITED DISTRIBUTION GROUP, LLC;
MINE BOUTIQUE, LLC; PURPLE HAZE II,
LLC; CIN-LAN, INC.; FASHION DESIGNS,
INC.; EXECUTIVE ART STUDIO, INC.; G.
K. CONVENIENCE STORES, INC.; AJIT
CORPORATION; GUR-ZAL, INC.;
CAPITAL SALES COMPANY; YATIN
ENTERTAINMENT, INC.; PREMIERE
SALES GROUP; ECRATER;
2DAYDIETMAXSUPPLY.COM; PURE
VITAMINS & NATURAL SUPPLEMENTS,
LLC; CHICAGO IMPORT, INC.; R N
INTERNATIONAL, INC.; KARMA
GLOBAL ENTERPRISES, INC.; IMPORT
WAREHOUSE, INC.;
THRIFTYWHOLESALER.COM;
BONANZA.COM, INC.; EJUICE USA
IMPORT EXPORT AND DISTRIBUTION
LLC; STAR IMPORTERS AND
WHOLESALERS; WILLIAM SELLERS;
EMILIANO VEGA; EMILIANA VEGA;
MILO VEGA; EMILIO VEGA; DR. KEN K.
ISSA; RICK HENDRICK; WILLY ALEJO;
BLAKE KING; RAKESH KUMAR; ANEES
DADWANI; RAVI BHATIA; SOLOMON
HOLLOWAY; ULYSSEE BENSON;
DIMITAR SLAVOV; AND JOHN DOES

Defendants

*B*

FILED - GR
January 30, 2012 11:27 AM
TRACEY CORDES, CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: ald / ___ SCANNED BY /s/ 1/30/12

case number: **1:11-CV-1220**

**DEFENDANT'S MOTION TO DISMISS
FOR LACK OF PERSONAL
JURISDICTION**

1

I, Defendant Pro Se Dimitar Slavov, respectfully move this Honorable Court to dismiss plaintiff's action for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). The plaintiff resorts to a range of unsupported and false allegations. The following are the facts about me and eCRATER and are supported by my Affidavit, attached.

I. FACTS

1) I reside in Irvine, California since 2004. I have never been in the State of Michigan. I neither own nor rent real property in the State of Michigan. I have neither offices nor employees in the State of Michigan and run no business there. I have no bank accounts, telephone listings, mailing addresses, statutory agents, licenses or any operations in the State of Michigan. I do not place any advertisements in Michigan newspapers, magazines or other media.

2) I do not contract to insure a person, property, or risk in the state of Michigan. I do not enter into contracts for services to be rendered or for materials to be furnished in the state of Michigan. I do not act as a director, manager, or any other officer of a corporation or any other legal entity incorporated under the laws of, or having its principle place of business within the state of Michigan.

3) eCRATER is a website that I created from scratch in 2004. It is a 100% free online marketplace and web store builder. eCRATER allows sellers to create their own stores at no cost whatsoever. While it provides the platform for the sale, it does not itself sell the items. Items sold on eCRATER are never in eCRATER's physical possession. eCRATER is just an ecommerce service provider and facilitates a transaction between two independent parties. It offers a service "create online store for free". eCRATER does not process any payments nor it is a side in the transaction process as the processes of setting up a store, buying and selling are completely automated and at no cost to neither the seller nor the buyer. It offers a completely free service.

eCRATER is a hosted application which means that it hosts all of the user content. The eCRATER servers are physically located in Los Angeles, California. eCRATER's URL is http://www.ecrater.com

4) eCRATER's Terms of Service (available on the site) state that all users of the site (both buyers and sellers) agree to abide by a User Agreement and be subject to the exclusive jurisdiction of the courts located within the county of Orange, California to resolve any legal matter arising from the terms. By requiring all users to abide by eCRATER's User Agreement eCRATER exercises some limited control over those who trade on its website. The User Agreement requires users to refrain from violating any laws, third party rights, including intellectual property rights, and eCRATER policies.

5) Although www.ecrater.com can be accessed from Michigan it is not specifically targeted to Michigan residents. The website can be retrieved and viewed throughout the world by anyone who can go online.

6) There is no company or DBA registered for eCRATER. As a result eCRATER is not a legal entity. It is an online project. I am associated with eCRATER by being the founder and creator of the project.

7) I do not sell any products through eCRATER nor do I provide any inventory to the merchants who register on the website. The listings are created and posted by third-party users (sellers). The sellers are also responsible for the content of the listings, including the titles and descriptions of the items. eCRATER's role is to connect buyers and sellers and to enable transactions, which are carried out directly between eCRATER users. The plaintiff alleges that I sell, distribute and manufacture products. This statement is incorrect and untrue. The plaintiff did not do enough due diligence or simply failed to understand what eCRATER is and how it works.

8) On Jan 12th 2012 at around 8pm PDT, I found that someone left documents in front of the door of my apartment. After reviewing them, I found that these were regarding case number: 1:11-CV-1220 in which I was listed as defendant.

9) Upon receipt of the complaint I noticed a copy of an eCRATER page which contained a link to a product created and uploaded by merchant "elegantseller". Upon verification that the listing indeed existed, I promptly deactivated the challenging product and notified the plaintiff's attorney. In addition, I identified another similar listing from the same merchant, which I also promptly deactivated.

10) Elgant Seller/Frank is a registered seller on eCRATER and exists under the store name "elegantseller". The store's URL is: http://elegantseller.ecrater.com. I have never received revenue from "elegantseller" whatsoever (payments, fee payments, percentage of sales, advertising revenue, etc). It is elegantseller the party who is responsible for the content of the listing found as an attachment in exhibit 28 in the plaintiff's complaint. I did not create it and neither am selling it.

11) The plaintiff allegations that he previously demanded from me to cease and desists from using his mark are untrue. The Plaintiff has not made any attempt to contact me or eCRATER regarding the claimed infringement and filed the Complaint directly. As a result I was not aware of the claimed infringement until Jan 12, 2012 (the day the summons was served).

12) I am officially registered with the United States Copyright Office as a service provider agent to receive notification of claims of infringement. In addition on every product page of eCRATER there are two prominent links allowing intellectual property owners and their agents to report infringements.

13) On Jan 16th, at 11:52am I had a 10 min 47 sec phone conversation with plaintiff's attorney who admitted that he misunderstood that eCRATER was an online service provider and was not selling anything. He declared an intention to dismiss eCRATER and Dimitar Slavov as defendants from this case. He literally said: "You have my word". He also stated that he would confirm this statement in written. However until now, I have not received a written notice from him.

II. ARGUMENT / LAW INTERPRETATION

The court may grant the Rule 12(b)(2) motion if the plaintiff's allegations are neither "factually based [nor] intuitively apparent," or if the defendant "affirmatively disprove[s]" the allegations. Cable News Network, L.P. v. GoSMS.com, Inc., No. 00 Civ. 4812, 2000 WL 1678039, at *3 (S.D.N.Y. Nov. 6, 2000) (citing Stewart v. Vista Point Verlag & Ringier Publ'g, No. 99 Civ. 4225, 2000 WL 1459839, at *4 (S.D.N.Y. Sept. 29, 2000); Mantello v. Hall, 947 F. Supp. 92, 102 (S.D.N.Y. 1996)).

Depending on a foreign defendant's presence and domicile in the state, jurisdiction may be established in Michigan on either a "general" or "limited" basis.

For general jurisdiction to exist, a foreign individual must have "presence in the state at the time when process is served" or "domicile in the state at the time when process is served" [MCL, Section 600.701].

I am a California resident and I have never been in the state of Michigan nor I have ever owned or rented a property in the state of Michigan. [Affidavit, Paragraph 1]

Limited personal jurisdiction may be exercised over a foreign individual in litigation that arises out of any the following relationships between the individual and the state:

(1) The transaction of any business within the state [MCL, 600.705(1)]

I do not do business in the state of Michigan. [Affidavit, Paragraphs 1, 2, 3 and 5]

(2) The doing or causing an act to be done, or consequences to occur, in the state resulting in an action for tort [MCL, 600.705(2)]

I did not commit any "doing" or act, let alone tortuous act because the challenged product was created and posted by a third-party user – seller "elegantseller", using the eCRATER ecommerce platform. [Affidavit, Paragraphs 7 and 9] The Plaintiff has not made any attempt to contact me regarding the claimed infringement and filed the Complaint directly. As a result I was not aware that the product infringed upon the plaintiff's trademark until Jan 12, 2012 when the summons was served on. [Affidavit, Paragraphs 11] After I learned that the product page infringed upon the plaintiff's trademark I promptly deactivated the challenged product and notified the plaintiff's attorney. [Affidavit, Paragraphs 9]. The user a"elegantseller" is not an agent of mine. He is merely a user of my website. I did not receive any revenue (fees, payments, advertising, etc) from elegantseller's use of my site. [Affidavit, Paragraph 10]

(3) The ownership, use, or possession of real or tangible personal property situated within the state [MCL, 600.705(3)]

I do not possess, use or rent any property in the State of Michigan. [Affidavit, Paragraph 1]

(4) Contracting to insure a person, property, or risk located within this state at the time of

6

contracting [MCL, 600.705(4)]

I have never contracted to insure a person, property or risk located in the state of Michigan. [Affidavit, Paragraph 2]

(5) Entering into a contract for services to be rendered or for materials to be furnished in the state by the defendant [MCL, 600.705(5)]

I have never entered into contract for services to be rendered or for materials to be furnished in the state of Michigan. [Affidavit, Paragraph 2]

(6) Acting as a director, manager, trustee, or other officer of a corporation incorporated under the laws of, or having its principal place of business within this state [MCL, 600.705(6)]

I have never acted as a director, manager, or any other officer of a corporation or any other legal entity incorporated under the laws of, or having its principle place of business within the state of Michigan. [Affidavit, Paragraph 2]

(7) Maintaining a domicile in this state while subject to a marital or family relationship which is the basis of the claim for divorce, alimony, separate maintenance, property settlement, child support, or child custody [MCL, 600.705(7)]

I have never maintained a domicile in the State of Michigan. [Affidavit, Paragraph 1]

Lastly, 17 U.S.C. § 512 (Limitations on liability relating to material online) provides safe harbors to online service providers (what eCRATER is) if the service provider "responds expeditiously to remove, or disable access to, the material that is claimed to be infringing upon notification of

7

claimed infringement". I learned about about the infringement on Jan 12, 2012, promptly deactivated the product and notified the plaintiff attorney's notice. [Affidavit, Paragraph 9]

Because I concluded that the exercise of jurisdiction is not appropriate here, I do not reach the due process question.

III. CONCLUSION

For all of the above reasons, the State of Michigan does not have personal jurisdiction over me. I respectfully request this Court dismiss this action with prejudice for lack of personal jurisdiction.

Date: Jan 25th 2012                                Respectfully submitted,


                                                   ----------------------------------------

                                                   Dimitar Slavov (eCRATER.com)
                                                   Pro Se Defendant

                                                   1373 Spectrum
                                                   Irvine, CA 92618
                                                   phone: 949.378.244