UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IMPULSARIA, LLC,                                    )
a Nevada Limited Liability Company                  )
                                                    )
          Plaintiff,                    )     Case No. 1:11-cv-01220-RHB
v.                                                  )
                                                    )     Hon. Robert Holmes Bell
United Distribution Group, LLC, dba United          )
Wholesale Grocery; Mine Boutique LLC; and           )
Purple Haze II, LLC; all Michigan Limited           )
Liability Companies;                                )
       and                                 )
Cin-Lan, Inc.; Fashion Designs, Inc.; Executive     )
Art Studio, Inc.; G.K. Convenience Stores, Inc.;    )
Ajit Corporation; Gur-Zal, Inc.; Capital Sales      )
Company; and Yatin Entertainment, Inc.; all         )
Michigan Corporations;                              )
       and                                 )
Premiere Sales Group; a California corporation;     )
       and                                 )
eCRATER; a California company;                      )
       and                                 )
www.2davdietmaxsupply.com; a Florida company;  )
       and                                 )
Pure Vitamins & Natural Supplements, LLC; a         )
Florida limited liability company;                  )
       and                                 )
Karma Global Enterprises, Inc.; Import Warehouse, )
Inc., and Starco Impex, Inc.;                       )
www.thriftywholesaler.com, all Texas companies;    )
       and                                 )
Ejuice USA Import Export and Distribution LLC;      )
a Virginia limited liability company;               )
       and                                 )
Star Importers and Wholesalers; a Georgia company)
       and                                 )
S&N Enterprises, Inc. of Virginia; a Virginia       )
corporation;                                        )
       and                                 )
Sunshine Films, Inc., a California corporation;     )
       and                                 )
E&A Video & Magazine, a New Jersey company;         )
       and                                 )
Max Distributors, Inc., a New Jersey corporation;   )
       and                                 )

hM Distributors, a Georgia company;                                          )
     and                                          )
CB Distributors, Inc., an Illinois company;                                  )
     and                                          )
GIMIX, Inc., a Florida corporation;                                          )
     and                                          )
Triangle Wholesale, Inc.; an Illinois corporation;                           )
     and                                          )
Captiol News Agency Co., an Illinois corporation;                            )
     and                                          )
ANRPG LLC, a New Jersey, a limited liability                                 )
company, dba Adult Content Factory, New                                      )
Pandemonium, Forbidden Media, New Release                                    )
Distributors and aka Adult New Release Preview                               )
Guide, LLC, a New Jersey limited liability company;                          )
     and                                          )
Price Rite Shopping Group, LLC, a New Jersey                                 )
limited liability company;                                                   )
     and                                          )
SLK Distributors, LLC, a Georgia limited liability                           )
company;                                                                     )
     and                                          )
Unique Medium, LLC/One Big Willy, a New York                                 )
limited liability company;                                                   )
     and                                          )
Mistoo Party World, LLC, a Michigan limited                                  )
liability company;                                                           )
     and                                          )
Empire Distributors, Inc., an Illinois corporation;                          )
     and                                          )
Wholesale Products and Entertainment, LLC, a                                 )
New Jersey limited liability company;                                        )
     and                                          )
William Sellers, an Alabama resident;                                        )
     and                                          )
Emiliano Vega, Emiliana Vega, Milo Vega, Emilio                              )
Vega, Dr. Ken K. Kissa, and Rick Hendrick, all                              )
Florida residents;                                                           )
     and                                          )
Willy Alejo, a New Jersey resident;                                          )
     and                                          )
Blake King, a New York resident;                                             )
     and                                          )
Rakesh Kumar, a Michigan resident;                                           )
     and                                          )
Anees Dadwani and Ravi Bhatia, both Texas residents; )
     and                                          )

```
Solomon Holloway, a South Carolina resident;      )
          and                                     )
Ulyssee Benson, a Virginia resident;              )
          and                                     )
Dimitar Slavov, a California resident;            )
          and                                     )
John Does                                         )
                    Defendants.                   )
_____ )
```

## MEMO IN SUPPORT OF MOTION TO DISMISS BY DEFENDANT RAVI BHATIA

Defendant Ravi Bhatia seeks an order dismissing the Third Amended Complaint of Plaintiff Impulsaria, LLC as to Mr. Bhatia individually for lack of personal jurisdiction pursuant to Fed.R.Civ.P. 12(b)(2).

Plaintiff Impulsaria, LLC's sole basis for asserting personal jurisdiction over Mr. Bhatia is an allegation that Mr. Bhatia holds "all relevant offices for the co-defendant" Import Warehouse, Inc. "and as a consequence [is] the person solely responsible for the actions of" Import Warehouse, Inc.  (Doc. 84 Third Amended Complaint, ¶91.)

This assertion is devoid of any allegation of contacts with Michigan by Mr. Bhatia, in his individual capacity or otherwise, and can therefore only be understood as an allegation that personal jurisdiction exists over Mr. Bhatia due to his corporate role with co-defendant Import Warehouse, Inc.  Such allegation is insufficient to establish personal jurisdiction over Mr. Bhatia and, as set forth below and in the accompanying Affidavit by Mr. Bhatia, personal jurisdiction over Mr. Bhatia does not exist in this district regardless.

## LAW

Pursuant to Michigan law, "there is a presumption that the corporate form will be respected."  *Servo Kinetics, Inc. v. Tokyo Precision Instruments Co.*, 475 F.3d 783, 798 (6th Cir. 2007) (citing *Seasword v. Hilti*, 449 Mich. 542, 547, 537 N.W.2d 221 (1995)).  In accordance with this presumption, the Sixth Circuit has stated that "jurisdiction over the individual officers of a corporation cannot be predicated merely upon jurisdiction over the corporation."  *Balance*

*Dynamics Corp. v. Schmitt Indus.*, 204 F.3d 683, 698 (6th Cir. 2000) (quoting *Weller v. Cromwell Oil Co.*, 504 F.2d 927, 929 (6th Cir. 1974)).  Thus, in the absence of sufficient minimum contacts with Michigan to establish jurisdiction, personal jurisdiction over a corporate officer may be established by "piercing the corporate veil" of the corporate entity over whom personal jurisdiction is proper if such entity has been used as the corporate officer's alter ego. *Estate of Thomson v. Toyota Motor Corp. Worldwide*, 545 F.3d 357, 362 (6th Cir. 2008) (quoting *Patin v. Thoroughbred Power Boats Inc.*, 294 F.3d 640, 653 (5th Cir. 2002)).

Regarding this analysis, "Michigan courts will not pierce the corporate veil unless (1) the corporate entity was a mere instrumentality of another entity or individual; (2) the corporate entity was used to commit a fraud or wrong; and (3) the plaintiff suffered an unjust loss." *Servo Kinetics*, 475 F.3d at 798 (citing *Foodland Distribs. V. Al-Naimi*, 220 Mich.App. 453, 559 N.W.2d 379, 381 (1996)).  "Factors to be considered include undercapitalization of the corporation, the maintenance of separate books, the separation of corporate and individual finances, the use of the corporation to support fraud or illegality, the honoring of corporate formalities, and whether the corporation is merely a sham." *Laborers' Pension Trust Fund v. Sidney Weinberger Homes, Inc.*, 872 F.2d 702, 704-05 (6th Cir. 1988) (citations omitted).

## DISCUSSION

As established by the accompanying Affidavit of Mr. Bhatia, any effort to pierce the corporate veil of co-defendant Import Warehouse, Inc. to establish personal jurisdiction over Mr. Bhatia is wholly inappropriate.

Import Warehouse, Inc. has facilities in Dallas, Texas and is a wholesale supplier of goods to resellers and distributors, such as retail convenience stores, dollar stores, and the like. Its products include automotive goods, household products, candy and snack goods, non-alcoholic beverages, toys, novelty items, health and beauty products, as well as tobacco products

4

and other products.  (IWI Exhibit 1, Affidavit ¶¶ 7, 9.)[1]  Import Warehouse, Inc. is a corporation

of the State of Texas, with its predecessor having been established in 1986, and currently has

approximately forty-three (43) employees.  It has no facilities outside of Texas.  (IWI Ex. 1, ¶¶ 6,

7.)

Import Warehouse, Inc. does not manufacture any of the products it distributes, nor does

Import Warehouse, Inc. re-brand or represent that it is the source or producer of any of the

products it distributes.  Import Warehouse, Inc. merely purchases and warehouses products for

subsequent sale and distribution to retailers.  (IWI Ex. 1, ¶10.)

Import Warehouse, Inc. offers its customers over 10,000 separate products by stock-

keeping units (SKUs), with the complained of STIFF NIGHTS products representing only about

1 or 2 of those SKUs.  Thus, the complained of STIFF NIGHTS products previously sold by

Import Warehouse, Inc. only represented less than 0.02% of its product line.  (IWI Ex. 1, ¶11.)

Import Warehouse, Inc.'s sales for the year 2011 exceeded $10 million, and in terms of total

sales for the year 2011, Import Warehouse, Inc.'s sales of the complained of STIFF NIGHTS

products represented less than 0.25% of total sales dollars.  (IWI Ex. 1, ¶12.)  Import Warehouse,

Inc. has ceased sales of the complained of STIFF NIGHTS products, does not have any

inventory of the product, and has not made any sales of the complained of product since

December 15, 2011. (IWI Ex. 1, ¶13.)

Import Warehouse, Inc. began distributing the STIFF NIGHTS product in 2009.  To the

best of Mr. Bhatia's knowledge and belief, the STIFF NIGHTS product that Import Warehouse,

Inc. handled was understood to be an authentic, genuine product.  (IWI Ex. 1, ¶15.)  At no time

did Mr. Bhatia or anyone at Import Warehouse, Inc. know or believe that Import Warehouse was

distributing a counterfeit STIFF NIGHTS product.  Mr. Bhatia still has no knowledge of whether

---

[1] For reference, co-defendant Import Warehouse, Inc. maintains a website at www.importwarehouseinc.com.

the STIFF NIGHTS product that Import Warehouse Inc. did distribute was anything other than authentic. (IWI Ex. 1, ¶20.)

Moreover, Import Warehouse, Inc. is legally incorporated and conducts and observes the formalities for maintaining its corporate status, including maintaining its own financial books separate and apart from Mr. Bahtia's personal finances and maintaining sufficient capitalization to operate its business, as evidenced by its significant sales.  (IWI Ex. 1, ¶¶ 8, 21, 22.)  Finally, to the extent Mr. Bahtia has undertaken any activities or had any communications with customers regarding the STIFF NIGHTS product, such actions were undertaken solely in his corporate capacity as an officer of Import Warehouse, Inc.  (IWI Ex. 1, ¶14.)

## SUMMARY

Import Warehouse, Inc. is a long-existing and legitimate, ongoing business concern and not a mere instrumentality of Mr. Bahtia.  Moreover, Import Warehouse, Inc. and Mr. Bahtia have no knowledge that any of the STIFF NIGHTS products that it distributed were in fact counterfeit.  Accordingly, the Third Amended Complaint should be dismissed as to Mr. Bahtia pursuant to Fed.R.Civ.P. 12(b)(2).

Respectfully submitted,

Dated:  February 2, 2012

**/Terence J. Linn/**
Terence J. Linn
Karl T. Ondersma
**Gardner, Linn, Burkhart & Flory, LLP**
2851 Charlevoix Drive SE, Ste 207
Grand Rapids, MI  49546
(616) 975-5500
Email:  linn@glbf.com; ondersma@glbf.com
Attorneys for Ravi Bhatia

**<u>Certificate of Service</u>**

I hereby certify that on February 2, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

**<u>/Terence J. Linn/</u>**
Terence J. Linn