# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

---

**IMPULSARIA, LLC**, Plaintiff,

v

**United Distribution Group, LLC dba
United Wholesale Grocery; Mine
Boutique LLC; Purple Haze II, LLC;
Cin-Lan, Inc.; Fashion Designs, Inc.;
Executive Art Studio, Inc.; G.K.
Convenience Stores, Inc.; Ajit
Corporation; Gur-Zal, Inc.; Capital
Sales Company; Yatin Entertainment,
Inc.; Premier Sales Group; eCRATER;
www.2daydietmaxsupply.com; Pure
Vitamins & Natural Suplements, LLC;
Chicago Import, Inc; R N International,
Inc.; Karma Global Enterprises, Inc.;
Import Warehouse, Inc.; Starco Impex,
Inc.; www.thriftywholesaler.com;
Bonanza.com Inc.; Ejuice USA Import
Export and Distribution LLC; Star
Importers and Wholesalers; S & N
Enterprises, Inc.; Sunshine Films, Inc.;
E & A Video & Magazine; Max
Distributors, Inc.; hM Distributors; CB
Distributors, Inc.; GIMIX, Inc.;
Triangle Wholesale, Inc.; Capitol News
Agency Co.; ANRPG LLC; Price Rice
Shopping Group, LLC; SLK
Distributors, LLC; Unique Medium,
LLC / One Big Willy Mistoo Party
World, LLC; Empire Distributors, Inc.;
Wholesale Products and Entertainment,
LLC; William Sellers; Emiliano Vega,
Emiliana Vega; Milo Vega; Emilio Vega;
Dr. Ken K. Issa; Rick Hendrick; Willy
Alejo; Blake King; Rakesh Kumar;
Anees Dadwani; Ravi Bhatia; Solomon
Holloway; Ulyssee Benson; Dimitar
Slavov; and John Does**, Defendants.

Case No. 1:11-CV-1220
Hon. Robert Holmes Bell

---

## DEFENDANT CAPITAL SALES COMPANY'S
## ANSWER TO THE THIRD AMENDED COMPLAINT

NOW COMES Defendant Capital Sales Company ("Capital") and answers the

allegations of the Third Amended Complaint as follows:

### THE PARTIES

**THE PLAINTIFF:**

1.      Plaintiff Impulsaria, LLC (hereinafter "Impulsaria") is a limited liability company

organized and existing the under the laws of the State of Nevada with its principal place of

business in Grand Rapids, Michigan.

**Answer**: Capital neither admits nor denies the allegations contained therein for lack of

sufficient knowledge or information upon which to plead and leaves Plaintiff to its proofs.

**THE DEFENDANTS:**

2.      Defendant United Distribution Group, LLC (hereinafter "United") is a limited

liability company organized and existing under the laws of the State of Michigan doing business

as United Wholesale Grocery located in Grand Rapids, Michigan.

**Answer**: Capital neither admits nor denies the allegations contained therein for lack of

sufficient knowledge or information upon which to plead and leaves Plaintiff to its proofs.

3.      Defendant Cin-Lan, Inc. (hereinafter "Cin-Lan") is a for-profit corporation

organized and existing under the laws of the State of Michigan, doing business as Déjà Vu Love

Boutique at 1000 West Jolly Road, City of Lansing, State of Michigan.

**Answer**: Capital neither admits nor denies the allegations contained therein for lack of

sufficient knowledge or information upon which to plead and leaves Plaintiff to its proofs.

4.      Defendant Mine Boutique LLC (hereafter "Mine") is a limited liability company organized and existing under the laws of the State of Michigan, doing business as Déjà Vu Love Boutique located at 1336 Ravine Road, City of Kalamazoo, and State of Michigan.

**Answer**: Capital neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information upon which to plead and leaves Plaintiff to its proofs.

5.      Defendant Fashion Designs, Inc. (hereafter "Fashion Designs") is a for-profit corporation organized and existing under the laws of the State of Michigan, doing business as Velvet Touch, located at 1819 W Main St, City of Kalamazoo, State of Michigan, within this judicial district.

**Answer**: Capital neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information upon which to plead and leaves Plaintiff to its proofs.

6.      Defendant Executive Art Studio, Inc. (hereafter "Executive Art") is a for-profit corporation organized and existing under the laws of the State of Michigan, doing business as Velvet Touch located at 1819 W. Main St., City of Kalamazoo, State of Michigan, within this judicial district.

**Answer**: Capital neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information upon which to plead and leaves Plaintiff to its proofs.

7.      Defendant G. K. Convenience Stores, Inc. (hereafter "G.K.") is a for-profit corporation organized and existing under the laws of the State of Michigan, doing business as the Smoke Hut, located at 3040 Portage Street, City of Kalamazoo, State of Michigan, within this judicial district.

**Answer**: Capital neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information upon which to plead and leaves Plaintiff to its proofs.

8.      Defendant Ajit Corporation (hereafter "Ajit") is a for-profit corporation, organized and existing under the laws of the State of Michigan, doing business as Laketon Marathon, located at 1121 E. Laketon Street, City of Muskegon, State of Michigan, within this judicial district.

**Answer**: Capital neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information upon which to plead and leaves Plaintiff to its proofs.

9.      Defendant Gur-Zal, Inc. (hereafter "Gur-Zal") is a for-profit corporation organized and existing under the laws of the State of Michigan, doing business as Sunny Mart, and located at 2906 S. Getty Street, City of Muskegon, State of Michigan, also within this judicial district.

**Answer**: Capital neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information upon which to plead and leaves Plaintiff to its proofs.

10.     Defendant Capital Sales Company (hereafter "Capital") is a for-profit corporation organized and existing under the laws of the State of Michigan having a principal place of business located at 1471 E. Nine Mile Rd., Hazel Park, Michigan 48030.

**Answer**: Admitted.

11.     Capital Sales Company is doing business in this judicial district.

**Answer**: Admitted.

12.     Defendant Chicago Import, Inc. (hereafter "Chicago") is a for-profit corporation organized and existing under the laws of the State of Illinois having a principal place of business located at 3801-11 Lawrence Road, Chicago, Illinois 60625.

**Answer**: Capital neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information upon which to plead and leaves Plaintiff to its proofs.

4

13.     Chicago does business in this judicial district.

**Answer**: Capital neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information upon which to plead and leaves Plaintiff to its proofs.

14.     Defendant R N International, Inc. (hereafter "RN" is a for-profit corporation organized and existing under the laws of the State of Illinois having a principal place of business located at 3909 West Lawrence Avenue, Chicago, Illinois 60625-6211.

**Answer**: Capital neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information upon which to plead and leaves Plaintiff to its proofs.

15.     RN is doing business within this judicial district.

**Answer**: Capital neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information upon which to plead and leaves Plaintiff to its proofs.

16.     Defendant Purple Haze (hereafter "Purple Haze"), upon information and belief, is a sole proprietorship doing business at 4236 Kalamazoo Ave., S.E., Grand Rapids, Michigan 49508 and is doing business in this judicial district.

**Answer**: Capital neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information upon which to plead and leaves Plaintiff to its proofs.

17.     Defendant Yatin Entertainment, Inc. (hereafter "Yatin"), is a corporation organized and existing under the laws of the state of Michigan, having a principal place of business at 2604 Briarwood Ct., Kentwood, MI 49512, and is doing business in this judicial district.

**Answer**: Capital neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information upon which to plead and leaves Plaintiff to its proofs.

5

18.     Defendant Karma Global Enterprises, Inc. (hereafter "Karma"), dba EZ Wholesale, is a corporation organized and existing under the laws of the state of Texas, having a principal place of business at 8000 Harwin Drive, Suite 270, Houston, Texas 77036.

**Answer**: Capital neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information upon which to plead and leaves Plaintiff to its proofs.

19.     Upon information and belief, defendant Karma is the owner and proprietor of an online internet company doing business in this judicial district under the name www.littlegeniedistributors.com, and located at 8000 Harwin Drive, Suite 270, Houston, Texas 77036.

**Answer**: Capital neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information upon which to plead and leaves Plaintiff to its proofs.

20.     Defendant top5supps.com (hereafter "Top5") upon information and belief is a New York sole proprietorship doing business online in this judicial district under the domain name www.top5supps.com and maintains a principal place of business located at 319 Lafayette St., Unit 179, New York, N.Y.

**Answer**: Capital neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information upon which to plead and leaves Plaintiff to its proofs.

21.     Defendant 2daydietmaxsupply.com (hereafter "2Day") upon information and belief is a sole proprietorship located at 4325 Johnson Dairy Road, Unit 172, Palm Beach Gardens, Florida 33410, and doing business online in this judicial district.

**Answer**: Capital neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information upon which to plead and leaves Plaintiff to its proofs.

22.     Defendant Import Warehouse, Inc., (hereafter "IWI") is a corporation organized and existing under the laws of the state of Texas, having a principal place of business located at 11311 Harry Hines Blvd, Suite 201, Dallas, Texas 75229 and is doing business in this judicial district under one or more of the names of Import Warehouse, Inc., Old World Grocery #1, and World Grocery #2.

**Answer**: Capital neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information upon which to plead and leaves Plaintiff to its proofs.

23.     Defendant Premiere Sales Group (hereafter "Premiere") is a corporation organized and existing under the laws of the state of California having a principal place of business located at 21446 Golden Triangle Road, Santa Clarita, California 91350, and doing business in this judicial district.

**Answer**: Capital neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information upon which to plead and leaves Plaintiff to its proofs.

24.     Defendant Pure Vitamins & Natural Supplements, LLC, dba Natural Vigor-25 (hereafter "Pure Vitamins"), is a limited liability company formed and existing under the laws of the state of Florida, and has a principal place of business located at 1708 E. North Bay, Tampa, Fl 33610.

**Answer**: Capital neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information upon which to plead and leaves Plaintiff to its proofs.

25.     Upon information and belief, Defendant Pure Vitamins is doing business in this judicial district by introducing product into the stream of commerce that is distributed and sold in this state.

**Answer**: Capital neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information upon which to plead and leaves Plaintiff to its proofs.

26.     Defendant eCRATER (hereafter "eCRATER") upon information and belief is a www.ecrater.com and maintains a principal place of business located at 1373 Spectrum, Irvine, California 92618.

**Answer**: Capital neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information upon which to plead and leaves Plaintiff to its proofs.

27.     Defendant thriftywholesaler.com (hereafter "Thrifty") upon information and belief is a Texas sole proprietorship doing business online in this judicial district under the domain name www.thriftywholesaler.com and maintains a principal place of business located at 8905 Majors Dr., Greenville, Texas 75402.

**Answer**: Capital neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information upon which to plead and leaves Plaintiff to its proofs.

28.     Defendant Bonanza.com, Inc. (hereafter "Bonanza") upon information and belief is a Washington corporation doing business online in this judicial district under the domain name www.bonanza.com and maintains a principal place of business located at 1780 Barnes Blvd. S.W., Tumwater, Washington 98512.

**Answer**: Capital neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information upon which to plead and leaves Plaintiff to its proofs.

29.     Defendant Star Importers and Wholesalers (hereafter "Star") is a company existing under the laws of the state of Georgia having a principal place of business located at 2043 Mountain Industrial Blvd., Tucker, Georgia 30084, and doing business in this judicial district.

8

**Answer**: Capital neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information upon which to plead and leaves Plaintiff to its proofs.

30.     Defendant Starco. Impex, Inc. upon information and belief is a Texas corporation having a principal place of business located at 2710 S. 11th Street, Beaumont, Texas 77701, and doing business in this judicial district.

**Answer**: Capital neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information upon which to plead and leaves Plaintiff to its proofs.

31.     Defendant S & N Enterprises, Inc. of Virginia upon information and belief is a Virginia corporation having a principal place of business located at 4115 Old Hopkins Road, Richmond, Virginia, 23234, and doing business in this judicial district.

**Answer**: Capital neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information upon which to plead and leaves Plaintiff to its proofs.

32.     Defendant Blake King (hereafter "King"), is an individual residing in New York and upon information and belief, resides at 319 Lafayette Street, Apartment 179, New York, NY 10012.

**Answer**: Capital neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information upon which to plead and leaves Plaintiff to its proofs.

33.     Upon information and belief, King is the owner and proprietor of an online Internet company doing business in this judicial district under the name www.top5supps.com (hereafter "Top5"), located at 319 Lafayette St., Unit 179, New York, N.Y.

**Answer**: Capital neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information upon which to plead and leaves Plaintiff to its proofs.

34.     Defendant Emiliano Vega (hereafter "Vega"), is an individual and upon information and belief, is residing at 8163 Sandpiper Way, West Palm Beach, Florida 33412.

**Answer**: Capital neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information upon which to plead and leaves Plaintiff to its proofs.

35.     Upon information and belief, Vega is the owner and proprietor of an online Internet company doing business in this judicial district under the name www.2daydietmaxsupply.com and located at 4325 Johnson Dairy Road # 172, Palm Beach Gardens, Florida 33410.

**Answer**: Capital neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information upon which to plead and leaves Plaintiff to its proofs.

36.     Defendant Vega does business in this judicial district under the name Valuemart, offering for sale, selling and shipping products into the state through one or more websites, including but not limited to www.atomicmall.com.

**Answer**: Capital neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information upon which to plead and leaves Plaintiff to its proofs.

37.     Defendant Emiliana Vega (hereafter "Emiliana Vega"), upon information and belief, is a fictitious name one of Emiliano Vega, a Florida resident identified above, and is the person solely responsible for the business operated under the domain name www.2daydietmaxsupply.com, both of whom do business in this judicial district.

**Answer**: Capital neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information upon which to plead and leaves Plaintiff to its proofs.

38.     Defendant Milo Vega (hereafter "Milo Vega"), upon information and belief, is a fictitious name one of Emiliano Vega, a Florida resident identified above, and is the person

10

solely responsible for the business operated under the domain name

www.2daydietmaxsupply.com, both of whom do business in this judicial district.

**Answer**: Capital neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information upon which to plead and leaves Plaintiff to its proofs.

39. Defendant Emilio Vega (hereafter "Emilio Vega"), upon information and belief, is a fictitious name one of Emiliano Vega, a Florida resident identified above, and is the person solely responsible for the business operated under the domain name

www.2daydietmaxsupply.com, both of whom do business in this judicial district.

**Answer**: Capital neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information upon which to plead and leaves Plaintiff to its proofs.

40. Defendant Ken K. Issa (hereafter "Issa"), upon information and belief, is a resident of the state of Florida, living at 1708 E. North Bay St., Tampa, Florida 33610, and is the person primarily responsible for and acting outside the authority of co-defendant Pure Vitamins, named above.

**Answer**: Capital neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information upon which to plead and leaves Plaintiff to its proofs.

41. Defendant Rakesh Kumar (hereafter "Kumar"), upon information and belief, is a resident of the state of Michigan, living at 2604 Briarwood Ct., S.E., Kentwood, MI 49512, and is the person primarily responsible for and acting outside the authority of co-defendant Yatin Entertainment, Inc. named above.

**Answer**: Capital neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information upon which to plead and leaves Plaintiff to its proofs.

42.     Upon information and belief, Defendant Willy Alejo (hereafter "Alejo") is the owner and proprietor of an online Internet company doing business in this judicial district under the domain name www.levellenatural.com and located at 416 Undercliff Avenue, Apartment 2, Edgewater, New Jersey 07020.

**Answer**: Capital neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information upon which to plead and leaves Plaintiff to its proofs.

43.     Defendant William Sellers (hereafter "Sellers") is a resident of Alabama, and is the owner and proprietor of Capitol City Trading, a sole proprietorship located at 8 Commerce Street, Suite 1150, Montgomery, Alabama.

**Answer**: Capital neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information upon which to plead and leaves Plaintiff to its proofs.

44.     Upon information and belief, Sellers is doing business in this judicial district under the domain name www.littlegeniedistributors.com located at 8 Commerce St., Suite 1150, Montgomery, Alabama.

**Answer**: Capital neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information upon which to plead and leaves Plaintiff to its proofs.

45.     Upon information and belief, Sellers is a resident of Alabama located at P.O. Box 230991, Montgomery, Alabama 36123.

**Answer**: Capital neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information upon which to plead and leaves Plaintiff to its proofs.

46.     Defendant Anees Dadwani, (hereafter "Dadwani") is a resident of Texas living at 15027 Moss Bridge Lane, Sugar Land, Texas 77498.

**Answer**: Capital neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information upon which to plead and leaves Plaintiff to its proofs.

47.     Upon information and belief, Dadwani is the chief executive officer of Karma Global Enterprises, Inc. and who personally directed business to this judicial district and is subject to both general and specific jurisdiction of this court.

**Answer**: Capital neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information upon which to plead and leaves Plaintiff to its proofs.

48.     Defendant Ejuice USA Import Export and Distribution LLC (hereafter "EJuice") is a Virginia limited liability company having a principal place of business located at 3601 Montross Ave., Richmond, VA 23222.

**Answer**: Capital neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information upon which to plead and leaves Plaintiff to its proofs.

49.     Ejuice is an importer, exporter, and distributor of product doing business in this judicial district online through the Internet on one or more websites, including but not limited to www.atomicmall.com.

**Answer**: Capital neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information upon which to plead and leaves Plaintiff to its proofs.

50.     Ulyssee Benson (hereafter "Benson"), is a Virginia resident, living at 3601 Montross Ave., Richmond, VA 23222.

**Answer**: Capital neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information upon which to plead and leaves Plaintiff to its proofs.

13

51.     Upon information and belief Benson is the president and sole shareholder of codefendant EJuice who personally directed business into this judicial district and is responsible for the action of EJuice.

**Answer**: Capital neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information upon which to plead and leaves Plaintiff to its proofs.

52.     Defendant Sunshine Films, Inc. (hereafter "Sunshine"), upon information and belief, is a corporation organized and existing under the laws of California, having a principal place of business located at 7800 Airport Business Parkway, Van Nuys, CA 91406.

**Answer**: Capital neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information upon which to plead and leaves Plaintiff to its proofs.

53.     Defendant Sunshine is in the wholesale and distributing business selling, among other things, herbal supplements, and introducing those products into the stream of commerce that have been sold and offered for sale within this judicial district, and which is causing harm in this judicial district.

**Answer**: Capital neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information upon which to plead and leaves Plaintiff to its proofs.

54.     Defendant E & A Video & Magazine, (hereafter "A&E"), upon information and belief, is a company having a principal place of business located at 11 Robert Street, Nutley, New Jersey.

**Answer**: Capital neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information upon which to plead and leaves Plaintiff to its proofs.

55.    Defendant E&A is doing business within this judicial district by selling products into this judicial district which are the subject of this action, and which is causing harm in this judicial district.

**Answer**: Capital neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information upon which to plead and leaves Plaintiff to its proofs.

56.    Defendant Max Distributors, Inc. (hereafter "Max"), upon information and belief, is a New Jersey company having a principal place of business located at 25 Styertowne Road, Clifton, New Jersey, 07012.

**Answer**: Capital neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information upon which to plead and leaves Plaintiff to its proofs.

57.    Defendant Max is doing business within this judicial district by offering for sale, and selling in this judicial district product which is the subject of this action, and which is causing harm in this judicial district.

**Answer**: Capital neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information upon which to plead and leaves Plaintiff to its proofs.

58.    Defendant GIMIX, Inc. (hereafter "GIMIX"), is a corporation organized and existing under the laws of the State of Florida, and having a principal place of business located at 4800 Lyons Tech Pkwy #1, Coconut Creek, FL 33073.

**Answer**: Capital neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information upon which to plead and leaves Plaintiff to its proofs.

59.    Defendant GIMIX is doing business within this judicial district by introducing into the stream of commerce that congress may regulate advertisements in the form of

catalogues, and upon information and belief, shipping product into this judicial district which is the subject of this action, and which is causing harm in this judicial district.

**Answer**: Capital neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information upon which to plead and leaves Plaintiff to its proofs.

60. Defendant HM Distributors (hereafter "HM"), upon information and belief is a company subject to the laws of the state of Georgia, having a principal place of business located at 7108 Paces Park Drive, Decatur, Georgia 30033.

**Answer**: Capital neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information upon which to plead and leaves Plaintiff to its proofs.

61. Defendant HM is doing business within this judicial district by introducing product which is the subject of this action into the stream of commerce which Congress can regulate, and which is causing harm in this judicial district.

**Answer**: Capital neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information upon which to plead and leaves Plaintiff to its proofs.

62. Defendant CB Distributors, Inc. (hereafter "CB"), upon information and belief is an corporation organized and existing under the laws of the State of Illinois, having a principle place of business located at 2500 Kennedy Drive, Beloit, Wisconsin 53511.

**Answer**: Capital neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information upon which to plead and leaves Plaintiff to its proofs.

63. Defendant CB is doing business in this judicial district by introducing product into the normal stream of commerce which Congress may regulate and is sold and offered for sale in this judicial district, and is causing irreparable injury.

**Answer**: Capital neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information upon which to plead and leaves Plaintiff to its proofs.

64. Defendant Triangle Wholesale (hereafter "Triangle"), upon information aned [sic] belief, is a corporation organized and existing under the laws of the State of Illinois, having a principal place of business located at 303 Eisenhower Lane South, Lombard, Illinois 60148.

**Answer**: Capital neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information upon which to plead and leaves Plaintiff to its proofs.

65. Defendant Triangle is doing business in this judicial district by introducing product which is the subject of this action into the normal stream of commerce which is sold and offered for sale in this judicial district, causing irreparable harm.

**Answer**: Capital neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information upon which to plead and leaves Plaintiff to its proofs.

66. Defendant Capitol News Agency Co. (hereafter "Capitol News") is, upon information and belief, a corporation organized and existing under the laws of the State of Illinois, having a principal place of business located at 4508 W. Montrose Ave, Chicago, Illinois 60641, and whose registered agent is Marc Z. Samotny located at 150 South Wacker Drive, Suite 1500, Chicago, Illinois, 60606.

**Answer**: Capital neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information upon which to plead and leaves Plaintiff to its proofs.

67. Defendant Capitol News is doing business in this judicial district by introducing product that is the subject of this action into the normal stream of commerce which is sold and offered for sale in this judicial district, causing irreparable harm.

**Answer**: Capital neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information upon which to plead and leaves Plaintiff to its proofs.

68.     Defendant ANRPG, LLC (hereafter "ANRPG") is, upon information and belief a corporation organized and existing under the laws of the State of New Jersey and having a principal place of business located at 382 Main Street, Hackensack, New Jersey 075601, and whose register agent is Charles M. Radler, Jr., located at 340 North Avenue, Cranford, NJ 07016.

**Answer**: Capital neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information upon which to plead and leaves Plaintiff to its proofs.

69.     Defendant ANRPG is doing business in this judicial district by introducing product which is the subject of this action into the normal stream of commerce which is sold and offered for sale in this judicial district, causing irreparable harm.

**Answer**: Capital neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information upon which to plead and leaves Plaintiff to its proofs.

70.     Defendant Price Rite Shopping Group, LLC (hereafter "Price Rite") is, upon information and belief, a limited liability corporation organized and existing under the laws of the state of New Jersey, maintaining a principal place of business located at 3405 Dell Court, Freehold, New Jersey 07728, and having a registered agent for service of process listed as Thomas Ottombrino, located at 3405 Dell Court, Freehold, New Jersey 07728.

**Answer**: Capital neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information upon which to plead and leaves Plaintiff to its proofs.

71.     Defendant Price Right is doing business in this judicial district by introducing product which is the subject of this action into the normal stream of commerce which is sold and offered for sale in this judicial district, causing irreparable harm.

**Answer**: Capital neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information upon which to plead and leaves Plaintiff to its proofs.

72.   Defendant Thomas Ottombrino (hereafter "Ottombrino") is upon information and belief the president and sole shareholder of co-Defendant Price Rite, and is the person primarily responsible for the decisions and actions of the company.

**Answer**: Capital neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information upon which to plead and leaves Plaintiff to its proofs.

73.   Upon information and belief, Defendant Ottombrino knew or should have known that the product that is the subject of this action was counterfeit and that he willfully and intentionally distributed the product into the stream of commerce knowing that it was to be sold and offered for sale in this judicial district.

**Answer**: Capital neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information upon which to plead and leaves Plaintiff to its proofs.

74.   Defendant SLK Distributors, LLC (hereafter "SLK") is, upon information and belief, a limited liability company organized and existing under the laws of the State of Georgia, maintaining a principal place of business at 113 East Riverbend Drive in Eatonton, Georgia 31024, and having a registered agent for service of process listed at Steven Kent, residing at 113 East Riverbend Drive, Eatonton, Georgia 31024.

**Answer**: Capital neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information upon which to plead and leaves Plaintiff to its proofs.

75.   Defendant SLK is doing business in this judicial district by introducing product that is the subject of this action into the normal stream of commerce which is sold and offered for sale in this judicial district, causing irreparable harm to the Plaintiff.

**Answer**: Capital neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information upon which to plead and leaves Plaintiff to its proofs.

76.     Defendant Steven Kent (hereafter "Kent") is upon information and belief, the president and sole shareholder of co-Defendant SLK and is the sole person responsible for the actions of SLK.

**Answer**: Capital neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information upon which to plead and leaves Plaintiff to its proofs.

77.     Upon information and belief SLK and Kent knew or should have known that the product that is the subject of this action is and was counterfeit.

**Answer**: Capital neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information upon which to plead and leaves Plaintiff to its proofs.

78.     Defendant Unique Medium LLC (hereafter "Unique") is, upon information and belief, a limited liability company existing and organized under the laws of the State of New York, having a principal place of business located at 2476 Brookshire Drive, Schenectady, New York 12309, whose registered agent for service of process is identified as Jonathan D. Milks located at 661 Salvia Lane, Schenectady, New York 12303.

**Answer**: Capital neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information upon which to plead and leaves Plaintiff to its proofs.

79.     Defendant Unique is doing business in this judicial district by introducing product that is the subject of this action into the normal stream of commerce which is sold and offered for sale in this judicial district, causing irreparable harm to the Plaintiff.

**Answer**: Capital neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information upon which to plead and leaves Plaintiff to its proofs.

20

80.     Defendant Empire Distributors (hereafter "Empire") is, upon information and belief, is a corporation organized and existing under the laws of the State of Illinois, having a principal place of business located at 41020 W. Belmont Ave, Chicago, Illinois 60641, and naming Kanu C Parikh as the agent for service of process, located at 1111 Plaza Drive, # 421, Schaumburg, Illinois 60173.

**Answer**: Capital neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information upon which to plead and leaves Plaintiff to its proofs.

81.     Defendant Empire is doing business in this judicial district by offering for sale, [sic]

**Answer**: Capital neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information upon which to plead and leaves Plaintiff to its proofs.

82.     Defendant Mistoo Party World, LLC (hereafter "Mistoo") is, upon information and belief, a limited liability company organized and existing under the laws of the State of Michigan, having a principal place of business located at 6476 Independence Drive, Portage, Michigan 49024.

**Answer**: Capital neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information upon which to plead and leaves Plaintiff to its proofs.

83.     Defendant Mistoo, located in this judicial district, has offered for sale, and is currently offering for sale, the product that is the subject of this action, causing irreparable harm to the Plaintiff.

**Answer**: Capital neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information upon which to plead and leaves Plaintiff to its proofs.

84.     Defendant Wholesale Products and Entertainment, LLC (hereafter "WPE") is, upon information and belief, a limited liability company organized and existing under the laws of the State of New Jersey, having a principal place of business located at 470 Broadway, Number 322, Bayonne, New Jersey, 07002, naming as agent for service of process, Michael Frisina at the same address.

**Answer**: Capital neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information upon which to plead and leaves Plaintiff to its proofs.

85.     Defendant WSE is doing business in this judicial district by having placed and placing in the stream of commerce product that is the subject of this action, knowing that it would be offered for sale, and sold is this judicial district.

**Answer**: Capital neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information upon which to plead and leaves Plaintiff to its proofs.

86.     Defendant Rick Hendrick (hereafter "Hendrick") upon information and belief is a [sic]

**Answer**: Capital neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information upon which to plead and leaves Plaintiff to its proofs.

87.     Hendrick does business in this judicial district under the name Mambruk through one or more websites, including but not limited to www.atomicmall.com.

**Answer**: Capital neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information upon which to plead and leaves Plaintiff to its proofs.

88.     Defendant Solomon Holloway (hereafter "Holloway"), upon information and belief is a resident of South Carolina, living at 14 Thrift St., Apartment No. 2, Greenville SC 29609.

**Answer**: Capital neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information upon which to plead and leaves Plaintiff to its proofs.

89.     Defendant Holloway does business in this judicial district under the trademark IKETRADE through one or more online sites, including, but not limited to www.atomicmall.com.

**Answer**: Capital neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information upon which to plead and leaves Plaintiff to its proofs.

90.     Defendant Ravi Bhatia (hereafter "Bhatia") upon information and belief is a resident and citizen of the state of Texas residing at 402 Knollwood Court, Euless, TX 76039 USA.

**Answer**: Capital neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information upon which to plead and leaves Plaintiff to its proofs.

91.     Upon information and belief, and the records of the Texas Secretary of State Office, Bhatia is the Registered Agent and holds all relevant offices for the co-defendant IWI, including Director, President, Secretary, and Treasurer, and as a consequence the person solely responsible for the actions of IWI.

**Answer**: Capital neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information upon which to plead and leaves Plaintiff to its proofs.

92.     Defendant Dimitar Slavov (hereafter "Slavov") upon information and belief is a resident and citizen of California residing at 1373 Spectrum, Irvine, California 92618.

**Answer**: Capital neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information upon which to plead and leaves Plaintiff to its proofs.

93.     Upon information and belief, Slavov is the owner and sole proprietor of eCRATER.

**Answer**: Capital neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information upon which to plead and leaves Plaintiff to its proofs.

94.     John Does (hereafter "Does") are those yet unidentified individuals and businesses that are manufacturing, importing, in possession and distributing, selling, or offering for sale product which is the subject of this litigation.

**Answer**: Capital neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information upon which to plead and leaves Plaintiff to its proofs.

95.     Collectively, the parties identified in paragraphs 2-39 [sic] above are referred to herein as the **Defendants.**

**Answer**: Capital does not believe any answer is required to this paragraph.

## JURISDICTION AND VENUE

96.     The court has jurisdiction over this matters because the complaint concerns matters that arise under the United States Trademark Laws, including but not limited to, trademark infringement, false designation of origin, false description, unfair competition and trade dress infringement arising under Title 15 U.S.C. §§ 1114, 1116, 1125. The court also has jurisdiction under the United States Copyright Code, namely infringement under Title 17 U.S.C. §§ 101 *et seq*. The court has ancillary jurisdiction to address the state and common law claims asserted herein, including deceptive trade practices in violation of the Michigan Consumer Protection Act, MCL § 445.901 *et seq.*; and Common law trademark, trade dress, and unfair competition.

**Answer**: Admitted only that the Complaint purports to state a claim for trademark infringement, false designation of origin, false description, unfair competition and trade dress infringement arising under the Trademark Laws of the United States and a claim for copyright infringement under the United States Copyright Code, but expressly denied as to all other allegations contained in that paragraph, including denied as to any and all liability to Plaintiff for trademark infringement.

97.     The district court has original jurisdiction over this civil action pursuant to Title 28 U.S.C. §1338(a).

**Answer**: Admitted only that the Complaint purports to state a claim for trademark infringement, false designation of origin, false description, unfair competition and trade dress infringement arising under the Trademark Laws of the United States and a claim for copyright infringement under the United States Copyright Code, but expressly denied as to all other allegations contained in that paragraph, including denied as to any and all liability to Plaintiff for trademark infringement.

98.     This Court has related claim jurisdiction over the claims arising under Michigan common law pursuant to 28 U.S.C. §1338(b) and 28 U.S.C. §1367.

**Answer**:  Admitted only that the Complaint purports to state a claim for trademark infringement, false designation of origin, false description, unfair competition and trade dress infringement arising under the Trademark Laws of the United States and a claim for copyright infringement under the United States Copyright Code, but expressly denied as to all other allegations contained in that paragraph, including denied as to any and all liability to Plaintiff for trademark infringement.

99.     This Court has personal jurisdiction over the Defendants because they are formed under the laws of the State of Michigan, maintain a principal place of business within this judicial district, or conduct business within this judicial district.

**Answer**: Admitted to the extent that Capital does business in this judicial district and sells products in this district, but denied as to all other allegations in this paragraph, including a denial that Capital has committed any acts of infringement.

100.    Venue is proper in this district under 28 U.S.C. §1391(b) and (c) because a substantial part of the events giving rise to the claims occurred in this district and the defendants maintain places of business in this district.

**Answer**: Admitted to the extent that Capital does business in this judicial district and sells products in this district, but denied as to all other allegations in this paragraph, including a denial that Capital has committed any acts of infringement.

## COMMON ALLEGATIONS

## IMPULSARIA'S STIFF NIGHTS® SUPPLEMENT

101.    Impulsaria re-alleges and incorporates by reference the allegations set forth in paragraphs 1- 100 as if restated herein.

**Answer:**        Capital restates and incorporates its responses and allegations in paragraphs 1-100.

102.    Since November of 2007, Impulsaria has been the sole source of a dietary supplement sold under the STIFF NIGHTS® brand name. See Exhibit 1, Dkt. #3 Filed November 17, 2011.

**Answer**: Capital neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information upon which to plead and leaves Plaintiff to its proofs.

26

103.    Since November of 2007, Impulsaria has also been the sole source of the distinctive trade dress of the packaging associated with the STIFF NIGHTS® brand shown in Exhibit 1, Dkt. #3.

**Answer**: Capital neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information upon which to plead and leaves Plaintiff to its proofs.

104.    The STIFF NIGHTS trademark and trade dress has been in use in commerce which Congress may regulate continuously since 2007, or has been subject to a non-use exception during that time period, pursuant to Title 35 U.S.C. § 1058 (Section 8 of the Lanham Act).

**Answer**: Capital neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information upon which to plead and leaves Plaintiff to its proofs.

105.    Impulsaria has been the exclusive user of the STIFF NIGHTS trademark and trade dress described above and best shown in Exhibit 1, Dkt. #3 of the Verified Complaint since its introduction.

**Answer**: Capital neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information upon which to plead and leaves Plaintiff to its proofs.

106.    In 2009, Impulsaria was one of the fastest growing dietary supplement providers in the United States.

**Answer**: Capital neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information upon which to plead and leaves Plaintiff to its proofs.

107.    Impulsaria achieved such growth and recognition through its hard work, investment in research and development and otherwise perfecting its brand name, its distinctive packaging and uniquely expressed artwork.

27

**Answer**: Capital neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information upon which to plead and leaves Plaintiff to its proofs.

108.     As a result of its endeavors, Impulsaria created and owns valuable intellectual property, including trademarks, trade dress, and copyright.

**Answer**: Capital neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information upon which to plead and leaves Plaintiff to its proofs.

109.     In November of 2007, Impulsaria first used the STIFF NIGHTS® brand name in interstate commerce through the sale of the product to convenient stores, health food stores, liquor stores, supermarkets, and other retail outlets.

**Answer**: Capital neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information upon which to plead and leaves Plaintiff to its proofs.

110.     Impulsaria applied for registration of the STIFF NIGHTS® mark with the United [sic].

**Answer**: Capital neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information upon which to plead and leaves Plaintiff to its proofs.

111.     The USPTO granted federal registration for the STIFF NIGHTS® mark on May 9, 2009 as Registration No. 3621660. See Exhibit 2, Dkt. #3.

**Answer**: Admitted only that US. Trademark Registration No. 3621660 issued on May 9, 2009, and that a copy of the '660 registration appears to be attached to the Second Amended Complaint as Exhibit 2.  Capital neither admits nor denies the remaining allegations contained therein for lack of sufficient knowledge or information upon which to plead and leaves Plaintiff to its proofs

28

112.    Since 2007, Impulsaria has used the STIFF NIGHTS® mark prominently on product packaging and in marketing materials including Internet websites.

**Answer**: Capital neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information upon which to plead and leaves Plaintiff to its proofs.

113.    Impulsaria is also the owner and author of the copyrighted material appearing on the STIFF NIGHTS brand of herbal supplement shown in Exhibit 1, Dkt. #3 of the Verified Complaint, having designed the artwork and selected and arranged the text in combination with the artwork to create the distinctive package.

**Answer**: Capital neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information upon which to plead and leaves Plaintiff to its proofs.

114.    Impulsaria has filed an application with the United States Copyright Office for protection of the copyrightable aspects of the STIFF NIGHTS product, and was assigned application serial no. 1-686567201. Exhibit 3, Dkt. #3.

**Answer**: Admitted only that U.S. Copyright Application No. 1-686567201 was filed and that a copy of the '201 application appears to be attached to the Verified Complaint as Exhibit 3. Capital neither admits nor denies the remaining allegations contained therein for lack of sufficient knowledge or information upon which to plead and leaves Plaintiff to its proofs

115.    From its introduction in 2007 up through June 2010, Impulsaria expended in excess of $650,000.00 U.S. Dollars promoting the brand in trade journals and at trade shows around the country in the product category of herbal male sexual stimulants.

**Answer**: Capital neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information upon which to plead and leaves Plaintiff to its proofs.

116.    Between its introduction in 2007 and June of 2010, Impulsaria sold in excess of 2,127,315 packages of the STIFF NIGHTS brand herbal supplement accounting for an estimated 80% of the market share for male herbal sexual stimulants.

**Answer**: Capital neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information upon which to plead and leaves Plaintiff to its proofs.

117.    As a result of substantial advertising and marketing, the STIFF NIGHTS® brand has become an asset of substantial value and is a distinctive indication of the origin and quality of Impulsaria's goods.

**Answer**: Capital neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information upon which to plead and leaves Plaintiff to its proofs.

118.    Impulsaria has developed significant and valuable goodwill in its mark since first commencing to utilize the mark in interstate commerce on 2007.

**Answer**: Capital neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information upon which to plead and leaves Plaintiff to its proofs.

119.    In October of 2009, Impulsaria was contacted by the United States Food and Drug Administration over concerns about the ingredients in the STIFF NIGHTS product.

**Answer**: Capital neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information upon which to plead and leaves Plaintiff to its proofs.

120.    In June of 2010, Impulsaria informed the Food and Drug Administration that the STIFF NIGHTS product that was alleged to contain a controlled substance was counterfeit product produced by third parties.

**Answer**: Capital neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information upon which to plead and leaves Plaintiff to its proofs.

121.     In August of 2010, in light of the concerns raised by the USFDA, Impulsaria in cooperation with the manufacturer, voluntarily recalled lot numbers of the STIFF NIGHTS herbal supplement produced before June of 2010.

**Answer**: Capital neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information upon which to plead and leaves Plaintiff to its proofs.

122.     Toward that end, and since June of 2010, Impulsaria has not distributed or authorized the manufacture, distribution, or sale of STIFF NIGHTS dietary supplements so as to identify sources of counterfeit STIFF NIGHTS product.

**Answer**: Capital neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information upon which to plead and leaves Plaintiff to its proofs.

123.     Since August of 2010, Impulsaria has conducted its own analysis of the composition of the STIFF NIGHTS product and has recently undertaken efforts to reintroduce the STIFF NIGHTS product back into the marketplace.

**Answer**: Capital neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information upon which to plead and leaves Plaintiff to its proofs.

124.     In the process of reintroducing the STIFF NIGHTS product back into commerce, Impulsaria learned that its former distributors and retail outlets were selling counterfeit versions of the STIFF NIGHTS product obtained from a third party which were identical in brand and trade dress to the STIFF NIGHTS product previously offered by Impulsaria (hereafter "Counterfeit Stiff Nights" or "CSN").

**Answer**: Capital neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information upon which to plead and leaves Plaintiff to its proofs.

**DEFENDANTS CONDUCT**

125.     Upon information and belief, Defendants are manufacturers, importers, wholesalers, distributors of general merchandise or cash and carry stores selling, offering for sale, and active internet sites selling and/or distributing products within the state of Michigan.

**Answer**: Admitted to the extent that Capital does business in this judicial district and sells products in this district, but denied as to all other allegations in this paragraph, including a denial that Capital has committed any acts of infringement.

126.     Upon information and belief, Defendants are obtaining distributing and acquiring unauthorized and counterfeit STIFF NIGHTS dietary supplements from third parties (John Does and John Doe Corporate Defendants) having a package and external image and language identical to that offered by Impulsaria. See Exhibit 32 for images of counterfeit product.

**Answer**: Capital neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information upon which to plead and leaves Plaintiff to its proofs.

127.     Because of the similarity of the marks used by the parties and the related nature of their respective parties' goods, consumers and prospective consumers are likely to be and actually have been deceived, mistaken, and confused as to the source of the STIFF NIGHTS [sic].

**Answer**: This is a legal conclusion to which no response is required.  To the extent an answer is required, Capital neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information upon which to plead and leaves Plaintiff to its proofs.

**COUNT I**
**INFRINGEMENT OF A FEDERALLY REGISTERED TRADEMARK**

128.     Impulsaria re-alleges the allegations set forth in paragraphs 1-127 and incorporates them by reference.

**Answer:** Capital restates and incorporates its responses and allegations in paragraphs 1-127.

129. Defendants' sale and distribution of dietary supplements in commerce and bearing the STIFF NIGHTS® trademark is an infringement of Impulsaria's registered trademark in violation of 15 U.S.C. §1114.

**Answer**: Denied.

130. Defendants will, if not enjoined by this Court, continue their acts of trademark infringement set forth above, which have caused and will continue to cause Impulsaria immediate and irreparable harm.

**Answer**: Denied.

131. Defendants' acts have damaged Impulsaria's business reputation and have impaired and diluted Impulsaria' goodwill in its trademark.

**Answer**: Denied.

132. Pursuant to 15 U.S.C. §1116, Impulsaria is entitled to a preliminary and permanent injunction enjoining Defendant, its officers, agents, members, and employees from using the STIFF NIGHTS designation, alone or in combination with other words or in any other imitations of the mark STIFF NIGHTS® in advertising, marketing or sale of any of Defendants' herbal supplements or other related goods.

**Answer**: Denied.

133. As a result of Defendants' trademark infringement, Impulsaria has suffered [sic].

**Answer**: Denied.

134. Pursuant to 15 U.S.C. §1117, Impulsaria is entitled to a judgment for damages not to exceed three times the amount of its actual damages, plus interest and recovery of an amount

equal to Defendants' profits derived from Defendants' unlawful and wrongful use of Impulsaria's mark.

**Answer**: Denied.

## COUNT II
## FALSE DESIGNATION OF ORIGIN/UNFAIR COMPETITION

135.    Impulsaria re-alleges the allegations set forth in paragraphs 1-134 and incorporates them by reference.

**Answer:**    Capital restates and incorporates its responses and allegations in paragraphs 1-134.

136.    Defendants' distribution and use of the STIFF NIGHTS® designation in advertising, marketing, and sales literature as well as on packaging for dietary supplements for its own benefit, in such a fashion as to imitate Impulsaria' trademark creates a likelihood of confusion among the consuming public, and induces, or is likely to induce, the consuming public to believe, contrary to facts, that Defendants' product originates from, is produced by, approved by, or otherwise connected in some way with Impulsaria in violation of 15 U.S.C. §1125(a).

**Answer**: Denied.

137.    Defendants' use of the designation STIFF NIGHTS® constitutes a false designation of origin of its goods or a false description or representation of Defendants' goods in violation of 15 U.S.C. §1125(a).

**Answer**: Denied.

138.    Defendants' use of the distinctive trade dress of the STIFF NIGHTS® product in advertising, marketing, distribution and sale of dietary supplements for its own benefit, in such a [sic].

**Answer**: Denied.

34

139.    Defendant will, if not enjoined by this Court, continue its acts of unfair competition by the use of the false designation and false representation set forth above, which has caused, and will continue to cause, Impulsaria immediate and irreparable harm.

**Answer**: Denied.

140.    Pursuant to 15 U.S.C. §1116, Impulsaria is entitled to a preliminary and permanent injunction enjoining Defendants, their officers, agents, members, and employees from using the STIFF NIGHTS® designation or trade dress, alone or in combination with other words or in any other imitations of the mark STIFF NIGHTS® brand or trade dress in the advertising, marketing or sale of any of Defendants' dietary supplements or other related goods.

**Answer**: Denied.

141.    As a result of Defendants' acts of unfair competition, Impulsaria has suffered monetary damages.

**Answer**: Denied.

142.    Pursuant to 15 U.S.C. §1117, Impulsaria is entitled to a judgment for damages not to exceed three times the amount of its actual damages, plus interest and recovery of an amount equal to Defendants' profits derived from its unfair competition.

**Answer**: Denied.

## COUNT III
## DEFENDANTS' USE OF CONFUSINGLY SIMILAR TRADE DRESS

143.    Impulsaria re-alleges the allegations set forth in paragraphs 1-143 [sic] and incorporates them by reference.

**Answer:**       Capital restates and incorporates its responses and allegations in paragraphs 1-142.

144.    Each of the Defendants is in the business of marketing, distributing, and/or selling dietary supplements, among other things, as part of their business.

**Answer**: Admitted to the extent that Capital is a full-service convenience store wholesaler that sells over 5,000 items into convenience stores in the Midwest, but denied as to all other allegations in this paragraph.

145.    Since Impulsaria has withdrawn its STIFF NIGHTS® dietary supplement from the market, Defendants sought out or were approached by third parties to sell and distribute STIFF NIGHT® counterfeit product without the authority of Impulsaria.

**Answer**: Denied.

146.    Impulsaria's STIFF NIGHT® trade dress includes:

A.    a sleek, thin package having a black background bearing an image of a lightening bolt proximate the left margin, the lightening bolt having a very distinctive pattern extending from the upper edge to the lower edge of the package;

**Answer**: The general allegation is a legal conclusion to which no answer is required. To the extent an answer is required, Capital neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information upon which to plead and leaves Plaintiff to its proofs.

B.    the phrase "REGAIN THE THUNDER" appearing toward the top of the package below the die-cut for hanging the product on hooks, and centered in the field of the package;

**Answer**: The general allegation is a legal conclusion to which no answer is required. To the extent an answer is required, Capital neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information upon which to plead and leaves Plaintiff to its proofs.

36

C.     the dominant appearance of the trademark STIFF NIGHTS® in a stylized red font centered in the front of the package;

**Answer**: The general allegation is a legal conclusion to which no answer is required.  To the extent an answer is required, Capital neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information upon which to plead and leaves Plaintiff to its proofs..

D.     a [sic] least one die cut opening below the trademark for accommodating a blister package sandwiched between the front and back sheets of the package;

**Answer**: The general allegation is a legal conclusion to which no answer is required.  To the extent an answer is required, Capital neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information upon which to plead and leaves Plaintiff to its proofs..

E.     a red capsule containing the dietary supplement contained within a blister package disposed within the die cut opening;

**Answer**: The general allegation is a legal conclusion to which no answer is required.  To the extent an answer is required, Capital neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information upon which to plead and leaves Plaintiff to its proofs.

F.     a red background back panel containing fields of text separated by horizontal white lines to delineate the different fields of text, including a background section appearing at the top followed by information about the supplement, followed by a list of ingredients, and closed by a section entitled "precautions."

**Answer**: The general allegation is a legal conclusion to which no answer is required.  To the extent an answer is required, Capital neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information upon which to plead and leaves Plaintiff to its proofs.

147.     The counterfeit STIFF NIGHTS® dietary supplements are displayed and sold in the same manner as the authorized product including vertical stacking in containers and hung from retail display hooks.

**Answer**: Capital neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information upon which to plead and leaves Plaintiff to its proofs.

148.     Upon information and belief, the Defendants intentionally and willfully knew they were ordering and selling counterfeit dietary products bearing the STIFF NIGHTS® brand name, as many were customers of Impulsaria or had been approached by Impulsaria prior to the recall of product in March of 2010.

**Answer**: Denied.

149.     Upon information and belief, the Defendants' use of the infringing trade dress has caused actual confusion among consumers.

**Answer**: Denied.

150.     Impulsaria has not authorized nor consented to the Defendants use of the infringing trade dress.

**Answer**: Denied.

151.     Upon information and belief, the Defendants' aforesaid acts are for the purpose of trading upon Impulsaria's goodwill in the STIFF NIGHTS® trade dress and Impulsaria's

business reputation, with the intention of creating consumer confusion over the source and origin of Defendants' products and to give them a salability they otherwise would not have.

**Answer**: Denied.

**COUNT IV**
**COMMON LAW TRADEMARK INFRINGEMENT**

152.    Impulsaria re-alleges the allegations set forth in paragraphs 1-151 and incorporates them by reference.

**Answer:**        Capital restates and incorporates its responses and allegations in paragraphs 1-151.

153.    Impulsaria used the STIFF NIGHTS® mark more than three years before Defendants first used it.

**Answer**: Capital neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information upon which to plead and leaves Plaintiff to its proofs.

154.    Defendants' use of the STIFF NIGHTS® mark infringes upon Impulsaria's ownership and has and will continue to have the effect of causing confusion, mistake, or deception as to the source and origin of Defendants' products and to deceive the public by passing off Defendants' products as being produced, sponsored, or otherwise approved by or connected with Impulsaria.

**Answer**: Denied.

155.    Defendants' acts have damaged Impulsaria's business reputation and have impaired and diluted Impulsaria's goodwill in its trademark.

**Answer**: Denied.

156.    Unless enjoined by this Court, Defendant will continue its acts of trademark infringement, thereby deceiving the public and causing Impulsaria immediate and irreparable [sic].

**Answer**: Denied.

157.    Impulsaria is entitled to a preliminary and permanent injunction enjoining Defendant, its officers, agents, members, and employees from using the designation STIFF NIGHTS® alone or in combination with other words or in any other imitations of the mark STIFF NIGHTS® in the advertising, marketing, distribution or sale of any of Defendants' dietary supplements.

**Answer**: Denied.

158.    As a result of Defendants' trademark infringement, Impulsaria has suffered monetary damages.

**Answer**: Denied.

159.    Impulsaria is entitled to a judgment for its actual damages, plus interest and recovery of an amount equal to Defendants' profits derived from unlawful and wrongful use of Impulsaria's mark.

**Answer**: Denied.

**COUNT V**
**COMMON LAW UNFAIR COMPETITION**

160.    Impulsaria re-alleges the allegations set forth in paragraphs 1-159 and incorporates them by reference.

**Answer:**    Capital restates and incorporates its responses and allegations in paragraphs 1-159.

161.    The tendency and effect of Defendants' continued use of the STIFF NIGHTS®
designation and trade dress, alone or in combination with other words in the advertising,
marketing, and sale of its dietary supplements is to cause confusion, mistake, and deception as to
the source or origin of Defendants' goods.

**Answer**: Denied.

162.    Defendants acts have damaged Impulsaria's business reputation and have
impaired and diluted Impulsaria' goodwill in its trademark, and constitute common law unfair
competition.

**Answer**: Denied.

163.    Defendants will, if not enjoined by this Court, continue its acts of unfair
competition, thereby deceiving and confusing the public and causing Impulsaria immediate and
irreparable harm.

**Answer**: Denied.

164.    Impulsaria is entitled to a preliminary and permanent injunction enjoining
Defendant, its officers, agents, members, and employees from using the designation STIFF
NIGHTS® alone or in combination with other words or in any other imitations of the mark
STIFF NIGHTS® in the advertising, marketing, distribution or sale of any of Defendants'
dietary supplements.

**Answer**: Denied.

165.    As a result of Defendants' unfair competition, Impulsaria has suffered monetary
damages.

**Answer**: Denied.

166.    Impulsaria is entitled a judgment for its actual damages, plus interest.

**Answer**: Denied.

**COUNT VI**
**FEDERAL TRADEMARK DILUTION**

167.    Impulsaria re-alleges the allegations set forth in paragraphs 1-166 and incorporates them by reference.

**Answer:**    Capital restates and incorporates its responses and allegations in paragraphs 1-166.

168.    Impulsaria is recognized as a provider of dietary supplements in the United States [sic].

**Answer**: Denied.

169.    Through widespread and favorable public acceptance, Impulsaria's mark and trade dress have gained a reputation as a distinctive indication of the origin and quality of Impulsaria's goods.

**Answer**: Denied.

170.    Defendants have used and continue to use a confusingly similar brand and trade dress in connection with the advertising, marketing and sale of its dietary supplements.

**Answer**: Denied.

171.    Impulsaria and Defendants' businesses and goods offered for sale are related.

**Answer**: Denied.

172.    Defendants' use of the STIFF NIGHTS® mark and trade dress in connection with the advertising, marketing and sale of its dietary supplements has caused and will continue to cause injury to and dilution of the distinctive quality of the STIFF NIGHTS® mark and trade dress in violation of 15 U.S.C. §1125(c).

**Answer**: Denied.

42

173.    Impulsaria have demanded that Defendant cease and desist from using the mark but Defendant has failed to comply.

**Answer**: Denied.

174.    In so doing, Defendant has engaged in the above-described actions willfully, recklessly, wantonly and unlawfully and with the intent to dilute Impulsaria's mark, and with the intent to trade on and benefit from Impulsaria' goodwill and reputation.

**Answer**: Denied.

175.    As a direct and proximate result of Defendants' conduct, Impulsaria has suffered and continues to suffer irreparable harm, and Impulsaria has no adequate remedy at law if Defendants' actions in this regard are allowed to continue.

**Answer**: Denied.

176.    Pursuant to 15 U.S.C. §1125(c)(1), Impulsaria is entitled to a preliminary and permanent injunction enjoining Defendant, their officers, agents, members and employees from using the STIFF NIGHTS® mark or trade dress, or any other colorable imitations of Impulsaria's mark or trade dress in the advertising, marketing or sale of Defendants' dietary supplement.

**Answer**: Denied.

177.    As a result of Defendants' acts as set forth above, and in addition to the irreparable harm already suffered, Impulsaria has suffered monetary damages.

**Answer**: Denied.

178.    Pursuant to 15 U.S.C. §§1117 and 1118, Impulsaria is entitled to a judgment for damages not less than three times the amount of its actual damages, plus interest and an amount

equal to Defendants' profits derived from its unlawful and wrongful conduct, and an order requiring Defendant to destroy all infringing materials.

**Answer**: Denied.

**COUNT VII**
**COPYRIGHT INFRINGEMENT**

179.    Impulsaria re-alleges the allegations set forth in paragraphs 1-178 and incorporates them by reference.

**Answer:**        Capital restates and incorporates its responses and allegations in paragraphs 1-178.

180.    Impulsaria is the owner and author of the text appearing on the front and back [sic].

**Answer**: Capital neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information upon which to plead and leaves Plaintiff to its proofs.

181.    Impulsaria has filed an application for registration of the expressions and text appearing on the STIFF NIGHTS® dietary supplement with the United States Copyright Office, and claims to have a proprietary right to that expression. See Exhibit 3, Dkt. #3.

**Answer**: Capital neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information upon which to plead and leaves Plaintiff to its proofs.

182.    The selection, arrangement, and content of the text appearing in the alleged infringing packages of the STIFF NIGHTS® product were copied from Impulsaria and are being reproduced and sold by the Defendants.

**Answer**: Denied.

183.    Defendants have violated the exclusive rights of Impulsaria granted and instilled in Impulsaria by sections 106 through 122 of the Copyright Act.

44

**Answer**: Denied.

184.    Impulsaria alleges the Defendants are infringing upon Impulsaria's exclusive rights under the Copyright Act.

**Answer**: Denied.

185.    Impulsaria has not authorized or otherwise licensed or granted permission for the Defendants to reproduce, copy, display, or sell the infringing text and artwork expressed on the original STIFF NIGHTS® dietary supplement.

**Answer**: Denied.

186.    Defendants infringed the copyrights in Impulsaria's creative works by reproducing, distributing, and/or publicly displaying the works without the proper approval or authorization of Impulsaria.

**Answer**: Denied.

187.    Upon information and belief, the Defendants knew the infringed works belonged to Impulsaria and that they did not have permission to exploit Impulsaria's works.

**Answer**: Denied.

188.    Defendants knew their acts constituted copyright infringement.

**Answer**: Denied.

189.    Defendants' conduct was willful within the meaning of the Copyright Act.

**Answer**: Denied.

190.    As a result of their wrongful conduct, Defendants are liable to Impulsaria for copyright infringement pursuant to 17 U.S.C. § 501.

**Answer**: Denied.

191.    Plaintiff has suffered, and will continue to suffer, substantial losses, including but not limited to damage to its business reputation and goodwill.

**Answer**: Denied.

192.    Plaintiff is entitled to recover damages, which include its losses and any and all profits Defendants have made as a result of its wrongful conduct. 17 U.S.C. § 504. Alternatively, Plaintiff is entitled to statutory damages under 17 U.S.C. § 504(c).

**Answer**: Denied.

193.    In addition, because Defendants' infringement was willful, the award of statutory damages should be enhanced in accordance with 17 U.S.C. § 504(c)(2).

**Answer**: Denied.

194.    Plaintiff is entitled to recover its attorneys' fees and costs of suit pursuant to 17 U.S.C. § 505.

**Answer**: Denied.

**COUNT VIII**
**MICHIGAN CONSUMER PROTECTION ACT**

195.    Impulsaria re-alleges the allegations set forth in paragraphs 1-194 and incorporates them by reference.

**Answer:**      Capital restates and incorporates its responses and allegations in paragraphs 1-194.

196.    The acts outlined above by the defendants have caused a probability of confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services.

**Answer**: Denied.

197.    The defendants acts outlined above constitute deceptive representations or deceptive designations of geographic origin in connection with goods or services.

**Answer**: Denied.

198.    Defendants' actions constitute a representation that the herbal supplement sold under the STIFF NIGHTS brand and trade dress have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities of the original STIFF NIGHTS brand product sold by Impulsaria that they do not have, or that they have sponsorship, approval, status, affiliation, or connection with Impulsaria.

**Answer**: Denied.

199.    Defendants' action constitute a representation that the goods are of a particular standard, quality, or grade, or that goods are of a particular style or model, consistent with the original STIFF NIGHTS product distributed by Impulsaria.

**Answer**: Denied.

200.    All of the above constitute a violation of MCL § 445.901 et seq. as an unfair, unconscionable or deceptive method, act, or practice in the conduct of trade or commerce.

**Answer**: Denied.

201.    Impulsaria is entitled to an injunction in accordance with the principles of equity [sic].

**Answer**: Denied.

## COUNT IX
## ATTORNEYS' FEES

202. Impulsaria re-alleges the allegations set forth in paragraphs 1-201 and incorporates them by reference.

**Answer:** Capital restates and incorporates its responses and allegations in paragraphs 1-201.

203. Defendants' acts and conduct as described above were willful, fraudulent, reckless, or made in bad faith.

**Answer**: Denied.

204. As such and pursuant to statute, both federal and under state law, Impulsaria is entitled to receive increases [sic] damages up to three times the amount awarded, including attorney's fees in pursuing this action.

**Answer**: Denied.

## REQUEST FOR RELIEF

WHEREFORE, Capital asks this Court:

A. That Plaintiff take nothing by this action;

B. That the products sold by Capital be found not to infringe U.S. Trademark Registrations No. 3,621,660;

C. That Capital's actions be found not to constitute trademark infringement, false designation of origin, false description, unfair competition and trade dress infringement arising under Title 15 U.S.C. §§ 1114, 1116, 1125.

D. That Capital's actions be found not to violate the state and common law claims asserted herein, including deceptive trade practices in violation of the Michigan Consumer

Protection Act, MCL § 445.901 *et seq.*; and Common law trademark, trade dress, and unfair competition.

E.      That the products sold by Capital be found not to infringe Plaintiff's U.S. Copyright Application No. 1-686567201;

F.      That Plaintiff pay to Capital its reasonable attorneys' fees and all other costs to defend this action; and

G.      All other relief that this Court deems just and proper.

**AFFIRMATIVE DEFENSES**

1.      Impulsaria's Second Amended Complaint fails to state a claim upon which relief may be granted.

2.      The Second Amended Complaint, and each and every allegation thereof, is barred by the doctrine of waiver.

3.      The Second Amended Complaint, and each and every allegation thereof, is barred by the doctrine of estoppel.

4.      The Second Amended Complaint, and each and every allegation thereof, is barred by the doctrine of laches.

5.      The Second Amended Complaint, and each and every allegation thereof, is barred by the equitable doctrine of unclean hands.

6.      Plaintiff's claims are barred in whole or in part because Plaintiff's injuries, if any, may have been caused in whole or in part by one or more third parties not under the control of Capital.

7.      Plaintiff's claims are barred in whole or in part because any alleged infringing goods sold by Capital were distributed in good faith and based upon the commercial warranties of one or more third parties.

49

8.     Plaintiff's claim for copyright infringement is barred because the alleged copyright was not registered before this action was filed, as required by 17 U.S.C. 411(a).

9.     Plaintiff's damages, if any, were aggravated by Plaintiff's failure to use reasonable diligence to mitigate any such damage.

10.     Plaintiff's claims are barred in whole or in part because Plaintiff has sustained no actual damages.

11.     Capital reserves the right to add additional affirmative defenses as they may become known during the course of this litigation.

Respectfully submitted,

Date:   ___February 6, 2012___          By:   _____*/s/ G. Thomas Williams*_____
                                              Robert J. Eleveld (P13142)
                                              G. Thomas Williams, Esq. (P53734)
                                              Mary C. Bonnema, Esq. (P48789)
                                              **McGarry Bair PC**
                                              *Counsel for Defendant Capital Sales Company*
                                              32 Market Ave. SW, Suite 500
                                              Grand Rapids, Michigan 49503
                                              Telephone: 616.742.3500
                                              Facsimile: 616.742.1010

                                              G0671424.DOCX