UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| **IMPULSARIA, LLC,**<br>A Nevada Limited Liability Company<br><br>      Plaintiff,<br><br>v.<br><br>**United Distribution Group, LLC, dba United Wholesale Grocery; Mine Boutique LLC; and, Purple Haze II, LLC;** all Michigan Limited Liability Companies;<br>      and<br>**Cin-Lan, Inc.; Fashion Designs, Inc.; Executive Art Studio, Inc.; G.K. Convenience Stores, Inc.; Ajit Corporation; Gur-Zal, Inc.; Capital Sales Company; and Yatin Entertainment, Inc.;** all Michigan Corporations;<br>      and<br>**Premiere Sales Group;** a California corporation;<br>      and<br>**ECRATER;** a California company;<br>      and<br>**www.2daydietmaxsupply.com;** a Florida company;<br>      and<br>**Pure Vitamins & Natural Supplements, LLC;** a Florida limited liability company;<br>      and<br>**Chicago Import, Inc., and R N International, Inc.;** both Illinois Corporations;<br>      and<br>**Karma Global Enterprises, Inc.; Import Warehouse, Inc., and Starco Impex, Inc.; www.thriftywholesaler.com.** all Texas companies;<br>      and<br>**Bonanza.com, Inc.;** a Washington corporation;<br>      and<br>**Ejuice USA Import Export and Distribution LLC;** a Virginia limited liability company;<br>      and<br>**Star Importers and Wholesalers;** a Georgia company;<br>      and<br>**S&N Enterprises, Inc. of Virginia;** a Virginia Corporation;<br>      and | Case No. 1:11-cv-1220<br><br>HON. ROBERT HOLMES BELL |

**Sunshine films, Inc., a California Corporation**
   and
**E&A Video & Magazine, a New Jersey company**
   and
**Max Distributors, Inc., a New Jersey corporation**
   and
**hM Distributors, Inc., a George corporation**
   and
**CB Distributors, Inc., an Illinois company,**
   and
**GIMIX, Inc., a Florida corporation,**
   and
**Triangle Wholesale, Inc., an Illinois corporation,**
   and
**Capitol News Agency Co., an Illinois corporation,**
   and
**ANRPG LLC, a New Jersey limited liability company, dba Adult Content Factory, New Pandemonium, Forbidden Media, New Release Distributors and aka Adult New Release Preview Guide, LLC, a New Jersey limited liability company,**
   and
**Price Rite Shopping Group, LLC, a New Jersey limited liability company,**
   and
**SLK Distributors, LLC, a Georgia limited liability company,**
   and
**Unique Medium, LLC/One Big Willy, a New York limited liability company,**
   and
**Mistoo Party World, LLC, a Michigan limited liability company**
   and
**Empire Distributors, Inc., an Illinois corporation,**
   and
**Wholesale Products and Entertainment, LLC, a New Jersey limited liability company,**
   and
**William Sellers, an Alabama resident,**
   and
**Emiliano Vega, Emiliana Vega, Milo Vega, Emilio Vega, Dr. Ken K. Issa, and Rick Hendrick, all Florida Residents,**
   and
**Willy Alejo, a New Jersey resident,**
   and
**Blake King, a New York resident,**
   and

**Rakesh Kumar, a Michigan resident,**
       and
**Anees Dadwani and Ravi Bhatia, both Texas residents,**
       and
**Solomon Holloway, a South Carolina resident,**
       and
**Ulyssee Benson, a Virginia resident,**
       and
**Dimitar Slavov, a California resident**
       and
**John Does**

       Defendants.

## MEMO IN SUPPORT OF MOTION TO DISMISS OF DEFENDANT WILLY ALEJO

### INTRODUCTION

Defendant Willy Alejo ("Alejo") seeks an order dismissing the Second Amended Complaint of Plaintiff Impulsaria, LLC as to Alejo individually for lack of personal jurisdiction pursuant to Fed.R.Civ.P. 12(b)(2).

Plaintiff Impulsaria, LLC's sole basis for asserting personal jurisdiction over Alejo is an allegation that he "is the owner and proprietor of an online Internet company doing business in this judicial district under the domain name www.levellenatural.com and located at 416 Undercliff Avenue, Apartment 2, Edgewater, New Jersey 07020." (Doc. 57 Second Amended Complaint, ¶40.). This assertion is devoid of any allegation that Alejo has contacts with Michigan, in his individual capacity or otherwise, and can thus only be understood as an allegation that personal jurisdiction exists over Alejo due to his role with the online business located at the domain *levellenatural.com*. This allegation is insufficient to establish personal jurisdiction over Alejo; as set forth below and in the supporting Alejo Affidavit, personal jurisdiction over Alejo cannot be maintained in this District in this proceeding. Mr. Alejo is a member of WNAX Exp LLC

3

("WNAX LLC"), the limited liability company registered in New York and New Jersey, doing business as Levelle Natural, that operates the online retail website located at *levellenatural.com*. Further, given that Plaintiff has failed to name the proper corporate party, this proceeding should be dismissed with respect to Defendant Alejo.

## LAW

Pursuant to Michigan law, "there is a presumption that the corporate form will be respected." *Servo Kinetics, Inc. v. Tokyo Precision Instruments Co.*, 475 F.3d 783, 798 (6th Cir. 2007) (citing *Seasword v. Hilti*, 449 Mich. 542, 547, 537 N.W.2d 221 (1995)). In accordance with this presumption, the Sixth Circuit has stated that "jurisdiction over the individual officers of a corporation cannot be predicated merely upon jurisdiction over the corporation." *Balance Dynamics Corp. v. Schmitt Indus.*, 204 F.3d 683, 698 (6th Cir. 2000) (quoting *Weller v. Cromwell Oil Co.*, 504 F.2d 927, 929 (6th Cir. 1974)). Thus, in the absence of sufficient minimum contacts with Michigan to establish jurisdiction, personal jurisdiction over a corporate officer may be established by "piercing the corporate veil" of the corporate entity over whom personal jurisdiction is proper if such entity has been used as the corporate officer's alter ego. *Estate of Thomson v. Toyota Motor Corp. Worldwide*, 545 F.3d 357, 362 (6th Cir. 2008) (quoting *Patin v. Thoroughbred Power Boats Inc.*, 294 F.3d 640, 653 (5th Cir. 2002)).

Regarding this analysis, "Michigan courts will not pierce the corporate veil unless (1) the corporate entity was a mere instrumentality of another entity or individual; (2) the corporate entity was used to commit a fraud or wrong; and (3) the plaintiff suffered an unjust loss." *Servo Kinetics*, 475 F.3d at 798 (citing *Foodland Distribs. V. Al-Naimi*, 220 Mich.App. 453, 559 N.W.2d 379, 381 (1996)). "Factors to be considered include undercapitalization of the corporation, the maintenance

of separate books, the separation of corporate and individual finances, the use of the corporation to support fraud or illegality, the honoring of corporate formalities, and whether the corporation is merely a sham." *Laborers' Pension Trust Fund v. Sidney Weinberger Homes, Inc.*, 872 F.2d 702, 704-05 (6th Cir. 1988) (citations omitted).

## DISCUSSION

Alejo has been individually named as a defendant in this proceeding. Plaintiff's sole allegation against Alejo is that he "is the owner and proprietor of an online Internet company doing business in this judicial district under the domain name www.levellenatural.com and located at 416 Undercliff Avenue, Apartment 2, Edgewater, New Jersey 07020." (Doc. 57 Second Amended Complaint, ¶40.). As stated in the supporting Affidavit, however, Alejo is a member of WNAX LLC, the limited liability company registered in New York and New Jersey, doing business as Levelle Natural, that actually operates the online retail website located at *levellenatural.com*. (Alejo Affidavit ¶ 2.) Alejo has no contacts with the State of Michigan that would provide Plaintiff with a basis to assert personal jurisdiction against him in this matter. (Alejo Affidavit ¶¶ 4-6.)

Despite corporate ownership and control of the allegedly infringing website, Plaintiff has yet to name WNAX LLC as a defendant in this action, and continues to proceed against Alejo individually. Even if the Complaint were so amended, however, any effort to pierce the corporate veil of WNAX LLC to establish personal jurisdiction over Alejo would be unavailing.

WNAX LLC is a limited liability company registered in New York and New Jersey. It maintains no business operations or activities in Michigan, has never been authorized to transact business in Michigan, and has never maintained offices, branch locations, salespersons, or employees within Michigan. (Alejo Affidavit ¶¶ 8-11.) WNAX LLC has never advertised within

Michigan, nor been required to pay taxes to Michigan.  (Alejo Affidavit ¶¶ 12-13.)  WNAX LLC does not manufacture any of the products it distributes, nor does it re-brand or represent that it is the source or producer of any of the products it distributes.  WNAX LLC merely purchases products for subsequent sale to its customers.  (Alejo Affidavit ¶ 14.)

WNAX LLC offers its customers over 340 separate products, with the complained-of STIFF NIGHTS products representing only two of those products.  Thus, the complained of STIFF NIGHTS products previously sold by WNAX LLC represented less than 0.6% of its product line.  (Alejo Affidavit ¶ 15.)  WNAX LLC has ceased sales of the complained of STIFF NIGHTS products, and has not made any sales of the complained of product since January 25, 2012.  (Alejo Affidavit ¶ 16.)  To the best of Alejo's knowledge and belief, the STIFF NIGHTS product that WNAX LLC handled was understood to be an authentic, genuine product.  (Alejo Affidavit ¶ 18.)  At no time did Alejo or WNAX LLC know or believe that WNAX LLC was distributing a counterfeit STIFF NIGHTS product, and still have no knowledge of whether the STIFF NIGHTS product that WNAX LLC did sell was anything other than an authentic product.  (Alejo Affidavit ¶ 18.)  Moreover, WNAX LLC is legally incorporated and conducts and observes the formalities for maintaining its corporate status, including maintaining its own financial records separate and apart from Alejo's personal finances.  (Alejo Affidavit ¶ 19.)  Finally, to the extent that Alejo has undertaken any activities or had any communications with customers regarding the STIFF NIGHTS product, such actions were undertaken solely in his corporate capacity as a member of WNAX LLC.  (Alejo Affidavit ¶ 17.)

**SUMMARY**

WNAX is a legitimate, ongoing business and not a mere instrumentality of Defendant Alejo.  Moreover, neither WNAX nor Alejo have any knowledge that the STIFF NIGHTS products sold by WNAX were in fact counterfeit.  Accordingly, the Second Amended Complaint should be dismissed as to Defendant Alejo pursuant to Fed.R.Civ.P. 12(b)(2).

Respectfully submitted,

Date: February 21, 2012

By: ___/s/ Charles P. Guarino_____
Charles P. Guarino, Of Counsel
**NICOLL, DAVIS & SPINELLA LLP**
95 Route 17 South, Suite 203
Paramus, New Jersey 07652
(201) 712-1616
cguarino@ndslaw.com
*Attorneys for Defendant Willy Alejo*