**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

_____/

**Impulsaria, LLC**
**A Nevada Limited Liability Company**

          **Plaintiff,**              **Case No.: 1:11-CV-1220**

**v.**

                                    **HON. ROBERT HOLMES BELL**

**E&A Video and Magazine, et al.**

          **Defendants.**

_____/

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT SLK DISTRIBUTORS, LLC'S MOTION DISMISS

i

## TABLE OF CONTENTS

Introduction…………………………………………………………………………......1

Issues Presented ...……………………………………….......................................1

I.      Defendant has purposefully availed itself of the privilege of conducting business activity in the State of Michigan, and is properly subject to Personal Jurisdiction……….2

      A.      Personal Jurisdiction standard: Michigan Long Arm Statute and Due Process …..2

      B.      SLK Distributors, LLC is subject to specific personal jurisdiction in this forum...3

II.      Plaintiff's complaint is well-pled and based on fact and law……………………………..6

      A.      Standard of Review for Rule 12(b)(6) motions…………………………………...6

      B.      Plaintiff's complaint asserts facially plausible claims……………………………7

      C.      Plaintiff's trademark registration is prima facie evidence of validity, ownership, and exclusive right to use…………………………………………..8

      D.      Plaintiff's use of the STIFF NIGHTS trademark in commerce is presumed valid..8

III.      Plaintiff has not abandoned the STIFF NIGHTS mark…………………………………10

IV.      Plaintiff's Federally Registered STIFF NIGHTS trademark is famous…………………11

V.      This Court is the proper forum to hear this case………………………………...…12

VI.      Conclusion…………………………………………………………………...…15

<u>T</u>ABLE OF <u>A</u>UTHORITIES

## CASES

*Amway Corp. v. Kope Food Products, Inc.*, 840 F.Supp. 78, 30 USPQ 2d 1380
(W.D. Mich., 1993) ……………………………………………………………2-4

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ……………………………………………..7

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) …………………………………6

*Bishop v. Lucent Technologies, Inc.*, 520 F.3d 516 (6th Cir. 2008) ……………………..6

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1958) …………………………….4-5

*Commissioner of Internal Revenue v. Sunnen*, 333 U.S. 591 (1948) ……………………..9

*CompuServe, Inc. v. Patterson*, 89 F.3d 1257 (6th Cir. 1996) ……………………………2

*Creagri, Inc. v. Usana Health Sciences, Inc.*, 474 F.3d 626 (9th Cir. 2007) ……………….8

*Dowling v. Richardson-Merrell, Inc.*, 727 F.2d 608 (6th Cir. 1984) …………………….....13

*Dubay v. Wells*, 506 F.3d 422 (6th Cir. 2007) ……………………………………………6

*Duha v. Agrium, Inc.*, 448 F.3d 867 (6th Cir. 2006) ……………………………………12

*Evans Tempcon, Inc.* v. *Index Industries, Inc.* 778 F.Supp. 371 (W.D. Mich., 1990) ……………2

*Hammer v. I.N.S.*, 195 F.3d 836 (6th Cir. 1999), *cert. denied* 120 S.Ct. 1247 (2000) …………..9

*Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 (1947) ……………………………………....13

*Harbin-Bey v. Rutter*, 420 F.3d 571 (6th Cir. 2005) ……………………………………...6

*Helicopteros Nacionales de Colombia S.A., v. Hall*, 466 U.S. 408 (1984) ………………………3

*International Shoe Co. v. Washington*, 326 U.S. 310 (1945) ……………………………………3

*J. McIntyre Mach., Ltd. v. Nicastro*, No. 09-1343 (United States Supreme Court,
June 27, 2011) ……………………………………………………………………4

*J.C. Hall Co. v. Hallmark Cards Inc.*, 340 F.2d 960, 144 U.S.P.Q. 435 (C.C.P.A. 1965) ……….8

*Kerry Steel, Inc. v. Paragon Industries, Inc.*, 106 F.3d 147 (6th Cir. 1997) ……………....3-5

*Koster v. American Lumbermens Mutual Casualty Co.*, 330 U.S. 518 (1947) ………………..12

*Lil Red Barn, Inc. v. Red Barn System, Inc.*, 322 F.Supp. 98, 167 U.S.P.Q. 741
    (N.D. Ind. 1970) *aff'd* per curiam, 174 U.S.P.Q. 193 (7th Cir. 1972) …………………..8

*Maiberger v. City of Livonia*, 724 F.Supp.2d 759 (E.D. Mich. 2010) …………………………6-7

*Michigan Coalition v. Griepentrog*, 954 F.2d 1174 (6th Cir. 1992) ……………………………..2

*Microsoft Corp. v. Compusource Distributors, Inc.* 115 F. Supp. 2d 800 (E.D. Mich. 2000) …...9

*Milliken v. Meyer*, 311 U.S. 457 (1940) ………………………………………………………3

*Pfeil v. State St. Bank and Trust Co.*, No. 10-2302 (6th Cir., Feb. 22, 2012) …………………6-7

*Piper Aircraft Co., v. Reyno*, 454 U.S. 235 (1981) ……………………………………………12-13

*Pratt v. Ventas, Inc.*, 365 F.3d 514 (6th Cir. 2004) …………………………………………..14

*Stewart v. Dow Chemical Co.*, 865 F.2d 103 (6th Cir. 1989) ……………………………..12-13

*Southern Machine Company v. Mohasco Industries, Inc.*, 401 F.2d 374 (6th Cir., 1968) ……..3-4

*Third Nat'l Bank in Nashville v. WEDGE Group, Inc.*, 882 F.2d 1087 (6th Cir. 1989),
    *cert. denied*, 493 U.S. 1058 (1990) …………………………………………………....3

*The Travelers Indemnity Co. v. Bailey*, No. 08-295, pp. 17-21
    (United States Supreme Court, June 18, 2009) …………………………………………14

*United States v. Frew*, 187 F.Supp. 500 (W.D. Mich. 1960) ……………………………………9

*Wood v. Marshall*, 790 F.2d 548 (6th Cir. 1986) …………………………………………………9

*World-Wide Volkswagon Corp. v. Woodson*, 44 U.S. 286 (1980) …………………………….4

*Yates v. United States*, 354 U.S. 298 (1957) …………………………………………………...9

**STATUTES**

15 U.S.C. §1051 …………………………………………………………………………..8

15 U.S.C. §1057(b) ……………………………………………………………………......8

15 U.S.C. §1114 ………………………………………………………………………..…..1

15 U.S.C. §1115(a) ………………………………………………………………………..8

15 U.S.C. §1125(a) ………………………………………………………………1

15 U.S.C. §1125(c) ……………………………………………………………...1, 11-12

15 U.S.C. §1127 …………………………………………………………………10

17 U.S.C. §501 ………………………………………………………………….1

17 U.S.C. §504 ………………………………………………………………….1

MCL §445.901 et seq. …………………………………………………………..1

**RULES**

Fed. R. Civ. P. 8(a)(2) ………………………………………………………….7

Fed. R. Civ. P. 12(b)(2) ………………………………………………………...1-2

Fed. R. Civ. P. 12(b)(6) ………………………………………………….......1, 6

Fed. R. Evid. 201 ………………………………………………………………9

Fed. R. Evid. 801 ……………………………………………………….........10

Fed. R. Evid. 802 …………………………………………………….........10

## INTRODUCTION

Plaintiff Impulsaria, LLC filed a Complaint naming among others, SLK Distributors, LLC (hereafter "Defendant"), including allegations of trademark infringement, false designation of origin, false description, unfair competition, trade dress infringement, copyright infringement and other ancillary state causes of action in violation of 15 U.S.C. §1114, 15 U.S.C. §1125(a), 15 U.S.C. §1125(c), 17 U.S.C. §501, 17 U.S.C. §504, and MCL §445.901 et seq. (Dkt. No. 84). Defendant has filed a motion to dismiss the complaint for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2), for failure to state a claim under Fed. R. Civ. P. 12(b)(6) and for forum *non-conveniens*. (Dkt. Nos. 240, 241).

The burden of proof Defendant must meet is substantial. Defendant has failed to state facts sufficient to overcome the presumptions strongly favoring Plaintiff. Accordingly, Defendant's motion should be denied.

## ISSUES PRESENTED

Whether Defendant is subject to personal jurisdiction in this forum?

**ANSWER: YES**

Whether Plaintiff has made a facially plausible complaint?

**ANSWER: YES**

Whether Plaintiff abandoned the STIFF NIGHTS trademark?

**ANSWER: NO**

Whether Plaintiff's mark is famous?

**ANSWER: YES**

Whether another forum exists that is more suitable to here this case?

**ANSWER: NO**

I.    **DEFENDANT HAS PURPOSEFULLY AVAILED ITSELF OF THE PRIVILEGE OF CONDUCTING BUSINESS ACTIVITY IN THE STATE OF MICHIGAN, AND IS PROPERLY SUBJECT TO PERSONAL JURISDICTION**

Defendant's motion seeks to dismiss the complaint under Rule 12(b)(2) for lack of personal jurisdiction. (Dkt. Nos. 240, 241).  When the Court rules on a Rule 12(b)(2) motion on the written submissions alone, "it must 'consider the pleadings and affidavits in the light most favorable to the plaintiff.'" *Evans Tempcon, Inc*. v. *Index Industries, Inc*. 778 F.Supp. 371, 374 (W.D. Mich., 1990) (citations omitted).  Plaintiff need only make a prima facie showing that personal jurisdiction exists. *Evans Tempcon, Inc*., 778 F.Supp. at 375 (W.D. Mich., 1990). "If plaintiff meets that burden the motion to dismiss should be denied, 'notwithstanding any controverting presentation by the moving party.'" *Evans Tempcon, Inc.*, 778 F. Supp. at 375 (W.D. Mich., 1990) (citations omitted).

A.    **Personal Jurisdiction standard: Michigan Long Arm Statute and Due Process**

A federal court sitting in diversity may exercise personal jurisdiction over an out-of-state defendant to the extent that a court of the forum state could do so. *Kerry Steel, Inc. v. Paragon Industries, Inc*., 106 F.3d 147, 149 (6th Cir. 1997) (citing *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1262 (6th Cir. 1996).  To be subject to personal jurisdiction, the defendant must be amenable to suit under the forum state's long-arm statute and the due process requirements of the Constitution must be met. *Kerry Steel, Inc*., 106 F.3d at 149-50 (6th Cir. 1996) (citing *CompuServe, Inc*., 89 F.3d at 1262 (6th Cir. 1996) (quotation omitted)). Michigan's long-arm statute has been construed as conferring the state courts the maximum scope of personal jurisdiction consistent with due process. *Amway Corp. v. Kope Food Products, Inc.*, 840 F.Supp. 78, 80, 30 USPQ 2d 1380 (W.D. Mich., 1993) (citing *Michigan Coalition v. Griepentrog*, 954 F.2d 1174, 1176 (6th Cir. 1992).  Due process requires "that the maintenance of the suit does not

2

offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). Thus determining whether Michigan's statutory standard and due process are satisfied is a task which essentially collapses into one analysis. See *Amway Corp.*, 840 F.Supp. at 80-81 (W.D. Mich., 1993) (citing *Southern Machine Company v. Mohasco Industries, Inc*., 401 F.2d 374, 382 (6th Cir., 1968)).

**B.     SLK Distributors, LLC is subject to specific personal jurisdiction in this forum**

There are two types of personal jurisdiction.  First, General jurisdiction, "which depends on a showing that the defendant has continuous and systematic contacts with the forum state sufficient to justify the state's exercise of judicial power with respect to any and all claims the plaintiff may have against the defendant." *Kerry Steel, Inc*., 106 F.3d at 149 (6th Cir. 1997) (citing *Helicopteros Nacionales de Colombia S.A., v. Hall*, 466 U.S. 408, 414-15 (1984), *Third Nat'l Bank in Nashville v. WEDGE Group, Inc.*, 882 F.2d 1087, 1089 (6th Cir. 1989), *cert. denied*, 493 U.S. 1058 (1990)).  The second type is Specific jurisdiction, "which exposes the defendant to suit in the forum state only on claims that 'arise out of or relate to' a defendant's contacts with the forum." *Kerry Steel, Inc*., 106 F.3d at 149 (6th Cir. 1997) (citing *Helicopteros Nacionales de Colombia S.A., v. Hall*, 466 U.S. 408, 414-15 (1984), *Third Nat'l Bank in Nashville v. WEDGE Group, Inc.*, 882 F.2d 1087, 1089 (6th Cir. 1989), *cert. denied*, 493 U.S. 1058 (1990)). To determine whether a defendant is properly subject to personal jurisdiction, a court will apply the following test:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial

> enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*Amway Corp.*, 840 F.Supp. at 80-81 (W.D. Mich., 1993) (citing and quoting *Mohasco Industries, Inc.*, 401 F.2d at 382 (6th Cir., 1968)).  Essential to a finding of personal jurisdiction is purposeful availment by the defendant. *Kerry Steel, Inc.*, 106 F.3d at 150 (6th Cir. 1997) (citing *Mohasco Industries, Inc.*, 401 F.2d at 381-82 (6th Cir. 1968)).  A defendant purposefully avails itself of the privilege of conducting activities within the forum state when it invokes the benefits and protections of its laws. *Kerry Steel, Inc.*, 106 F.3d at 150 (6th Cir. 1997) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1958)).  Purposeful availment "ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts." *Kerry Steel, Inc.*, 106 F.3d at 151 (6th Cir. 1997) (quoting *Burger King*, 471 U.S. at 475 (1958)).

In cases related to the transfer of goods, a defendant's placing of goods into the stream of commerce "with the expectation that they will be purchased by consumers within the forum State" is indicative of purposeful availment. See *J. McIntyre Mach., Ltd. v. Nicastro*, No. 09-1343, pg. 11 (United States Supreme Court, June 27, 2011) (quoting *World-Wide Volkswagon Corp.*, 444 U.S. at 298 (1980)).  The principal inquiry is whether the defendant's activities manifest an intention to submit to the power of a sovereign, and "a defendant may do so by sending its goods rather than its agents." *J. McIntyre Mach., Ltd.*, No. 09-1343 at pg. 11 (United States Supreme Court, June 27, 2011).

Defendant has purposefully availed itself of the privilege of conducting business in the State of Michigan by placing counterfeit product into the stream of commerce that was ultimately sold in Michigan.  Although Defendant claims it has no physical presence in

4

Michigan, the Court has never required a physical presence in a forum to be properly subject to personal jurisdiction. *See World-Wide Volskwagon Corp*., 444 U.S. at 292, 94-96 (1980). Defendant is a nation-wide distributor of products, including the counterfeit products that are the subject of this case. (Exhibit A)[1].  Moreover, the counterfeit product can be traced from Defendant directly to businesses located in Michigan. (Exhibit B)[2].  Given the scale of Defendant's distribution across the United States, and to companies doing business in Michigan, Defendant either knew or should have known that it was foreseeable to be subject to Michigan laws.

The counterfeit product Defendant has been alleged to have systematically sold nationally rises to a level of contacts with the State of Michigan that is much greater than being merely "random, fortuitous, or attenuated" contacts. *See Kerry Steel, Inc*., 106 F.3d at 151 (6th Cir. 1997) (quoting *Burger King*, 471 U.S. at 475 (1958)).  The fact that counterfeit product ended up in Michigan was not a result of randomness or consumers' whims. To the contrary, Defendant sold counterfeit product nationally, through a wide distribution chain, aware buyers also sold to retailers located in Michigan. (*See* Exhibits A and B).  Defendant had notice that it could be subject to suit in this forum, and it could have reduced the risk of litigation by limiting who it distributed to or directly supplying retailers in specific jurisdictions.

This case arises directly from the counterfeit product Defendant supplied through its wide chain of distribution into the State of Michigan.  Jurisdiction over Defendant is more than reasonable given the scale of Defendant's distribution of counterfeit product, and because

---

[1] The invoices attached as "Exhibit A" represents only a fraction of the total number of invoices Plaintiff is aware of that indicate SLK Distributors is and was a nation-wide distributor, targeting multiple jurisdictions, including the State of Michigan.
[2] SLK Distributors sold counterfeit STIFF NIGHTS product to Premiere Sales Group, who in turn sold that product to Cin-Lan Inc. and Mine Boutique, both Michigan companies.

Defendant placed into the stream of commerce counterfeit product that was purchased by Michigan companies. (Exhibits A and B).

Accordingly, Defendant's motion to dismiss for lack of personal jurisdiction should be denied.

## II.    PLAINTIFF'S COMPLAINT IS WELL-PLED AND BASED ON FACT AND LAW

Plaintiff's complaint alleges Defendant violated Plaintiff's federally registered trademark by manufacturing, distributing, purchasing, or selling counterfeit product in violation of numerous federal and state trademark laws.  Defendant asks the Court to dismiss the complaint under Fed. R. Civ. P. 12(b)(6). (Dkt. Nos. 240, 241).

In a motion to dismiss for failure to state a claim, "[t]he reviewing court must construe the complaint in a light most favorable to plaintiffs, accept all well-pled factual allegations as true, and determine whether plaintiffs undoubtedly can prove no set of facts in support of those allegations that would entitle them to relief." *Bishop v. Lucent Technologies*, *Inc.*, 520 F.3d 516, 519 (6th Cir., 2008) (citing *Harbin-Bey v. Rutter*, 420 F.3d 571, 575 (6th Cir.2005)).  "All reasonable factual inferences are to be drawn in favor of the non-moving party." *Maiberger v. City of Livonia*, 724 F.Supp.2d 759, 782 (E.D. Mich. 2010) (citing *Dubay v. Wells*, 506 F.3d 422, 427 (6th Cir. 2007)).  Plaintiff need only state allegations sufficient to give Defendant notice of the grounds for the allegations.  Plaintiff has made a well-pled complaint and as the non-moving party, is entitled to have all factual inferences construed in a light most favorable to it.

### A.    Standard of Review for Rule 12(b)(6) motions

The Sixth Circuit has established a two-tier test to determine whether a complaint should be dismissed under Fed. R. Civ. P. 12(b)(6). *Pfeil v. State St. Bank and Trust Co*., No. 10-2302 (6th Cir., Feb. 22, 2012) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, (2007) and

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).  The Plaintiff's complaint "must 'contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Pfiel*, No. 10-2302, at 5, (6th Cir., Feb. 22, 2012) (quoting *Iqbal,* 129 S.Ct. at 1949 (2009)).  "A claim is facially plausible if the 'plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Pfeil*, No. 10-2302 at 5, (Feb. 22, 2012, 6th Cir.) (quoting *Iqbal*, 129 S.Ct. at 1949 (2009) (citation omitted)).  This standard is not to be construed to undermine "the Federal Rules' presumption of notice pleading, which only demands that the Plaintiff make a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Maiberger*, 724 F.Supp.2d at 782 (E.D. Mich. 2010) (quoting Fed. R. Civ. P. 8(a)(2)).

### B.    Plaintiff's complaint asserts facially plausible claims

Plaintiff's complaint alleges trademark infringement, trade dress infringement, copyright infringement and other ancillary claims. (Dkt. No. 84).  Plaintiff need only allege that it is the lawful owner of rights and that Defendant is violating those rights and illegally profiting from the illegal activity.

The complaint states that Plaintiff has been the only authorized source of the dietary supplement sold under the STIFF NIGHTS brand name and distinctive trade dress and that all requirements surrounding the validity of the registration have been satisfied. (Dkt. Nos. 3, 84).  The complaint clearly alleges Defendant's activities violated those rights.

The presumptions are overwhelmingly in favor of Plaintiff.  Plaintiff is the lawful and rightful owner of the STIFF NIGHTS trademark and associated trade dress.  Defendant has failed to present clear and convincing evidence to the contrary.  Accordingly, Defendant's motion to dismiss for failure to state a claim should be denied.

### C. Plaintiff's trademark registration is prima facie evidence of validity, ownership, and exclusive right to use

The registration of a trademark with the USPTO is prima facie proof as to the validity of the registered mark, of the registrant's ownership of the mark and of the registrant's exclusive right to use the mark. 15 U.S.C. §1057(b); 15 U.S.C. §1115(a); see *J.C. Hall Co. v. Hallmark Cards Inc.*, 340 F.2d 960, 144 U.S.P.Q. 435 (C.C.P.A. 1965) ("registration on the Principal register is prima facie proof of continual use of the mark, dating back to the filing date of the application for registration"). In addition, a federal registration resulting from a use-based application is prima facie evidence that the mark has been used in interstate commerce prior to registration. *Lil Red Barn, Inc. v. Red Barn System, Inc.*, 322 F.Supp. 98, 167 U.S.P.Q. 741 (N.D. Ind. 1970) *aff'd* per curiam, 174 U.S.P.Q. 193 (7th Cir. 1972).

Plaintiff's Federal Registration is prima facie proof of validity, which supports Plaintiff's claims against Defendant. Defendant has violated Plaintiff's rights by manufacturing, distributing, selling, purchasing, or profiting from the illicit use of Plaintiff's trademark. Accordingly, Defendant's motion to dismiss should be denied.

### D. Plaintiff's use of the STIFF NIGHTS trademark in commerce is presumed valid

The granting of a trademark registration by the USPTO is presumed to be for a lawful "use in commerce." 15 U.S.C. §1051; *Creagri, Inc. v. Usana Health Sciences, Inc.*, 474 F.3d 626 (9th Cir. 2007). In order to challenge the lawful use, Defendants must show by clear and convincing evidence that the use by Plaintiff was unlawful. Defendants attempt to support their claim with allegations made in a sealed federal indictment of a Kelly Dean Harvey (hereafter "Indictment"). (Dkt. No. 119-3, 222, 222-3).

The accusations set forth in the Indictment cannot be accepted as fact. Fed. R. Evid. 201. The allegations contained therein are not considered testimony and they have not been tested by a court of law. Furthermore, the Indictment has not resulted in any charges against the Plaintiff or its officers. (Dkt. Nos. 119-3, 222-3).

It is a well-known tenet of law that every person accused of an offense is presumed innocent until proven guilty beyond a reasonable doubt. *Wood v. Marshall*, 790 F.2d 548 (6th Cir. 1986). Plaintiff has not been charged with any crime and although the Indictment identifies an officer of Plaintiff's company, Plaintiff is presumed innocent.

Defendant argues that the claims in the Indictment should be accepted as the facts in this case. (Dkt. No. 241). To establish facts from the Indictment as being applicable in this lawsuit, the requirements of collateral estoppel must be proven. *United States v. Frew*, 187 F.Supp. 500 (W.D. Mich. 1960), *Microsoft Corp. v. Compusource Distributors, Inc.* 115 F. Supp. 2d 800 (E.D. Mich. 2000), *Yates v. United States*, 354 U.S. 298 (1957). The doctrine of collateral estoppel "makes conclusive in subsequent proceedings only determinations of fact and mixed fact and law, that were essential to the decision." *Yates*, 354 U.S. at 336, (1957) (citing *Commissioner of Internal Revenue v. Sunnen*, 333 U.S. 591, 601 (1948)). The Sixth Circuit requires proof of five elements for the doctrine to apply:

> (1) the issue in the subsequent litigation is identical to that resolved in the earlier litigation, (2) the issue was actually litigated and decided in the prior action, (3) the resolution of the issue was necessary and essential to a judgment on the merits in the prior litigation, (4) the party to be estopped was a party to the prior litigation (or in privity with such a party), and (5) the party to be estopped had a full and fair opportunity to litigate the issue.

*Compusource Distirb. Inc*., 115 F. Supp.2d at 810-11 (E.D. Mich. 2000) (citing *Hammer v. I.N.S*., 195 F.3d 836, 840 (6th Cir. 1999), cert. denied 120 S.Ct. 1247 (2000)).

Defendant has failed to establish all five elements of collateral estoppel.  The issues set forth in the Indictment are not identical to the issues in this case, the allegations in the Indictment have not been actually litigated or decided, Plaintiff is not a party to the Indictment, and Plaintiff has not had a full or fair opportunity to litigate the issues raised by the allegations of the Indictment. Furthermore, the Indictment itself is hearsay and would be inadmissible in this case. Fed. R. Evid. 801, 802.

Accordingly, Defendant has failed to present any grounds for establishing the Indictment's factual claims as the facts of this case, and the motion to dismiss should be denied.

## III.    PLAINTIFF HAS NOT ABANDONED THE STIFF NIGHTS MARK

The history, Plaintiff's rights and presumptions of the STIFF NIGHTS mark is well documented. (*Supra*, sections II.B. – II.D.).  Defendant now asserts that Plaintiff has abandoned those rights to the trademark.

However, Defendant has failed to establish any of the necessary requirements to prove abandonment under the Lanham Act, which states that for a trademark to be deemed abandoned, either of the following must occur:

> (1) When its use has been discontinued with intent not to resume such use. Intent not to resume may be inferred from circumstances. Nonuse for 3 consecutive years shall be prima facie evidence of abandonment. "Use" of a mark means the bona fide use of such mark made in the ordinary course of trade, and not made merely to reserve a right in a mark.

> (2) When any course of conduct of the owner, including acts of omission as well as commission, causes the mark to become the generic name for the goods or services on or in connection with which it is used or otherwise to lose its significance as a mark. Purchaser motivation shall not be a test for determining abandonment under this paragraph.

15 U.S.C. §1127

Plaintiff has never expressed an intent to abandon the STIFF NIGHTS mark. But for the period of time between June 2010 and mid-2011, Plaintiff continuously marketed and sold in interstate commerce the STIFF NIGHTS product. (Dkt. No. 84). The temporary period of non-use was in response to concerns raised by the FDA. (Dkt. No. 84, ¶ 121). During that time, Plaintiff took multiple steps that demonstrate its intent to keep its trademark. Plaintiff maintained an active website for the STIFF NIGHTS product. Plaintiff issued cease and desist letters to suspected distributors and sellers of unauthorized counterfeit STIFF NIGHTS product.[3] Plaintiff took steps to ensure its formulation complied with FDA requirements. (Exhibit C). Plaintiff also brought this litigation to stop the proliferation of the counterfeit product. Last, but not least, Plaintiff took steps to reintroduce the STIFF NIGHTS product back into the market place.

Defendant has clearly failed to prove Plaintiff abandoned the STIFF NIGHTS mark and this count of the motion to dismiss should be denied.

## IV.   PLAINTIFF'S FEDERALLY REGISTERED STIFF NIGHTS TRADEMARK   IS FAMOUS

Plaintiff claims that Defendant is liable for Federal Trademark Dilution under 15 U.S.C. §1125(c). (Dkt. No. 84). This claim requires that the trademark in question be "famous." 15 U.S.C. §1125(c)(1),(2). In determining whether a mark is famous, a court may consider factors such as, but is not limited to:

(A) the degree of inherent or acquired distinctiveness of the mark;
(B) the duration and extent of use of the mark in connection with the goods or services with which the mark is used;
(C) the duration and extent of advertising and publicity of the mark;
(D) the geographical extent of the trading area in which the mark is used;
(E) the channels of trade for the goods or services with which the mark is used;
(F) the degree of recognition of the mark in the trading areas and channels of

---

[3] The unauthorized counterfeit product is believed to be the source of the tainted product that resulted in the FDA investigation.

trade used by the marks' owner and the person against whom the injunction is
sought;
(G) the nature and extent of use of the same or similar marks by third parties; and
(H) whether the mark was registered under the Act of March 3, 1881, or the Act
of February 20, 1905, or on the principal register.

15 U.S.C. §1125(c)(1).

Plaintiff's STIFF NIGHTS mark is famous under these factors.  Plaintiff has used the
STIFF NIGHTS mark in commerce for over five years. (Dkt. No. 84).  Plaintiff has applied for
and received federal registration for that mark, which creates a presumption of trademark
validity, ownership and exclusive right to use. (*Id*.).  Plaintiff has marketed and sold the STIFF
NIGHTS product nationwide and has expended great sums promoting the trademark across the
country. (*Id*.).  Moreover, between 2007 and 2010, Plaintiff sold an estimated 2,127,315
packages of the STIFF NIGHTS product that at the time, accounted for a substantial share of the
market for male herbal sexual stimulants. (*Id*.).

Defendant has failed to present facts sufficient to support its allegation that the STIFF
NIGHTS mark is not famous.  Accordingly, Defendant's motion to dismiss should be denied.

## V.    THIS COURT IS THE PROPER FORUM TO HEAR THIS CASE

Under the doctrine of forum *non conveniens*, a court may dismiss a complaint upon a
showing of "oppressiveness and vexation to a defendant as to be out of all proportion to
plaintiff's convenience, which may be shown to be slight or nonexistent.'" *Duha v. Agrium, Inc*.,
448 F.3d 867, 874 (6th Cir. 2006) (quoting *Koster v. American Lumbermens Mutual Casualty
Co*., 330 U.S. 518, 524 (1947)). There is a strong presumption favoring Plaintiff's choice of
forum, and it is generally left undisturbed unless there is a showing of severe hardship on the
Court or Defendant. *Stewart v. Dow Chemical Co*., 865 F.2d 103, 106 (6th Cir. 1989) (citing
*Piper Aircraft Co., v. Reyno*, 454 U.S. 235 at 249 (1981)).

When reviewing a forum *non conveniens* motion, the Sixth Circuit has established the following analysis:

> [T]he defendant seeking a forum non conveniens dismissal must identify an alternative forum. Once the existence of such a forum is established the trial court must consider the private interests of the litigants and factors of public interest in determining relative convenience of the forum chosen by the plaintiff as opposed to the available alternative forum. Among the important private interest considerations are "the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of unwilling, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive . . . But unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed."

*Stewart*, 865 F.2d at 106 (6th Cir. 1989) (citing *Dowling v. Richardson-Merrell, Inc.*, 727 F.2d 608, 612 (6th Cir. 1984) (citing and quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508-09 (1947)).  No one factor is determinative and dismissal is only appropriate when the plaintiff's chosen forum imposes a heavy burden on the defendant or court, and where the plaintiff is unable to offer any specific reasons of convenience supporting its choice. *Stewart*, 865 F.2d at 106 (6th Cir. 1989) (citing *Piper Aircraft Co., v. Reyno*, 454 U.S. 235 at 249 (1981)).

Plaintiff's decision to bring the suit in this Court was based on multiple specific reasons of convenience, evidence availability, witness availability, and location of harm:

> (1) Plaintiff's office of business and employees are located in Michigan; (2) evidence of authentic STIFF NIGHTS product is located in Michigan; (3) evidence of unauthorized counterfeit STIFF NIGHTS product is located in Michigan; (4) a substantial number of defendants reside in Michigan (5) a substantial number of Plaintiff's witnesses reside in Michigan; (6) a substantial amount of Plaintiff's evidence is located in Michigan; and (7) all named defendants had advertised, marketed, sold, or placed unauthorized counterfeit product into commerce in Michigan.

(Dkt. No. 84).

The resulting harms of trademark infringement, copyright infringement, trade dress infringement, unfair competition, and dilution all occurred in this Court's jurisdiction. All

defendants are properly subject to personal jurisdiction in this forum because of their harms to Plaintiff and contacts with the State of Michigan.

Additionally, both public and private interests are better served by having this case adjudicated in a single forum. Michigan residents have a great interest in adjudicating claims of harm that occurred in Michigan, in a court located in Michigan. Plaintiff's principal business office is located in Michigan, and all businesses have a strong interest in adjudicating claims of harm where there principal office is located. Resources and time of the courts, Plaintiff and defendants are all best served by adjudicating this case in this Court. If Plaintiff were required to bring a separate lawsuit in Georgia, because of the interconnectedness of the claims, defendants and counterfeiting, all parties involved would incur a much greater expense and suffer a severe reduction of judicial economy. One full and complete adjudication of the claims between the parties in a single court would be the least expensive and most efficient resolution to the suit.

In addition, trying separate cases that involve the same parties and nucleus of facts in different courts creates the risk of multiple inconsistent judgments. Such inconsistent judgments are generally avoided when possible as they unjustly expose the parties to collateral attacks. *See Pratt v. Ventas, Inc*., 365 F.3d 514, 519-22 (6th Cir. 2004); see also *The Travelers Indemnity Co. v. Bailey*, No. 08-295, pp. 17-21 (U.S. June 18, 2009), 129 S.Ct. 2195 (2009).

Defendant claims that an alternative forum exists in Georgia. Although it would be more convenient for Defendant if the case were brought in Georgia, that forum is most likely unavailable, as it is improbable that a District Court of Georgia would have jurisdiction over all defendants. Because the public, the Court and all parties involved greatly benefit from settling the claims in one case, this Court is by far the best forum. Furthermore, an unjust burden would be placed on Plaintiff if it were required to prosecute a second suit in Georgia that arises from

one general set of facts and connected defendants; especially in light of the deference Plaintiff's choice of forum is afforded.

Accordingly, Defendant's motion for dismissal for forum *non conveniens* should be denied.

## VI.    CONCLUSION

Plaintiff has made a well-plead complaint based on fact and law. Plaintiff lawfully owns the federally registered STIFF NIGHTS trademark and its associated trade dress. Defendant has not rebutted Plaintiff's evidence that Defendant unlawfully manufactured, distributed, purchased or sold unauthorized counterfeit STIFF NIGHTS product, and will be shown to be liable to Plaintiff for violations of federal and state trademark law. This Court is best situated to adjudicate this case and no alternative forum exists. Accordingly, Plaintiff respectfully submits that Defendant's motion be denied.

Date:   June 6, 2012                                    Respectfully submitted,

                                    By:     /s/ Barry C. Kane
                                            Barry C. Kane
                                            Kane & Co., PLC
                                            29 Pearl St. N.W.
                                            410 Federal Square Building
                                            Grand Rapids, MI 49503
                                            (616) 726-5905