UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IMPULSARIA, LLC, a Nevada
Limited Liability Company,

        Plaintiff,

v.

        Case No.: 1:11-CV-1220

        HON. ROBERT HOLMES BELL

UNITED DISTRIBUTION GROUP, LLC,
dba United Wholesale Grocery, et al.,

        Defendants.
_____/

**O P I N I O N**

This matter comes before the Court on Defendant Willy Alejo's motion to dismiss Plaintiff Impulsaria LLC's complaint against him for lack of personal jurisdiction. (Dkt. No. 143.) For the reasons that follow, the motion will be granted.

Defendant Alejo contends that Plaintiff's sole basis for asserting personal jurisdiction over him is an allegation that he is "the owner and proprietor of an online Internet company doing business in this judicial district under the domain name www.levellenatural.com and located at 416 Undercliff Avenue, Apartment 2, Edgewater, New Jersey 07020." (Dkt. No. 57, 2nd Am. Compl. ¶ 40.) Defendant contends that the complaint is devoid of any allegation that he has contacts with Michigan, and that the allegation that he maintains an online business is insufficient to establish personal jurisdiction over him. Defendant has produced evidence that he is a resident of the state of New Jersey, that he does not own

property in Michigan, and that he has never traveled to or been in the State of Michigan. (Dkt. No. 144, Attach. 1, Alejo Aff. ¶¶ 1, 4, 6.) He has also produced evidence that the website www.levellenatural.com is operated by WNAX LLC, a New Jersey limited liability company that has never maintained business operations in Michigan, has never been authorized to transact business in Michigan, has never maintained offices or sales persons in Michigan, has never advertised in Michigan, and has never been required to pay taxes to Michigan. (*Id*. at ¶¶ 2, 3, 8-13.)

Where, as here, the Court decides a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction without conducting an evidentiary hearing, the plaintiff bears the burden of making a prima facie showing that the court has personal jurisdiction over the defendant. *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 887 (6th Cir. 2002). To meet this burden, the plaintiff must establish "with reasonable particularity" sufficient contacts between Defendant and the forum state to support jurisdiction. *Id*.; *see also See, Inc. v. Imago Eyewear Pty, Ltd.*, 167 F. App'x 518, 520-21 (6th Cir. 2006) ("[I]n the face of a properly supported motion for dismissal, the plaintiff may not stand on his pleadings but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction."). In evaluating the plaintiff's response to the motion to dismiss, the Court construes the facts in the light most favorable to the plaintiff and disregards contradictory evidence proffered by the defendant. *Neogen*, 282 F.3d at 887.

Personal jurisdiction over a defendant exists "if the defendant is amenable to service

of process under the forum state's long-arm statute and if the exercise of personal jurisdiction would not deny the defendant due process." *Bird v. Parsons*, 289 F.3d 865, 871 (6th Cir. 2002) (quoting *Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 954 F.2d 1174, 1176 (6th Cir. 1992)). The due process "minimum contacts" inquiry is satisfied if the defendant meets the following criteria:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*Miller v. AXA Winterthur Ins. Co.*, — F.3d —, 2012 WL 4009693 at *3 (6th Cir. Sept. 13, 2012) (quoting *S. Machine Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir.1968)).

The Sixth Circuit has approved the use of a "sliding scale" of interactivity to identify whether operation of a website constitutes purposeful availment. *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 890 (6th Cir. 2002) (citing *Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119, 1124 (W.D. Pa.1997)). "A defendant purposefully avails itself of the privilege of acting in a state through its website if the website is interactive to a degree that reveals specifically intended interaction with residents of the state." *Id.*

In response to Defendant's motion to dismiss, Plaintiff has asserted that Defendant has targeted Michigan residents through his website, and that he has caused the sale of the counterfeit Stiff Nights product in Michigan, and that he has caused the counterfeit Stiff Nights product to be shipped into the state of Michigan. (Dkt. No. 168, Pl. Br. 1, 4.) In

support of this assertion, Plaintiff cites to its third amended complaint, and to Exhibits 1 and 4 attached to its brief. The only specific allegation regarding Alejo in Plaintiff's third amended complaint (as in the Second Amended Complaint) is Alejo's ownership of the levellenatural.com website. (Dkt. No. 84, 3rd Am. Compl. ¶ 42.)[1] Plaintiff's Exhibit 1 is evidence that Defendant Alejo registered the website. Exhibit 4 is a screen-capture shot of the website offering the Stiff Nights product for sale. Neither the third amended complaint nor these exhibits support Plaintiff's argument that Alejo or his website targeted Michigan, made sales to Michigan, or caused shipments to be made to Michigan. Viewing the pleadings and evidence in the light most favorable to Plaintiff, Plaintiff has shown, at best, that Defendant Alejo owns a commercial website that was accessible by Michigan residents.

---

[1] Plaintiff's Third Amended Complaint contains additional allegations that apply to all fifty-plus named defendants:

> 99. This Court has personal jurisdiction over the Defendants because they are formed under the laws of the State of Michigan, maintain a principal place of business within this judicial district, or conduct business within this judicial district.

(Dkt. No. 84.)

> 125. Upon information and belief, the Defendants are manufacturers, importers, wholesalers, distributors of general merchandise and/or cash and carry stores selling, offering for sale, and active internet sites selling and/or distributing products within the state of Michigan.

(Dkt. No. 84.) These generic allegations, which lack evidentiary support, do not satisfy Plaintiff's burden of setting forth specific facts to establish Defendant's contacts with reasonable particularity. *See Neogen*, 282 F.3d at 887; *See, Inc.*, 167 F. App'x at 521.

"The maintenance of [a] website, in and of itself, does not constitute the purposeful availment of the privilege of acting in [the forum state]." *Neogen Corp.*, 282 F.3d at 890. "The level of contact with a state that occurs simply from the fact of a website's availability on the Internet is therefore an 'attenuated' contact that falls short of purposeful availment." *Id.  See also Bird*, 289 F.3d at 874 ("[T]he fact that [the defendant] maintains a website that is accessible to anyone over the Internet is insufficient to justify general jurisdiction."); *See, Inc.*, 167 F. App'x at 523 ("[A] website that permits users to contact the company through an on-line form are simply insufficient contacts with the United States to satisfy due process.").

The district courts in this Circuit have routinely held that the mere maintenance of an interactive, commercial website, accessible from anywhere, without more, cannot constitute purposeful availment.  *See*, *e.g.*, *Capital Confirmation, Inc. v. Auditconfirmations, LLC*, No. 3:09-0412, 2009 WL 2823613, at *10 (M.D. Tenn. Aug. 28, 2009) (holding that maintenance of an interactive commercial website with a few "attenuated" and "random" contacts with the state, but no legitimate effort to direct its conduct toward the state, was insufficient to establish the purposeful availment required to make out a prima facie case of personal jurisdiction); *Flagstar Bank, F.S.B. v. Freestar Bank, N.A.*, No. 08-10357, 2008 WL 4539389, at *3 (E.D. Mich. Oct. 7, 2008) ("[T]he creation and the maintenance of an interactive website cannot – without more – serve as a sufficient basis upon which to subject a defendant to personal jurisdiction."); *Roberts v. Paulin*, No. 07-CV-13207, 2007 WL

5

3203969, at *3 (E.D. Mich. Oct. 31, 2007) (holding that where there was no evidence that the defendant directed activity toward or otherwise had sufficient contacts with Michigan, the defendant's operation of a commercially interactive website accessible in Michigan was not sufficient to support personal jurisdiction); *Pride Distribs., Inc. v. Nuzzolo*, No. 05-CV-7441-DT, 2007 WL 1098286, *4-5 (E.D. Mich. April 10, 2007) (holding that operation of website was not purposeful availment because the plaintiff did not show that the defendant entered into contracts with residents of Michigan that involved the knowing and repeated transmission of orders over the Internet); *Digital Filing Sys. v. Frontier Consulting, Inc.*, No. 05-74753, 2006 WL 1663281, at *4 (E.D. Mich. June 13, 2006) (holding that although the website offered items for sale, "the fact that [the defendant] has never sold a product or service in Michigan or to a Michigan resident or entity [dictates that the defendant's] contact with Michigan was so limited that it should not 'reasonably anticipate being haled into court' here").

Where courts have exercised personal jurisdiction on the basis of an interactive commercial website, they have specifically noted the existence of something more the mere accessibility of the website by residents of the forum state to demonstrate that the defendant directed its activity towards the forum state. *See*, *e.g.*, *Sony/ATV Music Publ'g LLC v. CA VS USA, Inc.*, No. 3:08-0265, 2009 WL 2177110, at *5 (M.D. Tenn. July 21, 2009) (concluding that the maintenance of a website, coupled with the defendant's contracts with a Tennessee resident and its marketing through distributors who sell to Tennessee residents

showed a purposeful availment of the laws and protections of the forum); *Word Music v. Priddis Music*, No. 3:07-0502, 2007 WL 3231835, at *7 (M.D. Tenn. Oct. 30, 2007) (finding purposeful availment based on the interactivity and accessibility of the website, and the fact that at least one forum state resident purchased and received the product from the website and was then further solicited by the defendant to order more product).

Plaintiff has shown nothing more than that Defendant offers Stiff Nights for sale on a website that is accessible by Michigan residents. Plaintiff has not shown that Defendant targeted Michigan residents, that Defendant has done business with Michigan residents, or that Defendant has shipped a single product into Michigan. Plaintiff has not met its burden of establishing the purposeful availment required to make out a prima facie case of personal jurisdiction over Defendant Alejo.[2]

For the reasons stated, Defendant Alejo's motion to dismiss for lack of personal jurisdiction will be granted.

An order consistent with this opinion will be entered.

Dated: September 20, 2012        /s/ Robert Holmes Bell
                                 ROBERT HOLMES BELL
                                 UNITED STATES DISTRICT JUDGE

---

[2] In light of this determination, the parties' arguments as to whether Alejo or WNAX LLC is the proper party is moot. Whether the website is owned Defendant Alejo as an individual, or whether the Court can pierce the veil of the limited liability company and hold Alejo liable for the limited liability company's actions is of no practical significance because the Court does not have personal jurisdiction over Defendant Alejo under either scenario.